**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| **DORIS ANN SCOTT** and **ORIEL MOORE**, | |
| **Plaintiffs**, | Case No. |
| **v.** | |
| **ANNE PRECYTHE**, in her official and individual capacity as DIRECTOR of the MISSOURI DEPARTMENT OF CORRECTIONS; **DORIS FALKENRATH**, in her official and individual capacity as WARDEN of the JEFFERSON CITY CORRECTIONAL CENTER; **JUSTIN M. LEGGINS**; **JACOB A. CASE**; **AARON C. BROWN**; **GREGORY H. VARNER**, and **BRYANNE M. BRADSHAW**, | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## COMPLAINT

Plaintiffs, DORIS ANN SCOTT and ORIEL MOORE, by and through their attorneys, Disparti Law, LLC, Action Injury Law Group, LLC, Hart McLaughlin & Eldridge, LLC, and Embry Law, LLC, complain as follows against Defendants, ANNE PRECYTHE, in her official and individual capacity as DIRECTOR of the MISSOURI DEPARTMENT OF CORRECTIONS ("MODOC"), DORIS FALKENRATH, in her official and individual capacity as WARDEN for the JEFFERSON CITY CORRECTIONAL CENTER ("JCCC"), and Missouri Department of Corrections officers JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H. VARNER and BRYANNE M. BRADSHAW:

## PRELIMINARY STATEMENT

1.      OTHEL MOORE, JR., the Black man depicted below, is dead due to the egregious actions, inexcusable neglect and depraved behavior of several officers at the Missouri Department of Corrections. The United States Constitution is a sacred document. The Constitution establishes the

1

principles our great country was founded upon and for which all citizens are obligated to abide and honor. Among these rights are that all people are created equal. The Constitution is unambiguous that all people should be free from cruel and unusual punishment. These tenets are particularly true for those that take an oath to protect and defend these civil liberties. Our society relies on and operates under the clear expectations that those in authority must protect all others under their care and custody from violation of these rights. Yet, the named defendants in this tragic and avoidable case did the opposite. Defendants, themselves, trampled on the rights and privileges of our Constitution, betrayed those principals and betrayed the common decency and sanctity of human life. OTHEL MOORE, JR. was brutally killed at the hands of those that were vested with the obligation to protect him. The defendants collectively, and individually, saw to it that OTHEL MOORE, JR. suffered in the worst way possible before causing his death. The events were recorded on video and witnessed by many. The devastating story of OTHEL MOORE JR.'s murder and the needless suffering of the last minutes of his life is detailed below. As a result of their gross misconduct, four officers are now facing charges for second-degree assault and felony murder, with another officer charged with second-degree involuntary manslaughter. This is a civil rights action to obtain justice for the unwarranted, tragic and premature death of OTHEL MOORE, JR.



2.      On December 8, 2023, Defendants JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H. VARNER and BRYANNE M. BRADSHAW brazenly carried out a brutal, violent attack on MODOC inmate OTHEL MOORE, JR., in plain view many countless eyewitnesses and surveillance cameras, and then, with a depraved and deliberate indifference to his humanity, ignored his struggle to breathe, and left him to die. The Defendants were so secure in their savage attack, and the lack of oversight, that they cared not that they left behind video and eyewitness accounting in the extreme. Worse yet, it was done seemingly to be an example for others to heed.

3.      This attack on OTHEL MOORE, JR. was not an isolated occurrence, but rather the manifestation of a barbarous pattern and practice, fostered by the highest-ranking members of the Missouri Department of Corrections. Orchestrated and ratified by ANNE PRECYTHE, in her official capacity as DIRECTOR for the MODOC, and DORIS FALKENRATH, in her official capacity as WARDEN for JCCC, this conduct reflects an institutionalized strategy of intimidation and brutality.

4. At the time of attack, JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H. VARNER and BRYANNE M. BRADSHAW were members of a MODOC tactical squad known as the Corrections Emergency Response Team ("CERT"). CERT members are trained in "tactical resources" to respond to and resolve disturbances and emergency situations within MODOC facilities. Within MODOC, however, CERT functions not just as a team responding to emergencies but also as a group that uses coercive measures to brutalize, intimidate and threaten inmates. As members of CERT, JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H. VARNER and BRYANNE M. BRADSHAW are accused of grossly misusing and abusing their authority to intimidate, control and brutalize Missouri inmates, with insufficient accountability for their actions.

5. OTHEL MOORE, JR., a healthy, 38-year-old, black man, was entitled to a chance at rehabilitation and future beyond his term at JCCC. Instead, he received a death sentence in the most cruel and unusual manner due to the egregious, inhumane actions of JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H. VARNER and BRYANNE M. BRADSHAW (collectively, "CERT DEFENDANTS"). The CERT DEFENDANTS subjected OTHEL MOORE, JR. to a relentless onslaught of severe and excessive force. This included multiple instances of OC spray, the deployment of shock gloves, the imposition of excessively constrictive prone restraints, and the application of both a spit hood, helmet and leg wrap. Subsequently, he was forcibly seated in a restraint chair and isolated in a confining space known as the "cage." In this dire state, Moore was ignored for an extended half-hour period, during which time he desperately informed the CERT DEFENDANTS of his inability to breathe. Unprovoked and unwarranted, the assault by the CERT DEFENDANTS culminated in their abandonment of OTHEL MOORE, JR., leaving him isolated in a cell where he ultimately met his untimely and solitary demise.

6. Due to their depraved actions, JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H. VARNER have each been charged with assault in the second degree and felony murder in the second degree. BRYANNE M. BRADSHAW has been charged with involuntary manslaughter in the second degree.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over federal questions pursuant to 28 U.S.C. §1331 and civil rights cases pursuant to 28 U.S.C. §1343, as well as supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §1367.

8. Venue is proper in this District under 28 U.S.C. § 105(b)(4) because all incidents, events, and occurrences giving rise to this action occurred in the Western District of Missouri, Central Division, and the parties reside in or may be found in this District.

9. Pursuant to R.S.Mo. §506.500.1(3), this Court has jurisdiction because the Plaintiff's decedent's injuries and the torts alleged occurred in Cole County, Missouri.

## PARTIES

10. DORIS ANN SCOTT is a resident of the State of Colorado. Ms. SCOTT is the biological mother of OTHEL MOORE, JR. and is qualified to bring this action on behalf of all Class I wrongful death statutory beneficiaries.

11. ORIEL MOORE is a resident of the State of Colorado. Ms. MOORE is the biological sister of OTHEL MOORE, JR. and is qualified to bring this action on behalf of all Class II wrongful death statutory beneficiaries.

