IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DORIS ANN SCOTT and ORIEL MOORE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:24-cv-04107-MDH |
| ) | |
| ANNE PRECYTHE, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiffs' Motion to Strike Defendant Centurion of Missouri, LLC's Affirmative Defenses. (Doc. 32). Plaintiffs have filed their suggestions in support (Doc. 33), Defendant Centurion of Missouri, LLC has filed its suggestions in opposition (Doc. 40), and Plaintiffs have filed their reply. (Doc. 45). The matter is now ripe for adjudication on the merits. For the reasons discussed below, Plaintiffs' Motion to Strike is **GRANTED**.

## BACKGROUND

This action arises from the death of a prisoner at the Jefferson City Correctional Center. Plaintiff Doris Ann Scott is a resident of the State of Colorado and the biological mother of Decedent Othel Moore, Jr. Plaintiff Oriel Moore is a resident of the State of Colorado and the biological sister of the Decedent. Defendant Trevor Foley is an employee of the State of Missouri and the Director of the Missouri Department of Corrections ("MDOC"). Defendant Kelly Morriss is an employee of the State of Missouri and the Warden of the Jefferson City Correction Center ("JCCC"). Defendant Centurion of Missouri, LLC is a limited liability company formed under Missouri law that provided health care services at JCCC. Defendant Justin Davison is a resident of Missouri and an employee at the MDOC as the JCCC Corrections Emergency Response Team

1

("CERT") Field Commander. Defendants Justin M. Leggins, Jacob A. Case, Aaron C. Brown, Gregory H. Varner, Bryanne M. Bradshaw, Ryan Williams, William Wells, Craig Glatzczak, Zachary Kopp, Onyewuchi Nkwocha, and Sean Reynolds are all residents of Missouri and were employed at MDOC as members of a MDOC CERT unit. Defendant Jennifer Long is a resident of Missouri and was an employee of Defendant Centurion of Missouri, LLC.

On December 8, 2023 CERT Defendants initiated cell inspections at JCCC in the housing unit where Decedent was detained. Allegedly Defendants Leggins, Glatczak and Wells entered Decedent's cell. Decedent was removed from his cell with his hands in wrist restraints behind his back. Defendant Leggins allegedly stepped toward Decedent and pepper sprayed him in the face at close range. Defendants Wells and Glatzchak allegedly took Decedent to the ground where Defendant Case administered pepper spray at close range. Decedent was then escorted to the "day room" where Defendant Davison allegedly ordered Decedent to be placed in a wrap restraint device. Decedent was also placed in a spit mask, covering a portion of Decedent's face, including his mouth and nose. It is further alleged Cert Defendants placed a helmet on Decedent and transported him to a "dry cell" where Defendants Koop, Bradshaw, Reynolds, and Nkowcha monitored Decedent. Decedent was alleged to have struggled to breath for 30 minutes before becoming unresponsive. Defendant Long examined the Decedent before emergency medical services arrived at JCCC. Decedent was later pronounced dead due to positional asphyxiation as the cause of death.

Defendant Centurion of Missouri, LLC raises 34 affirmative defenses in its Answer to Plaintiffs' Complaint. (Doc. 16, pages 20-26). Plaintiffs seek to strike 12 of Defendant Centurion of Missouri, LLC's affirmative defenses pursuant to Fed. R. Civ. P. 12(f). The Court will take each argument in turn.

**STANDARD**

Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading any redundant, immaterial, impertinent, or scandalous matter." A court is given liberal discretion under Rule 12(f), however, motions to strike are viewed with disfavor and rarely granted. *Lucas v. Jerusalem Café*, LLC, 2011 WL 1364075, *1 (W.D.Mo. April 11, 2011); citing *Associated Indem. Corp. v. Small*, 2007 WL 844773 (W.D.Mo. Mar. 19, 2007); *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir.1977). Specifically, a motion to strike directed to affirmative defenses should be granted only when "the affirmative defense is so deficient that it fails to fairly present a question of law or fact which the court ought to hear and that deficiency causes prejudice to the moving party." *Knapp v. FAG Bearings*, 2021 WL 3771793, at *2 (W.D. Mo. Aug. 24, 2021) quoting *Lunsford*, 570 F.2d at 229.

