IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

DORIS ANN SCOTT and )
ORIEL MOORE, )
 )
    Plaintiffs, )
 )
v. ) Case No. 2:24-cv-04107-MDH
TREVOR FOLEY, et al., )
 )
    Certain Defendants. )

## DEFENDANTS DAVISON, WILLIAMS, WELLS, GLATCZAK AND NKWOCHA'S SUGGESTIONS IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE THEIR AFFIRMATIVE DEFENSES

COME NOW Defendants Justin Davison, Ryan Williams, William Wells, Craig Glatczak, and Onyewuchi Nkwocha (hereinafter "Certain Defendants") by and through their undersigned counsel, Scott R. Pool and Joseph P. Bjork of Gibbs Pool and Turner, P.C., and respectfully submit to this Court their Suggestions in Opposition to Plaintiffs' Motion to Strike Certain Defendants Justin Davison, Ryan Williams, William Wells, Craig Glatczak, and Onyewuchi Nkwocha's Affirmative Defenses: 1, 3, 5, 6, 8, 9, 18, 27, 29 and 30. For their cause, Certain Defendants state as follows:

## STANDARD

**A Motion to Strike is an Extreme and Disfavored Remedy:**

Plaintiff has moved this Court pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, to enter an Order striking numerous of Certain Defendants'

1

Affirmative Defenses. Plaintiff alleges that Certain Defendants have failed to meet the appropriate pleading standard in their Affirmative Defenses: to wit, Certain Defendants' Affirmative Defenses Nos. 1, 3, S, 6, 8, 9, 18, 27, 29 and 30.

Rule 12(f) describes the power of the court to strike pleadings as follows: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." To strike or not to strike is within the discretion of the Court: "Because the rule is stated in the permissive, however, it has always been understood that the district court enjoys "liberal discretion" thereunder." *Stanbury L. Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000).

Plaintiffs' Motion mischaracterizes this authority throughout by concluding that Certain Defendants' Affirmative Defenses Nos. 1, 3, 5, 6, 8, 9, 18, 27, 29 and 30 "must be stricken." (Plaintiff's Motion to Strike, Paragraphs B(1-9). "Although the Court enjoys discretion under Rule 12(f), motions to strike defenses under Rule 12(f) are "viewed with disfavor and are infrequently granted," and granting a motion to strike is an "extreme measure." *Cope v. Let's Eat Out, Inc.*, No. 6:16-CV-03050-SRB, 2017 WL 1425838, at *2 (W.D. Mo. Apr. 18, 2017) (*quoting Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)).

In a case before the District Court for the Western District of Missouri in 2018, the Court found that striking individual affirmative defenses for alleged failures in pleadings served only to add cost and delay without corresponding benefit: "Plaintiffs would often resist those motions on the grounds that the

2

proposed affirmative defenses would be futile. Thus, another round of motion practice would be added to many cases, increasing the burdens on the federal courts, and adding expense and delay for the parties." *Id.* at 1052. In contrast, there is little harm to leaving affirmative defenses in place because "[i]n a typical case, it quickly becomes apparent that most of the affirmative defenses are not viable, and the parties simply ignore them. No judicial intervention is necessary." *Id.* Similarly, some of the defenses in this case (such as the "defense" denying the falsity of the posts, (Doc. 40, ¶ 17)), are not really defenses at all; their presence does not aid Defendants and their absence does not aid Plaintiff. Still other defenses are not "self-executing;" in other words, they require an additional motion in order for Defendants to present the issue. For instance, paragraph 15's contention that Plaintiff "fail[s] to state a claim ... upon which relief can be granted" will not help Defendants absent a motion to dismiss or a motion for judgment on the pleadings. Fed. R. Civ. P. 12(b)(6), 12(h)(2)(B). Therefore, the presence of these defenses does not cause any hardship to Plaintiff. *Bigfoot on the Strip, LLC v. Winchester*, No. 18-3155-CV-S-BP, 2018 WL 4904948, at *2 (W.D. Mo. Oct. 9, 2018).

For this reason, if this Court finds cause to grant any portion of Plaintiffs' Motion to Strike, Certain Defendants respectfully request that this Court also grant Certain Defendants the opportunity to amend their Affirmative Defenses to remedy any deficiency with additional information: "In light of the fact that motions to strike are viewed with disfavor, the Court will not strike Defendants' affirmative

3

defenses that have been insufficiently pled, but rather will allow Defendants the opportunity to amend its affirmative defenses." *Cope,* No. 6:16-CV-03050-SRB, 2017 WL 1425838, at 4.