12. At all relevant times, OTHEL MOORE, JR. resided in the Jefferson City Correctional Center, located at 8200 No More Victims Road, Jefferson City, MO, 65101.

13. Defendant ANNE PRECYTHE is an employee of the State of Missouri and Director of the Missouri Department of Corrections. ANNE PRECYTHE is named as a defendant in this

action in both her official capacity as the Director of the Missouri Department of Corrections and in her individual capacity. As Director, ANNE PRECYTHE holds the ultimate position of authority within the Missouri Department of Corrections and is responsible for the maintenance, implementation, and oversight of department policies, training programs, and operational procedures. She has the authority to enact and enforce systemic practices affecting the treatment of inmates and the conduct of correctional personnel.

14.     In her official capacity, ANNE PRECYTHE represents the interests and actions of the Missouri Department of Corrections and is responsible for the conduct of the department as a government entity. It is alleged that under her leadership, policies or customs were created, maintained, or allowed to persist that directly contributed to the violations of constitutional rights as detailed within this lawsuit, pursuant to the doctrine established in *Monell v. Department of Social Services of the City of New York*. Actions taken in her official capacity are, for the purview of this Complaint, actions of the Missouri Department of Corrections itself.

15.     In her individual capacity, ANNE PRECYTHE is alleged to have personally engaged in, directed, or been deliberately indifferent to actions that resulted in the violations of the constitutional rights of the Plaintiff and the decedent, OTHEL MOORE, JR., including, but not limited to, the failure in her supervisory role to prevent the misconduct of subordinates within the department. Claims asserted against ANNE PRECYTHE in her individual capacity are aimed to address her personal conduct and any direct involvement she had in the alleged wrongful actions, independent of her responsibilities as Director of the Missouri Department of Corrections.

16.     At all relevant times, Defendant DORIS FALKENRATH was an employee of the State of Missouri the warden of the JEFFERSON CITY CORRECTIONAL CENTER. DORIS FALKENRATH is named as a defendant in this action in both her official capacity as the Warden of JCCC and in her individual capacity.

17.     In her role as Warden, DORIS FALKENRATH exercises managerial and supervisory control over the operations of JCCC, including the implementation and enforcement of policies, the training and discipline of correctional officers, and the overall treatment of the inmate population under her jurisdiction.

18.     In her official capacity, DORIS FALKENRATH represents the operational actions and decisions of JCCC. Allegations under this designation contend that under her supervision and control, policies, practices, and customs were established or sustained that resulted in the abridgment of constitutional rights, relevant to the doctrines cited in *Monell v. Department of Social Services of the City of New York*. Acts and omissions made in her official capacity are considered those of the Jefferson City Corrections Center entity.

19.     Conversely, in her individual capacity, DORIS FALKENRATH is accused of direct complicity, including intentional actions and inactions, reckless disregard, or deliberate indifference to the conduct of subordinates, which has led to the infringement of rights as documented within this suit. Individual capacity claims seek to address and find redress for conduct and decisions she personally enacted or authorized, which were outside the scope of acceptable managerial oversight and constitute a breach of her legal duties.

20.     Defendant JUSTIN M. LEGGINS is a resident of Cadet, Missouri and, at all relevant times, was an employee at the Missouri Department of Corrections. On December 8, 2023, he was working at JCCC as a member of a MODOC CERT unit when he unlawfully used excessive force against OTHEL MOORE, JR., displayed deliberate indifference in failing to provide emergency medical care to OTHEL MOORE, JR., and/or failed to intervene in the attack on OTHEL MOORE, JR. resulting in OTHEL MOORE, JR.'s death.

21.     Defendant JACOB A. CASE is a resident of Desloge, Missouri and, at all relevant times, was an employee at the Missouri Department of Corrections. On December 8, 2023, he was

working at JCCC as a member of a MODOC CERT unit when he unlawfully used excessive force against OTHEL MOORE, JR., displayed deliberate indifference in failing to provide emergency medical care to OTHEL MOORE, JR., and/or failed to intervene in the attack on OTHEL MOORE, JR. resulting in OTHEL MOORE, JR.'s death.

22.     Defendant AARON C. BROWN is a resident of Park Hills, Missouri and, at all relevant times, was an employee at the Missouri Department of Corrections. On December 8, 2023, he was working at JCCC as a member of a MODOC CERT unit when he unlawfully used excessive force against OTHEL MOORE, JR., displayed deliberate indifference in failing to provide emergency medical care to OTHEL MOORE, JR., and/or failed to intervene in the attack on OTHEL MOORE, JR. resulting in OTHEL MOORE, JR.'s death.

23.     Defendant GREGORY H. VARNER is a resident of Park Hills, Missouri and, at all relevant times, was an employee at the Missouri Department of Corrections. On December 8, 2023, he was working at JCCC as a member of a MODOC CERT unit when he unlawfully used excessive force against OTHEL MOORE, JR., displayed deliberate indifference in failing to provide emergency medical care to OTHEL MOORE, JR., and/or failed to intervene in the attack on OTHEL MOORE, JR. resulting in OTHEL MOORE, JR.'s death.

24.     Defendant BRYANNE M. BRADSHAW is a resident of Jefferson City, Missouri and, at all relevant times, was an employee at the Missouri Department of Corrections. On December 8, 2023, she was working at JCCC as a member of a MODOC CERT unit when he unlawfully used excessive force against OTHEL MOORE, JR., displayed deliberate indifference in failing to provide emergency medical care to OTHEL MOORE, JR., and/or failed to intervene in the attack on OTHEL MOORE, JR. resulting in OTHEL MOORE, JR.'s death.

**FACTUAL BACKGROUND**

25.     In the early morning hours of December 8, 2023, the CERT DEFENDANTS

initiated unscheduled, random cell inspections at JCCC where OTHEL MOORE, JR. was detained, starting in the lower tier.

26.     The operation was marked by excessive use of OC spray by the CERT DEFENDANTS on the occupants of the lower tier.

27.     Advancing to the upper level, the CERT DEFENDANTS deliberately flooded OTHEL MOORE, JR.'s cell with the noxious chemical agent.

28.     Subsequently, the CERT DEFENDANTS aggressively extracted OTHEL MOORE, JR. from his cell.

29.     At the moment of his extraction, OTHEL MOORE, JR. was physically restrained.

30.     Blinding by the OC spray, OTHEL MOORE, JR.  expressed his inability to see to the CERT DEFENDANTS.

31.     The CERT DEFENDANTS responded by throwing OTHEL MOORE, JR. to the ground, slamming his head on the hard concrete surface.