**ANALYSIS**

**I.      Affirmative Defenses Nos. 1, 2, 4-6, 8, 18, 31 and 34**

Plaintiff seeks to strike affirmative defenses 1, 2, 4-6, 8, 18, 31 and 34 based on various underlying issues regarding those affirmative defenses. Defendant in their response to Plaintiff has decided to withdraw the above numbered affirmative defenses without prejudice but continues to oppose Plaintiffs' motion to strike affirmative defenses 7, 29 and 33. Seeing as Defendant Centurion has voluntarily withdrawn those affirmative defenses Plaintiff has sought to challenge with exception of affirmative defenses 7, 29 and 33, the Court will grant Plaintiffs' Motion to Strike. For the reasons stated, Plaintiff's Motion to Strike Defendant Centurion of Missouri, LLC's Affirmative Defenses Nos. 1, 2, 4-6, 8, 18, 31 and 34 is hereby **GRANTED**.

**II.     Affirmative Defense No. 7**

3

Defendant's seventh affirmative defense states "[t]his Defendant claims reliance on the benefits and provisions of Chapters 537 and 538, RSMO., as amended by House Bill 393 on August 28, 2005, including but not limited to, Section 537.060, 537.067, 538.205, 538.210, 538.220, 538.225, 538.228, 538.229, 538.232, and/or 538.300[.]" (Doc. 16, page 20, ¶ 7). Plaintiff argues that Defendant makes no effort to explain the application of these various provisions, and thus fails to provide sufficient notice of some plausible, factual basis. Defendant now requests leave to amend Affirmative Defense No. 7 by deleting all referenced statues therein, except for Section 538.225 and requests leave to specifically allege that Plaintiffs failed to file the requisite healthcare affidavit.

Mo. Rev. Stat. § 538.225 requires an affidavit by a health care provider certifying merit of case. Section 538.225 reads:

> 1. In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such are as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.
>
> …
>
> 5. Such affidavit shall be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended for a period of time not to exceed an additional ninety days.
>
> 6. If the plaintiff or his attorney fails to file such affidavit the court shall, upon motion of any party, dismiss the action against such moving party without prejudice.

Mo. Rev. Stat. § 538.225. Section 538.225 applies to Missouri state law claims involving personal injury related to the rendering of, or failure to render, health care services brought in federal court. *Drummer v. Corizon, LLC*, No. 4:16-CV-01170-AGF, 2018 WL 3475475, at *2 (E.D. Mo. July 19, 2018); *see also Moore v. Ernest-Jackson*, 16 F. App'x 517, 518 (8th Cir. 2001). Section

4

538.225 does not apply to a plaintiff's federal constitutional claims under 42 U.S.C. § 1983. *Id*. at n.3; *see also Moore v. Ernest-Jackson*, 16 Fed. App'x. 517, 518 (8th Cir. 2001).

Here, Defendant's affirmative defense as it relates to plaintiffs' 28 U.S.C. § 1893 claims is not appropriate. Likewise, to the extent Defendant wishes to use Mo. Rev. Stat. § 538.225 as to Plaintiff's state tort actions is not appropriate affirmative defense either. The more appropriate avenue to raise this issue would be on a motion to dismiss once the ninety-day period has run. In this case Plaintiff had until January 24, 2025 to file their affidavit in conformance with Mo. Rev. Stat. § 538.225. However, by motion of the Plaintiffs' and a finding by this Court that good cause existed granted plaintiffs request for an additional ninety days to file their affidavit in compliance with Mo. Rev. Stat. § 538.225.5. Thus, Defendant Centurion of Missouri, LLC is free to file a motion to dismiss Plaintiffs' state tort actions should Plaintiffs fail to file their affidavit by that time. For the reasons stated, Plaintiffs' Motion to Strike Defendant Centurion of Missouri, LLC's Affirmative Defense No. 7 is **GRANTED**.