**Affirmative Defenses Not Subject to the *Twombly* Standard:**

Whether Certain Defendants' Affirmative Defenses must meet the same pleadings standard used for a Plaintiff's Complaint derived from the *Twombly* and *Iqbal* line of cases is not a settled matter of law in the 8th circuit: In *Jennings*, this Court did not determine whether the *Twombly* standard applies to affirmative defenses because the outcome of the case was the same whether *Twombly* did or did not apply. Likewise, the Court decides here that its resolution of Cox's motion to strike will be the same regardless of whether *Twombly* is or is not applied; therefore the Court need not take a position on the debate. A defendant must, at a minimum, give fair notice to the opposing party because *Twombly* "did not abrogate the notice pleading standard." *Cox v. Callaway_Cnty., Missouri*, No. 2:18-CV-04045-NKL, 2020 WL 1548065, at *2 (W.D. Mo. Mar. 31, 2020) (*See also Cope v. Let's Eat Out, Inc.,* No. 6:16-CV-03050-SRB, 2017 WL 1425838, at *1 (W.D. Mo. Apr. 18, 2017); *Contra Bel/Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); and *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Even were the enhanced pleading standard applied to Affirmative Defenses, Certain Defendants would not be obligated under this standard to plead new facts in support of their affirmative defenses as long as the defenses provide fair notice of

4

the ground on which it rests: Under *Iqbal* and *Twombly,* specific facts are not necessary; however, the pleading must provide fair notice of what the defense is and the ground upon which it rests. *Twombly,* 550 U.S. at 555. It must contain sufficient factual matter to demonstrate the defense is plausible on its face; that is, it must create a reasonable inference that the plaintiff is subject to the defense in question. *Sch. of the Ozarks, Inc. v. Greatest Generations Found., Inc.,* No. 10-3499-CV-S-ODS, 2011 WL 1337406, at *1 (W.D. Mo. Apr. 7, 2011).

The "factual matter" referenced in the above quote may be derived from the Plaintiff's Complaint: "Alleging Plaintiff has failed to state a claim for relief does not depend on facts: it depends on an analysis of the Complaint. Therefore, no facts are really called for by *Iqbal* and *Twombly.*" *Sch. of the Ozarks, Inc. v. Greatest Generations Found., Inc.,* No. 10-3499-CV-S-ODS, 2011 WL 1337406, at *2 (W.D. Mo. Apr. 7, 2011). "However, the level of detail required to provide notice varies depending upon the defense asserted. For example, an assertion of "statute of limitations" will provide sufficient notice in most cases because the complaint has defined the parameters of the claim, generally making the applicable statute of limitations obvious." *Jennings v. Nash,* No. 6:18-CV-03261-NKL, 2019 WL 286750, at *3 (W.D. Mo. Jan. 22, 2019).

Therefore, Certain Defendants are not obligated to plead separate facts in support of each of their Affirmative Defenses under the *Twombly* standard as Plaintiffs assert.

5

## ARGUMENT

### Affirmative Defenses 1, 3, and 9 Need Not Be Stricken:

Even if, as Plaintiffs' assert, these defenses which point to the insufficiency of Plaintiffs' Complaint are not proper affirmative defenses (that ""Plaintiffs' Complaint is vague, conclusory and without sufficient facts," that "Plaintiffs' Complaint fails to state a claim upon which relief can be granted," and that "Defendants did not violate the United States Constitution or any statutory right with regard to Decedent"), Plaintiffs' assertion that the Court "must" strike such is incorrect. *Sch. of the Ozarks, Inc. v. Greatest Generations Found., Inc.*, No. 10-3499-CV-S-ODS, 2011 WL 1337406, at *2 (W.D. Mo. Apr. 7, 2011) ("Accordingly, leaving the defense in place does neither party any harm (or any good). The Court will take no action."); (*see also Jennings v. Nash,* No. 6:18-CV-03261-NKL, 2019 WL 286750, at *1 (W.D. Mo. Jan. 22, 2019) ("While courts have "liberal discretion" to strike pleadings under Rule 12(f), striking a party's pleading is an "extreme measure" that is "viewed with disfavor and infrequently granted").