32.     The violence persisted as the CERT DEFENDANTS dragged him down stairs, face-down, to be pinned on a bench in a prone restraint.

33.     Pinned down, OTHEL MOORE, JR. vocalized his distress, indicating he could not breathe.

34.     A supervising Sergeant at the scene told the CERT DEFENDANTS to put OTHEL MOORE, JR. in the shower.

35.     Ignoring the directive, the CERT DEFENDANTS again violently slammed OTHEL MOORE, JR. to the ground again.

36.     The CERT DEFENDANTS then positioned themselves on top of OTHEL MOORE, JR., applying pressure and contorting his body in hazardous ways.

37.     OTHEL MOORE, JR. repeatedly indicated his respiratory distress, stating he could

not breathe – a plea heard by the CERT DEFENDANTS and other witnesses.

38.    In the midst of this, a CERT DEFENDANT, sprayed additional OC directly into his face at close range.

39.    The other CERT DEFENDANTS witnessed this and failed to intervene or take any measures to stop the assault on OTHEL MOORE, JR.

40.    Further exacerbating his respiratory crisis, the CERT DEFENDANTS placed a "spit hood" and helmet over OTHEL MOORE, JR.'s face.

41.    In this incapacitated state, OTHEL MOORE, JR. was secured in a restraint chair, his legs bound, and isolated within "the cage," where he was left alone for 30 minutes.

42.    Suffering intense distress, OTHEL MOORE, JR. was unable to stand and had significant breathing trouble.

43.    Numerous witnesses overheard OTHEL MOORE, JR. pleading with the CERT DEFENDANTS for help, telling them he could not breathe.

44.    After a period of neglect, the CERT DEFENDANTS attended the critically distressed OTHEL MOORE, JR.

45.    OTHEL MOORE, JR. was then transported to the on-site hospital wing, where was pronounced dead on December 8, 2023.

46.    The medical examiner determined positional asphyxiation as the cause of death and classified it as a homicide.

47.    On June 28, 2024, Cole County prosectuor charged JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H. VARNER with assault in the second degree and felony murder in the second degree. BRYANNE M. BRADSHAW was charged with involuntary manslaughter in the second degree.

48.    The use of excessive and unprovoked force by the CERT DEFENDANTS not only

breached MODOC policies and procedures but also infringed the well-settled constitutional rights of OTHEL MOORE, JR.

49. Furthermore, the CERT DEFENDANTS' flagrant disregard for OTHEL MOORE, JR.'s manifest need for medical intervention stands as a direct contravention of MODOC standards and a clear violation of his constitutionally protected rights.

**MODOC's policy, training, and supervision failures resulted in the unjustified use of excessive force against Othel Moore, Jr., the failure to provide medical care and the failure to intervene in the murder of Othel Moore, Jr.**

50. The incident involving OTHEL MOORE, JR. is part of a broader, entrenched pattern of behavior by the MODOC CERT units, including the CERT DEFENDANTS. Under MODOC's directive, a systematic practice of fear-mongering, infliction of pain, and intimidation tactics has been used against inmates, defining a culture of cruelty which is explicitly forbidden by the Eighth Amendment as cruel and unusual punishment.

51. Such a pattern of behavior by MODOC CERT units is not merely the result of rogue actions by individual officers, such as the CERT DEFENDANTS, but is, in fact, a result of deliberate indifference and tacit approval by the highest officials within MODOC, including, but not limited to, ANNE PRECYTHE, in her official capacity as Director of MODOC, and DORIS FALKENRATH, in her official capacity as Warden of JCCC.

52. As the ultimate authority within the Missouri Department of Corrections on December 8, 2023, ANNE PRECYTHE bore the responsibility for the comprehensive oversight of MODOC personnel, which encompasses a wide range of managerial duties including hiring, training, and disciplinary action.

53. Concurrently, DORIS FALKENRATH held ultimate jurisdiction over JCCC, similarly charged with the oversight of hiring, training, and managing employees, thereby directly influencing the operational culture within JCCC.

54.     Under the leadership of ANNE PRECYTHE and DORIS FALKENRATH, a deliberate pattern of deploying CERT to intimidate and brutalize inmates was established at MODOC, representing an official policy or an established custom of MODOC, thereby satisfying the "policy or custom" requirement for liability under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978).

55.     The pervasive misuse of power by MODOC CERT units, allowed to flourish under a failure of leadership to enact appropriate supervision or training, is a flagrant demonstration of the administration's indifference towards the constitutional rights of the inmates they oversee, as was the case with OTHEL MOORE, JR.

56.     Senior officials within MODOC have shown a consistent and conscious disregard for the necessity to reform the excessively harsh methods employed by CERT units, contributing to a deep-seated culture of institutional violence.

57.     Upon information and belief, MODOC policymakers were aware of the recurrent excessive use of force used by MODOC CERT units. Despite this, leaders like ANNE PRECYHTE and DORIS FALKENRATH have consistently failed to implement remedial measures, thereby reinforcing the abusive, unconstitutional conduct at issue.

58.     The oppressive and abusive actions of MODOC CERT units, including, but not limited to, the CERT DEFENDANTS, are sufficiently widespread, persistent, and recurrent that they cannot be dismissed as isolated incidents. This systematic behavior implies complicity at the highest levels of governance and management within MODOC.

59.     By allowing MODOC CERT units, including, but not limited to, the CERT DEFENDANTS, to operate without consequence, senior officials have not only tacitly approved but have strengthened a legacy of constitutional breaches manifest in continuous violence and oppression.

60.     The unchecked and flagrant abuses by the MODOC CERT units, including, but not

limited to, the CERT DEFENDANTS, have directly caused indelible harm to the inmates subjected to their control, evidenced by the harrowing experiences and ultimately the preventable death of OTHEL MOORE, JR.

61.     These egregious violations of constitutional rights must be urgently addressed in the form of injunctive relief to halt the ongoing violations, punitive actions to hold accountable those responsible, and comprehensive reform measures to radically improve MODOC's policies and training to guard against future transgressions.

**COUNT I – 42 USC § 1983 – Eighth Amendment – Excessive Force**
**(Against JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H. VARNER and BRYANNE M. BRADSHAW)**

62.     Plaintiffs set forth the allegations of all preceding paragraphs as if fully set forth herein.

63.     At all relevant times, OTHEL MOORE, JR. had a constitutional right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

64.     At all material times, the CERT DEFENDANTS were acting under the color of state law as agents and employees of the Missouri Department of Corrections.