### III.     Affirmative Defense No. 29

Defendant's twenty-ninth affirmative defense states "Defendant reserves the right to introduce evidence on any other defense that may become appropriate through discovery or independent investigation. (Doc. 16, page 26, ¶ 29). Plaintiffs argue that a party cannot reserve the right to amend its answer once an affirmative defense is discovered and a vague assertion of a reserved right to introduce defenses is insufficient. Defendant acknowledges that it cannot assert such a right before the Court, however Defendant wishes to reserve its right to file for leave to introduce such evidence that might become available through discovery or independent investigation.

Affirmative defenses not pled but that come to light during discovery "are not automatically incorporated into an answer, and a party cannot 'reserve the right' to amend its answer once an affirmative defense is discovered. *Jennings v. Nash*, No. 6:18-CV-03261-NKL, 2019 WL 286750, at *4 (W.D. Mo. Jan. 22, 2019). Amendments to pleadings, including amendments to a defendant's answer to include additional affirmative defenses, are subject to Federal Rule of Civil Procedure 15. As such, Defendant's affirmative defense is not proper and should be exercised by virtue of Federal Rule of Civil Procedure 15 if such discovery warrants the answer to be amended rather than trying to assert it within an affirmative defense. For the reasons stated, Plaintiff's Motion to Strike Defendant Centurion of Missouri, LLC's Affirmative Defense No. 29 is **GRANTED**.

### IV. Affirmative Defense No. 33

Defendant's thirty-third affirmative defense states "[t]he medical care provided to decadent was within the applicable standard of care." (Doc. 16, page 26, ¶ 33). Plaintiff argues that affirmative defenses must go beyond denials or assertions of compliance and instead raise new facts or legal theories that would preclude liability even if the allegations in the complaint are true. Plaintiff asserts Defendant has failed to do so and thus the affirmative defense must be stricken. Defendant argues a wrongful death action against a healthcare provider for negligent medical care is governed by Mo. Rev. Stat. § 538.210 and for Plaintiff to succeed they are required to show the requisite elements of a medical malpractice claim. Defendant asserts Plaintiffs have not specifically alleged that Centurion and Ms. Long violated any medical standard of care and thus to preserve their defense had no other alternative but to plead it as an affirmative defense.

Federal Rule of Civil Procedure 8(b)(1)(A) provides, "In responding to a pleading, a party must: … state in short and plain terms its defenses to each claim asserted against it.[.]" Federal Rule of Civil Procedure 8(c)(1) list a number of affirmative defenses and provides, "in responding to a pleading, a party must affirmatively state any avoidance or affirmative defenses[.]" Not all defenses are affirmative defenses. "If the defenses involved is one that merely negates an element of the plaintiff's prima facie case … it is not truly an affirmative defense and need not be pleaded despite rule 8(c)." *Eaton Veterinary Pharm., Inc. v. Wedgewood Vill. Pharmacy, Inc.*, No. 4:15-CV-687-SRB, 2016 WL 7200805, at *2 (W.D. Mo. Mar. 4, 2016) (quoting *Sanden v. May Clinic*, 495 F.2d 221, 224 (8th Cir. 1974)).

Here, Defendant's affirmative defense is nothing more than a statement that seeks to negate an element of plaintiffs' prima facie case and therefore is not an affirmative defense. Defendant asserts that Plaintiff has failed to plead the necessary elements pursuant to Mo. Rev. Stat. § 538.210 as to Defendant Centurion or Ms. Long. If Defendant believes that Plaintiffs' Complaint is lacking than the proper avenue to address that specific grievance is through a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated, Plaintiffs' Motion to Strike Defendant Centurion of Missouri, LLC's Affirmative Defense No. 33 is **GRANTED**.

## CONCLUSION

For the reasons discussed below, Plaintiffs' Motion to Strike is **GRANTED**. Defendant Centurion of Missouri, LLC's Affirmative Defenses Nos. 1, 2, 4-6, 7, 8, 18, 29, 31, 33 and 34 as contained in its Answer to Plaintiffs' Complaint (Doc. 16) are hereby stricken.

**IT IS SO ORDERED**.
DATED: February 6, 2025

                       */s/ Douglas Harpool*

                **DOUGLAS HARPOOL**
                **UNITED STATES DISTRICT JUDGE**