### Affirmative Defense 5 Need Not Be Stricken:

Plaintiffs point out that 28 U.S. Code § 1915 largely concerns prisoners proceeding in forma pauperis and assert that the statute is therefore inapplicable to the present case. However, the language of 28 U.S. Code § 1915(e) (the section relied on in Certain Defendants' Affirmative Defense 5) does not limit itself to

6

inmates who have not paid a filing fee. § 1915(e)2(B) provides grounds for dismissal without reference to indigent status as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—[...] (B)the action or appeal— (i)is frivolous or malicious; (ii)fails to state a claim on which relief may be granted; or (iii)seeks monetary relief against a defendant who is immune from such relief.

### Affirmative Defense 6 Provides Adequate Notice with Factual Basis Derived from Plaintiffs' Amended Complaint:

Plaintiffs argue that Certain Defendants' Affirmative Defense "that it is protected from liability and suit under the doctrines of qualified, absolute, judicial, and official immunity" (#6) lacks sufficient factual basis. However, as stated in Certain Defendants' Motion to Dismiss, Plaintiffs have pled all necessary facts for the state-law claims alleged in the Amended Complaint to be barred by Official Immunity: that Certain Defendants were employees of a state entity acting within the scope of their employment of all acts alleged in the Amended Complaint.

Therefore, as stated in *Jennings*, where the necessary facts for a defense are already found in Plaintiffs' complaint, assertion of the defense "will provide sufficient notice in most cases because the complaint has defined the parameters of the claim." *Jennings*, No. 6:18-CV-03261-NKL, 2019 WL 286750, at 3.

7

### Affirmative Defenses 8 and 29 Need Not Be Stricken:

Plaintiffs assert that the PLRA requirement that a prisoner exhaust administrative remedies before a suit may be filed does not apply to the estate of a deceased inmate, and thus, that this statute should not apply to the present suit. In support of this position, Plaintiffs cite persuasive authority from several other circuits, including district courts in Idaho, Puerto Rico, Alabama, New Jersey, and California.

However, this is not a settled issue in the 8th circuit. The Claims which Plaintiffs assert in their petition are for their own alleged personal injuries, saving only their assertion of Wrongful Death, but those of Othel Moore, Jr., who was at all times relevant to this suit an inmate at the Jefferson City Correctional Center. For any of these claims predating his death, such as Count XIV (Negligent Training/ Supervision), a Court's determination is needed that Mr. Moore "could have timely initiated the grievance process with respect to his claims" before the Court may dismiss pleadings asserting these claims, and by extension of the same reasoning, before the Court may dismiss the pleading of an affirmative defense that Plaintiffs have not exhausted administrative relief as required by the PLRA. *Becker v. Ike*, No. 24-2601, 2025 WL 47746, at *1 (8th Cir. Jan. 8, 2025).

### Affirmative Defense 18 Need Not Be Stricken:

Plaintiffs continue the argument that the PLRA does not apply to this suit and further argue that 42 U.S.C. § 1997(e)e should not apply in this instance to bar

8

"any recovery for mental or emotional injury" because Mr. Moore died. The causes of action alleged by Plaintiffs belonged first to Mr. Moore, an inmate under obligations, where possible, to seek administrative redress for prison conditions before suit may be filed.

Not all of the Counts in Plaintiffs' Complaint allege a cause-in-fact relationship with Mr. Moore's death. For instance, the counts related to failure to train and to infliction of emotional distress do not allege that the acts by which defendants either failed to train, or emotionally distressed Mr. Moore, caused him physical injury. As such, for any alleged cause of action which did not result in a physical injury to Mr. Moore, who was a prisoner at all times covered by the Amended Complaint, 42 U.S.C. § 1997(e)e, should apply to bar recovery "for mental or emotional injury suffered while in custody."

### Affirmative Defense 27 Need Not Be Stricken:

Plaintiffs assert that Certain Defendants' 27th Affirmative Defense should be struck because no party may unilaterally reserve the right to amend pleadings. However, this defense properly fulfills one of the key purposes of affirmative defense pleadings, which is to provide to Plaintiffs "fair notice" of Certain Defendants' intention to introduce other defenses as they become relevant to the discovered facts of the case by appropriate pleadings.