65.     At all material times, the CERT DEFENDANTS were wearing official MODOC uniforms and were acting in the course and scope of their duties as MODOC employees at the time they restrained, assaulted, brutalized and killed OTHEL MOORE, JR.

66.     At all relevant times, OTHEL MOORE, JR. was unarmed and not a threat to the CERT DEFENDANTS.

67.     At all relevant times, none of the CERT DEFENDANTS had a factual basis to support a reasonable belief that OTHEL MOORE, JR. posed a threat to his and/or her safety or to the safety of others.

68.     A reasonable corrections officer would have known that unprovoked and repeated use of OC spray, utilization of shock gloves, application of excessively constrictive prone restraints, along

with the forced implementation of a spit hood, helmet and leg wrap, and the subsequent confinement of OTHEL MOORE, JR. to a restraint chair and isolated "cage," constitutes excessive force and cruel and unusual punishment in violation of the Eighth Amendment.

69. A reasonable corrections officer would have known that ignoring a detainee's pleas for help and reports of respiratory distress for an extended half-hour manifests not only a blatant disregard for human life but also comprises cruel and unusual punishment that plainly transgresses the protections of the Eighth Amendment

70. Moreover, it is well within the understanding of any competent, reasonably officer that neglecting to provide emergency assistance to an individual who is not a threat – and upon whom the officer has used force with potentially fatal consequences – is a clear violation of the U.S. Constitution.

71. The conduct of the CERT DEFENDANTS was objectively unreasonable.

72. As a direct and proximate result of the actions of the CERT DEFENDANTS, OTHEL MOORE, JR. sustained serious bodily injuries, emotional distress, pain and suffering, and loss of his young life.

73. As a direct and proximate result of these wrongful acts and omissions, OTHEL MOORE, JR.'s next of kin have suffered pecuniary loss, including medical and funeral expenses, loss of kinship, aid, counsel, guidance, advice, assistance, and protection and support.

74. The acts and omissions of the CERT DEFENDANTS were intentional, wanton, malicious, reckless, oppressive, and/or showed callous indifference to the federally protected rights of OTHEL MOORE, JR.

WHEREFORE, Plaintiffs pray for judgment against JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H. VARNER and BRYANNE M. BRADSHAW, jointly and severally, for compensatory damages and punitive damages, costs, attorneys' fees, interest, and other relief the Court deems fair and just.

**COUNT II – 42 USC § 1983 – Eighth Amendment – Cruel and Unusual Punishment**
**(Against JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H.**
**VARNER and BRYANNE M. BRADSHAW)**

75.     Plaintiffs set forth the allegations of all preceding paragraphs as if fully set forth herein.

76.     At all relevant times, OTHEL MOORE, JR. had a constitutional right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

77.     It is well-settled that "the unnecessary and wanton infliction of pain…constitutes cruel and unusual punishment forbidden by the Eight Amendment." *McLaurin v. Prater*, 30 F.3d 982 (8th Cir. 1994).

78.     At all material times, the CERT DEFENDANTS were acting under the color of state law as agents and employees of the Missouri Department of Corrections.

79.     At all material times, the CERT DEFENDANTS were wearing official MODOC uniforms and were acting in the course and scope of their duties as MODOC employees at the time they restrained, assaulted, brutalized and killed OTHEL MOORE, JR.

80.     At all relevant times, OTHEL MOORE, JR. was unarmed and not a threat to the CERT DEFENDANTS.

81.     At all relevant times, none of the CERT DEFENDANTS had a factual basis to support a reasonable belief that OTHEL MOORE, JR. posed a threat to his and/or her safety or to the safety of others.

82.     A reasonable corrections officer would have known that unprovoked and repeated use of OC spray, utilization of shock gloves, application of excessively constrictive prone restraints, along with the forced implementation of a spit hood, helmet and leg wrap, and the subsequent confinement of OTHEL MOORE, JR. to a restraint chair and isolated "cage," constitutes excessive force and cruel and unusual punishment in violation of the Eighth Amendment.

83.     A reasonable corrections officer would have known that ignoring a detainee's pleas for help and reports of respiratory distress for an extended half-hour manifests not only a blatant disregard for human life but also comprises cruel and unusual punishment that plainly transgresses the protections of the Eighth Amendment

84.     Moreover, it is well within the understanding of any competent, reasonably officer that neglecting to provide emergency assistance to an individual who is not a threat – and upon whom the officer has used force with potentially fatal consequences – is a clear violation of the U.S. Constitution.

85.     The conduct of the CERT DEFENDANTS was objectively unreasonable.

86.     As a direct and proximate result of the actions of the CERT DEFENDANTS, OTHEL MOORE, JR. sustained serious bodily injuries, emotional distress, pain and suffering, and loss of his young life.

87.     As a direct and proximate result of these wrongful acts and omissions, OTHEL MOORE, JR.'s next of kin have suffered pecuniary loss, including medical and funeral expenses, loss of kinship, aid, counsel, guidance, advice, assistance, and protection and support.

88.     The acts and omissions of the CERT DEFENDANTS were intentional, wanton, malicious, reckless, oppressive, and/or showed callous indifference to the federally protected rights of OTHEL MOORE, JR.

WHEREFORE, Plaintiffs pray for judgment against JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H. VARNER and BRYANNE M. BRADSHAW, jointly and severally, for compensatory damages and punitive damages, costs, attorneys' fees, interest, and other relief the Court deems fair and just.

**COUNT III – 42 USC § 1983 – Eighth Amendment – Deliberate Indifference to Serious Medical Need
(Against JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H. VARNER and BRYANNE M. BRADSHAW)**

89.     Plaintiffs set forth the allegations of all preceding paragraphs as if fully set forth herein.

90.     The CERT DEFENDANTS, JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H. VARNER and BRYANNE M. BRADSHAW, acted with deliberate indifference toward the health and safety of OTHEL MOORE, JR.

91.     The conduct of the CERT DEFENDANTS was objectively unreasonable and a violation of OTHEL MOORE, JR's Eighth Amendment rights.

92.     At all material times, the CERT DEFENDANTS were acting under the color of state law as agents and employees of the Missouri Department of Corrections.

93.     At all material times, the CERT DEFENDANTS were wearing official MODOC uniforms and were acting in the course and scope of their duties as MODOC employees at the time they restrained, assaulted, brutalized and killed OTHEL MOORE, JR.

94.     The CERT DEFENDANTS acted with actual knowledge that their conduct presented a grave risk of harm to OTHEL MOORE JR.'s health but they consciously disregarded that risk.