9

### Affirmative Defense 30 Need Not Be Stricken:

Plaintiffs assert under *School of the Ozarks* that this defense is properly made through motion. In that case, a similar Affirmative Defense raising a lack of subject matter jurisdiction was struck on the reasoning that because "lack of subject matter jurisdiction cannot be waived, [...] the failure to include it as an affirmative defense would be of no effect." *Sch. of the Ozarks, Inc.,* No. 10-3499-CV-S-ODS, 2011 WL 1337406, at 2. As this defense may not be waived, it is of no benefit to Plaintiffs to strike this defense.

### CONCLUSION

"Despite this broad discretion however, striking a party's pleadings is an extreme measure, and, as a result, we have previously held that "[m]otions to strike under Fed.R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted." *Stanbury L. Firm,* 221 F.3d at 1063. (quoting *Lunsford v. United States,* 570 F.2d 221, 229 (8th Cir.1977)).

Certain Defendants' Affirmative Defenses fulfill the primary purpose of Affirmative pleadings: "[T]he primary role of pleadings in the federal system ... is to provide notice ...." *Pesce v. City of Des Moines, Iowa,* 439 F. Supp. 3d 1101, 1108 (S.D. Iowa 2020) (*Quoting Pepper v. Village of Oak Park,* 430 F.3d 805, 812 (7th Cir. 2005)); see also *id.* ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept

10

the principle that the purpose of pleading is to facilitate a proper decision on the merits.")

Each of Certain Defendants' Affirmative Defenses puts Plaintiffs on notice of Certain Defendants' intent to defend on that basis.

Despite the inclusion of both ultimate and specific facts in Certain Defendants' Affirmative Defenses, Plaintiffs have argued, but have not shown how, they are incapable of preparing for trial, by means of discovery or otherwise. Thus, the purpose of Rule 8 is fulfilled in that each pled defense gives notice to Plaintiffs of the intended defenses and gives Plaintiffs an opportunity to prepare a response.

**WHEREFORE**, Certain Defendants Justin Davison, Ryan Williams, William Wells, Craig Glatczak, and Onyewuchi Nkwocha respectfully request this Court deny Plaintiffs' Motion to Strike paragraphs from Certain Defendants' Affirmative Defenses; and for such further relief as the Court deems just and proper.

Respectfully submitted,

GIBBS POOL AND TURNER, P.C.

/s/ Scott R. Pool
Scott R. Pool         #42484
Joseph P. Bjork       #75208
3225 A Emerald Lane
Jefferson City, Missouri 65109
(573) 636-2614; (573) 636-6541 f
pool@gptlaw.net; jbjork@gptlaw.net
*Attorneys for Certain Defendants Davison, Williams, Wells, Glatczak and Nkwocha*

11

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served via electronic filing on February 7, 2025, to:

Benjamin Stelter-Embry
1600 Genessee, Suite 956
Kansas City MO 64102
ben@embry-law.com
Lead Attorney for Plaintiffs

Andrew Stroth
191 North Wacker Dr., Suite 2300
Chicago, IL 60606
844-878-4529
astroth@actioninjurylawgroup.com
Attorney for Plaintiffs

James Ormond and Steven Hart
One South Dearborn Street #1400
Chicago, IL 60603
312-955-0545
jormond@hmelegal.com

Jennifer Donnelli
Baty Otto Scheer
4435 Main Street #1100
Kansas City MO 64111
Attorney for Def. Bradshaw

J. Thaddeus Eckenrode
11477 Olde Cabin Road #110
St. Louis, MO 63141
jte@eckenrode-law.com
Attorney for Centurion of Missouri, LLC

Dennis Harms
Sandberg Phoenix & von Gontard
701 Market #600
St. Louis MO 63101
dharmes@sandbergphoenix.com

Kevin Smith
MO Attorney General's Office
615 East 13th Street #401
Kansa City MO 64106
816-889-5016
Kevin.Smith@ago.mo.gov

Ryan Bertels
Schreimann, Rackers & Francka,
931 Wildwood Drive,Suite 201
Jefferson City, MO 65109

/s/ Scott R. Pool
Scott R. Pool

Cc:	Anna Connelly
	Dennis Harms
	Justin Davison
	Ryan Williams
	William Wells
	Craig Glatczak
	Onywuchi Nkwocha