95.     The CERT DEFENDANTS knew that OTHEL MOORE, JR. was in extreme medical distress and that they were required to provide medical assistance and alert medical personnel concerning his condition, but they deliberately chose to do nothing in violation of OTHEL MOORE, JR.'s Eighth Amendment constitutional rights.

96.     Despite this knowledge, the CERT DEFENDANTS failed to intervene and intentionally refused to seek such treatment for OTHEL MOORE, JR. and, instead, ratified and condoned the decision to punish and torture OTHEL MOORE, JR.

97.     Through their conduct, the CERT DEFENDANTS were fully aware of and consciously neglected the substantial risk of grave injury they imposed on OTHEL MOORE, JR. Their blatant indifference to his health and safety constitutes a direct infringement of OTHEL MOORE, JR.'s constitutional rights.

98. Further, every reasonable officer would have known that failing to render emergency aid to someone who poses no threat of harm and on whom the officer used lethal force violates the U.S. Constitution.

99. The conduct of the CERT DEFENDANTS was objectively unreasonable.

100. As a direct and proximate result of the conduct of the CERT DEFENDANTS, OTHEL MOORE, JR. suffered pain, mental anguish, suffering pain, mental anguish, and loss of his young life.

101. As a direct and proximate result of these wrongful acts and omissions, OTHEL MOORE, JR.'s next of kin have suffered pecuniary loss, including medical and funeral expenses, loss of kinship, aid, counsel, guidance, advice, assistance, and protection and support.

102. The acts and omissions of the CERT DEFENDANTS were intentional, wanton, malicious, reckless, oppressive.

WHEREFORE, Plaintiffs pray for judgment against JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H. VARNER and BRYANNE M. BRADSHAW, jointly and severally, for compensatory damages and punitive damages, costs, attorneys' fees, interest, and other relief the Court deems fair and just.

## COUNT IV – 42 USC § 1983 – Failure to Intervene
### (Against JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H. VARNER and BRYANNE M. BRADSHAW)

103. Plaintiffs set forth the allegations of all preceding paragraphs as if fully set forth herein.

104. The conduct of the JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H. VARNER and BRYANNE M. BRADSHAW violated the U.S. Constitution. Every reasonable officer would have known that failing to intervene with respect to his fellow officer's use of deadly force violates the U.S. Constitution.

105. The CERT DEFENDANTS recognized that the force threatened and being used by his and/or her fellow officers against OTHEL MOORE, JR. was excessive and unreasonable under the circumstances.

106. The CERT DEFENDANTS, respectively, fully aware and capable of intervening, observed and failed to stop their fellow officers' employment of excessive and lethal force against OTHEL MOORE, JR.

107. Further, every reasonable officer would have known that failing to intervene and/or to render timely emergency aid to someone who poses no threat of harm and on whom a fellow officer has used excessive and/or lethal force violates the U.S. Constitution.

108. For these reasons, the respective conduct of the CERT DEFENDANTS was objectively unreasonable.

109. As a result, OTHEL MOORE, JR. suffered severe pain and suffering and emotional distress and died.

110. As a direct and proximate result of these wrongful acts and omissions, OTHEL MOORE, JR.'s next of kin have suffered pecuniary loss, including medical and funeral expenses, loss of kinship, aid, counsel, guidance, advice, assistance, and protection and support.

111. The acts and omissions of the CERT DEFENDANTS were intentional, wanton, malicious, reckless, oppressive, and/or showed callous indifference to the federally protected rights of OTHEL MOORE, JR.

WHEREFORE, Plaintiffs pray for judgment against JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H. VARNER and BRYANNE M. BRADSHAW, jointly and severally, for compensatory damages and punitive damages, costs, attorneys' fees, interest, and other relief the Court deems fair and just.

**COUNT V – 42 U.S.C. § 1983 – Unconstitutional Policy of Deliberate Indifference (*Monell*)**
**(Against ANNE PRECYTHE and DORIS FALKENRATH in their official capacities)**

112. Plaintiffs set forth the allegations of all preceding paragraphs as if fully set forth herein.

113. The Missouri Department of Corrections, through Defendants ANNE PRECYTHE and DORIS FALKENRATH, in violation of OTHEL MOORE, JR.'s constitutional rights, implemented, enforced, encouraged, and sanctioned a policy, practice, and/or custom of excessive force on inmates, thereby authorizing the officers' use of force on OTHEL MOORE, JR.

114. The Missouri Department of Corrections, by and through ANNE PRECYTHE and DORIS FALKENRATH, acted under the color of state law to deprive OTHEL MOORE, JR. of his rights under the U.S. Constitution as described above. Accordingly, ANNE PRECYTHE and DORIS FALKENRATH, in their official capacities, have violated 42 U.S.C. § 1983.

115. ANNE PRECYTHE and DORIS FALKENRATH violated OTHEL MOORE, JR.'s constitutional rights as final policy makers for the Missouri Department of Corrections and JCCC by establishing and maintaining policies, customs, usages, practices and/or procedures that they knew would deprive inmates, including OTHEL MOORE, JR., of their constitutional rights under the Eighth and Fourteenth Amendment.

116. Specifically, Defendants had a policy, practice, or custom of permitting their officers, specifically the Correctional Emergency Response Teams, to use excessive and disproportionate force against inmates without just cause or provocation.

117. The policy, practice, or custom included a failure to adequately train, supervise, and control the actions of CERT officers, which caused a foreseeable and direct violation of the constitutional rights of the inmates under their care, including OTHEL MOORE, JR.

118. Defendants were aware of and deliberately indifferent to the risks posed by not properly training and supervising their officers, which led to a pattern of behavior that was likely to result in the infringement of constitutional rights.

119.     Defendants, through their deliberate indifference, directly and proximately caused the violation of OTHEL MOORE, JR.'s constitutional rights by maintaining a policy, practice, or custom that condoned and directly led to the use of excessive force and denial of medical care.

120.     The actions and omissions of the Defendants, under their policy, practice, or custom, constituted the "moving force" behind the constitutional violations suffered by OTHEL MOORE, JR., including, but not limited to, the use of excessive force, the cruel and unusual punishment, and the deliberate indifference to OTHEL MOORE, JR.'s serious medical needs.

121.     As a direct and proximate result of Defendants' policy, practice, or custom, OTHEL MOORE, JR. was injured and died as a direct and proximate result of the above policies, practices, and/or customs.

WHEREFORE, Plaintiffs request judgment against Defendants ANNE PRECYTHE and DORIS FALKENRATH, jointly and severally, for the following:

a.     Adjudging and declaring that the policies, practices and conduct described above violates the Eighth and Fourteenth Amendments to the United States Constitution.

b.     The establishment of a comprehensive remedial plan to correct MODOC's unconstitutional policies, training, supervision, and discipline practices.

c.     Attorney's fees and costs pursuant to 42 U.S.C. § 1988.

### COUNT VI - 42 U.S.C. § 1983 – Supervisory Liability
**(Against ANNE PRECYTHE and DORIS FALKENRATH in their individual capacities)**

122.     Plaintiffs set forth the allegations of all preceding paragraphs as if fully set forth herein.

123.     Defendants ANNE PRECYTHE and DORIS FALKENRATH each had supervisory responsibilities over one or more of the CERT DEFENDANTS who participated in OTHEL MOORE, JR.'s death.

124. These Defendants participated in violating OTHEL MOORE, JR.'s rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his or her subordinates' violations.

125. As a direct and proximate result of Defendants' actions and omissions, OTHEL MOORE, JR.'s constitutional rights were violated.

WHEREFORE, Plaintiffs pray for judgment against Defendants ANNE PRECYTHE and DORIN FALKENRATH, jointly and severally, for compensatory damages and punitive damages, costs, attorneys' fees, interest, and other relief the Court deems fair and just.

### COUNT VII - 42 U.S.C. § 1983 – Deliberate Indifference – Failure to Train
**(Against ANNE PRECYTHE and DORIS FALKENRATH in their individual capacities)**

126. Plaintiffs set forth the allegations of all preceding paragraphs as if fully set forth herein.

127. Defendants ANNE PRECYTHE and DORIS FALKENRATH had a duty to train and instruct their officers, including, but not limited to, the CERT DEFENDANTS, in the constitutional limitations on the use of force, the requirement to provide medical care to inmates and duty to intervene.

128. Defendants, however, failed to properly and adequately train their officers in these essential areas of their duties, which directly led to the violation of inmates' constitutional rights, including those of OTHEL MOORE, JR.

129. The failure to train MODOC CERT officers in the constitutional use of force and medical care protocols amounts to deliberate indifference to the rights of inmates like OTHEL MOORE, JR., who are at risk of serious harm as a result of such failure.

130. Defendants' deliberate indifference is further evidenced by a pattern of similar unconstitutional acts by MODOC CERT officers, which went uncorrected by adequate training or discipline.

131. Defendants knew or should have known that failing to provide proper training to CERT officers on the appropriate use of force and the urgency of medical care for inmates subjected inmates to a significant risk of harm, including the risk of death.

132. Despite this knowledge, Defendants acted with deliberate indifference to the rights of inmates by failing to implement and maintain adequate training programs for MODOC CERT officers, including, but not limited to, the CERT DEFENDANTS.

133. As a direct result of Defendants' failure to train MODOC officers, OTHEL MOORE, JR. was subjected to excessive force and was denied the necessary medical attention to address his injuries and distress, which ultimately led to his death.

134. The failure to provide such training represents an official policy, practice, or custom of the Missouri Department of Corrections that directly caused the constitutional violations experienced by OTHEL MOORE, JR.

135. Had the MODOC CERT officers, including, but not limited to, the CERT DEFENDANTS, been properly trained and supervised, it is more likely than not that the violation of OTHEL MOORE, JR.'s constitutional rights would have been avoided.

136. As a direct and proximate result of Defendants' deliberate indifference, OTHEL MOORE, JR.'s constitutional rights were violated and Plaintiffs suffered damages.

WHEREFORE, Plaintiffs pray for judgment against Defendants ANNE PRECYTHE and DORIS FALKENRATH, jointly and severally, for compensatory damages and punitive damages, costs, attorneys' fees, interest, and other relief the Court deems fair and just.

### COUNT VIII – Wrongful Death
### (Against JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H. VARNER and BRYANNE M. BRADSHAW)

137. Plaintiffs set forth the allegations of all preceding paragraphs as if fully set forth herein.

138. Plaintiffs maintain this action for wrongful death pursuant to R.S.Mo. § 537.080(1).

139. At all relevant times, the CERT DEFENDANTS – JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H. VARNER and BRYANNE M. BRADSHAW – each had a duty to refrain from malicious, willful and wanton conduct.

140. Despite their sworn duties, the CERT DEFENDANTS engaged in the following, non-exhaustive malicious, egregious and deliberate misconduct towards OTHEL MOORE, JR.:

    a. Unprovoked and repeated use of OC spray;

    b. Utilization of shock gloves;

    c. Slamming him to the ground, causing his head to strike the concrete floor;

    d. Imposition of excessive and dangerous prone restraints;

    e. Application of a leg wrap, spit hood and helmet as he struggled to breathe, indifferent to his gasps for air;

    f. Forcibly placing him in a restraint chair;

    g. Abandoning him in an empty room – fully aware or in willful ignorance – that he was experiencing extreme emotional and medical distress;

    h. Were otherwise malicious, willful and wanton in gross disregard for the safety of OTHEL MOORE, JR.

141. In one or more of the above respects, the CERT DEFENDANTS, respectively, breached their duty of care and were thereby negligent.

142. The CERT DEFENDANTS' respective negligence directly caused and/or contributed to cause OTHEL MOORE JR.'s death.

143. As a direct and proximate result of the CERT DEFENDANTS' acts and omissions, Defendants directly caused and/or contributed to cause OTHEL MOORE JR.'s death.

144.     As a direct and proximate result of the respective negligent acts and/or omissions of the CERT DEFENDANTS, Defendants directly caused and/or contributed to cause OTHEL MOORE, JR.'s death.

145.     As a direct and proximate result of the negligent acts and/or omissions of the CERT DEFENDANTS, the CERT DEFENDANTS caused and/or contributed to cause Plaintiffs to suffer damages, including, but not limited to, pecuniary losses by reason of the death of OTHEL MOORE, JR., funeral expenses, and the loss of the reasonable value of the services, consortium, companionship, comfort instruction, guidance, counsel, training and support, as well as all other damages allowed under R.S.Mo. § 537.090 and/or Missouri law.

WHEREFORE, Plaintiffs pray for judgment against JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H. VARNER and BRYANNE M. BRADSHAW, jointly and severally, for compensatory damages, costs, attorneys' fees, interest, and other relief the Court deems fair and just.

### COUNT IX - Negligence
**(Against JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H. VARNER and BRYANNE M. BRADSHAW)**

146.     Plaintiffs set forth the allegations of all preceding paragraphs as if fully set forth herein.

147.     Defendants JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H. VARNER and BRYANNE M. BRADSHAW owed a duty of care to OTHEL MOORE, JR., as an inmate in their custody, to protect him from undue harm and to provide him with necessary medical care.

148.     The CERT DEFENDANTS breached this duty of care by, among other things, use of excessive force against OTHEL MOORE, JR., and by neglecting to provide him with prompt and adequate medical attention when it was clearly needed.

149. As a direct and proximate result of the CERT DEFENDANTS' negligence, Defendants JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H. VARNER and BRYANNE M. BRADSHAW directly caused and/or contributed to cause OTHEL MOORE, JR. to suffer severe physical injuries, extreme pain and suffering, emotional distress, humiliation, and ultimately death.

150. As a direct and proximate result of the CERT DEFENDANTS' conduct, Defendants JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H. VARNER and BRYANNE M. BRADSHAW caused and/or contributed to cause Plaintiffs to suffer damages, including, but not limited to, pecuniary losses by reason of the death of OTHEL MOORE, JR., funeral expenses, and the loss of the reasonable value of the services, consortium, companionship, comfort instruction, guidance, counsel, training and support, as well as all other damages allowed under R.S.Mo. § 537.090 and/or Missouri law.

WHEREFORE, Plaintiffs pray for judgment against JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H. VARNER and BRYANNE M. BRADSHAW, for compensatory damages, costs, attorneys' fees, interest, and other relief the Court deems fair and just.

**COUNT X - Battery**
**(Against JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H. VARNER and BRYANNE M. BRADSHAW)**

151. Plaintiffs set forth the allegations of all preceding paragraphs as if fully set forth herein.

152. Defendants JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H. VARNER and BRYANNE M. BRADSHAW, without consent or privilege, respectively, intended to cause harmful or offensive contact with OTHEL MOORE, JR. by, without cause or provocation, unprovoked and repeated use of OC spray, the deployment of shock gloves, the imposition of excessively constrictive prone restraints, the application of a spit hood, helmet and

leg wrap, and forcibly placing OTHEL MOORE, JR. in a restraint chair, among other things, causing OTHEL MOORE, JR. to suffer extreme physical and emotional injuries, and death.

153. The CERT DEFENDANTS used more force than was necessary, and thus, used unreasonable, excessive force.

154. The CERT DEFENDANTS' actions were neither justified nor excused by law or the circumstances at hand.

155. The CERT DEFENDANTS' conduct was intentional and demonstrated a deliberate indifference to OTHEL MOORE, JR.'s safety and wellbeing.

156. The CERT DEFENDANTS' conduct was willfully wrong in that Defendants used excessive force upon OTHEL MOORE, JR. when he presented no threat of death or serious injury to Defendants.

157. At no point did OTHEL MOORE, JR.'s actions justify the CERT DEFENDANTS' belief that the use of repeated OC spray, shock gloves, covering his face with a spit hood and helmet while he gasped for air, throwing him onto the concrete floor, or subjecting him to extremely restrictive prone restraints were necessary measures for their protection or that of others. Forcing him into a restraint chair, and subsequently neglecting his pleas for help in the "cage," directly led to OTHEL MOORE, JR.'s physical and psychological trauma, and ultimately his death, without any legitimate concern for preventing imminent harm.

158. At all pertinent times, the CERT DEFENDANTS were acting under color of law and in the course and scope of their employment.

159. By these actions, the CERT DEFENDANTS acted with malice, causing OTHEL MOORE, JR. to suffer physical and emotional injuries, and ultimately death.

160.     As a direct and proximate result of the CERT DEFENDANTS' acts, the CERT DEFENDANTS caused and/or contributed to cause OTHEL MOORE, JR. to suffer severe physical injuries, extreme pain and suffering, emotional distress, humiliation, and ultimately death.

161.     As a direct and proximate result of the CERT DEFENDANTS' conduct, the CERT DEFENDANTS caused and/or contributed to cause Plaintiffs to suffer damages, including, but not limited to, pecuniary losses by reason of the death of OTHEL MOORE, JR., funeral expenses, and the loss of the reasonable value of the services, consortium, companionship, comfort instruction, guidance, counsel, training and support, as well as all other damages allowed under R.S.Mo. § 537.090 and/or Missouri law.

WHEREFORE, Plaintiffs pray for judgment against Defendants JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H. VARNER and BRYANNE M. BRADSHAW, jointly and severally, for compensatory damages, costs, attorneys' fees, interest, and other relief the Court deems fair and just.

## COUNT XI - Assault
### (Against JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H. VARNER and BRYANNE M. BRADSHAW)

162.     Plaintiffs set forth the allegations of all preceding paragraphs as if fully set forth herein.

163.     Defendants JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H. VARNER and BRYANNE M. BRADSHAW, without consent or privilege, intended to cause and did cause harmful or offensive contact with OTHEL MOORE, JR. by wantonly using OC spray without provocation, shock gloves, covering his face with a spit hood and helmet while he gasped for air, throwing him onto the concrete floor, subjecting him to extremely restrictive prone restraints, the additional application of a leg wrap, and forcing him into a restraint chair, causing OTHEL MOORE, JR. to suffer physical and emotional injuries.

164. The CERT DEFENDANTS knowingly placed OTHEL MOORE, JR. in apprehension of imminent harmful contact without his consent and with malice, when they aggressively approached him and employed the use of OC spray and physical force in a threatening manner.

165. The CERT DEFENDANTS' actions were neither justified nor excused by law or the circumstances at hand.

166. The CERT DEFENDANTS' conduct was intentional and demonstrated a deliberate indifference to OTHEL MOORE, JR.'s safety and wellbeing.

167. The CERT DEFENDANTS' conduct was willfully wrong in that Defendants used excessive force upon OTHEL MOORE, JR. when he presented no threat of death or serious injury to Defendants.

168. At no point did OTHEL MOORE, JR.'s actions justify the CERT DEFENDANTS' belief that the use of repeated OC spray, shock gloves, covering his face with a spit hood and helmet while he gasped for air, throwing him onto the concrete floor, or subjecting him to extremely restrictive prone restraints were necessary measures for their protection or that of others. The additional application of a leg wrap, forcing him into a restraint chair, and subsequently neglecting his pleas for help in the "cage," directly led to OTHEL MOORE, JR.'s physical and psychological trauma, and ultimately his death, without any legitimate concern for preventing imminent harm.

169. At all pertinent times, the CERT DEFENDANTS were acting under color of law and in the course and scope of their employment.

170. By these actions, the CERT DEFENDANTS acted with malice, causing OTHEL MOORE, JR. to suffer physical and emotional injuries, and ultimately death, causing OTHEL MOORE, JR. to suffer physical and emotional injuries, and ultimately death.

171.     As a direct and proximate result of the CERT DEFENDANTS' acts, Defendants caused and/or contributed to cause OTHEL MOORE, JR. to suffer severe physical injuries, extreme pain and suffering, emotional distress, humiliation, and ultimately death.

172.     As a direct and proximate result of the CERT DEFENDANTS' conduct, the CERT DEFENDANTS caused and/or contributed to cause Plaintiffs to suffer damages, including, but not limited to, pecuniary losses by reason of the death of OTHEL MOORE, JR., funeral expenses, and the loss of the reasonable value of the services, consortium, companionship, comfort instruction, guidance, counsel, training and support, as well as all other damages allowed under R.S.Mo. § 537.090 and/or Missouri law.

WHEREFORE, Plaintiffs pray for judgment against Defendants JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H. VARNER and BRYANNE M. BRADSHAW, jointly and severally, for compensatory damages, costs, attorneys' fees, interest, and other relief the Court deems fair and just.

### COUNT XII – Intentional Infliction of Emotional Distress
**(Against JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H. VARNER and BRYANNE M. BRADSHAW)**

173.     Plaintiffs set forth the allegations of all preceding paragraphs as if fully set forth herein.

174.     Defendants JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H. VARNER and BRYANNE M. BRADSHAW's conduct was purposeful or reckless and intended to cause distress.

175.     The CERT DEFENDANT's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

176. The actions of the CERT DEFENDANTS were the direct and proximate cause of the emotional distress suffered by OTHEL MOORE, JR., which was severe, and no reasonable person should be expected to endure it.

177. At all pertinent times, the CERT DEFENDANTS were acting under color of law and in the course and scope of their employment.

178. As a direct and proximate result of the CERT DEFENDANTS' acts, OTHEL MOORE, JR. suffered severe physical injuries, extreme pain and suffering, emotional distress, humiliation, and ultimately death.

WHEREFORE, Plaintiffs pray for judgment against JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H. VARNER and BRYANNE M. BRADSHAW, jointly and severally, for compensatory damages, costs, attorneys' fees, interest, and other relief the Court deems fair and just.

## COUNT XIII – Negligent Infliction of Emotional Distress
**(Against JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H. VARNER and BRYANNE M. BRADSHAW)**

179. Plaintiffs set forth the allegations of all preceding paragraphs as if fully set forth herein.

180. Defendants owed a duty to OTHEL MOORE, JR. to behave in a reasonable manner free from the use of excessive force.

181. Defendants acted excessively and breached their duty of care to OTHEL MOORE, JR.

182. This breach of care by the use of unreasonable and excessive force caused OTHEL MOORE, JR extreme emotional distress until his death.

183. At all pertinent times, Defendants were acting under color of law and in the course and scope of their employment.

184.     As a direct and proximate result of the CERT DEFENDANTS' acts, OTHEL MOORE, JR. suffered severe physical injuries, extreme pain and suffering, emotional distress, humiliation, and ultimately death

WHEREFORE, Plaintiffs pray for judgment against Defendants JUSTIN M. LEGGINS, JACOB A. CASE, AARON C. BROWN, GREGORY H. VARNER and BRYANNE M. BRADSHAW, jointly and severally, for compensatory damages, costs, attorneys' fees, interest, and other relief the Court deems fair and just.

**COUNT XIV – Negligent Training**
**(Against ANNE PRECYTHE and DORIS FALKENBERG in their individual capacities)**

185.     Plaintiffs set forth the allegations of all preceding paragraphs as if fully set forth herein.

186.     Defendants ANNE PRECYTHE and DORIS FALKENBERG had a duty to train and supervise their employees, including, but not limited to, the CERT DEFENDANTS, in the proper methods of use of force and provision of medical care.

187.     It was foreseeable that the failure of Defendants to reasonably train their employees, including in the way they employ use of force and provision of medical care, would result in the commission of excessive force, injury, and death.

188.     Defendants breached their duty of care by negligently failing to provide adequate training and supervision to their employees concerning the use of force and the necessity of timely medical intervention for inmates.

189.     As a direct and proximate result of Defendants' negligent training, the CERT DEFENDANTS applied excessive force to OTHEL MOORE, JR., and failed to provide the necessary medical assistance, which injuries directly caused or contributed to the death of OTHEL MOORE, JR.

WHEREFORE, Plaintiffs pray for judgment against Defendants ANNE PRECYTHE and DORIS FALKENBERG, jointly and severally, for compensatory damages, costs, attorneys' fees, interest, and other relief the Court deems fair and just.

## PRAYER FOR RELIEF

Plaintiffs DORIS ANN SCOTT and ORIEL MOORE respectfully request the following relief from the Court:

a.  Compensatory damages against all Defendants in an amount to be determined by a jury;

b.  Punitive damages on all 42 U.S.C. § 1983 claims against all Defendants (except for Anne Precythe and Doris Falkenberg, in their official capacities) in an amount to be determined by a jury;

c.  Pre-judgment and post-judgment interest as allowable by law and as ordered by the Court;

d.  Attorney fees' as allowable by law and as ordered by the Court;

e.  Reasonable costs; and

f.  Such other relief that the Court deems just and equitable.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims.

*Respectfully submitted,*

*/s/ Andrew M. Stroth*
Andrew M. Stroth*
ACTION INJURY LAW GROUP
22 W. Washington Street, #1600
Chicago, IL 60602
P. (844) 878-4529
astroth@actioninjurylawgroup.com

*/s/ Steven Hart*
Steven Hart*
James Ormond*
HART MCLAUGHLIN & ELDRIDGE, LLC
22 W. Washington Street, #1600
Chicago, IL 60602

P. (312) 955-0545
shart@hmelegal.com
jmarrese@hmelegal.com

/s/ *Larry Disparti*
Larry Disparti*
DISPARTI LAW, LLC
121 W. Wacker Drive, Suite 2300
Chicago, IL 60601
P: (312) 506-5511
ldisparti@dispartilaw.com

/s/ *Ben Stelter-Embry*
Ben Stelter-Embry, MO #65404
EMBRY LAW, LLC
4700 Belleview, Suite 300
Kansas City, MO 64112
P. (913) 231-9396
ben@embry-law.com

* *Seeking Pro Hac Vice Admission*