IN THE UNITED STATES DISCTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DORIS ANN SCOTT, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No.: 2:24-cv-04107-MDH |
| ) | |
| TREVOR FOLEY, et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS LEGGINS AND CASE'S REPLY SUGGESTIONS IN SUPPORT OF THEIR JOINT MOTION TO STAY PROCEEDINGS**

Defendants Justin Leggins and Jacob Case, by and through their undersigned counsel, hereby submit their Reply Suggestions in Support of their Motion to Stay Proceeds (Doc. 55) as follows:

In their Suggestions in Opposition, Plaintiffs first state that Defendant Leggins and Case have waived their Fifth Amendment rights by speaking with the local sheriff's department and their employer during interviews without legal counsel present. Doc. 68 p. 6-9. Plaintiffs primarily rely on the case of *Rogers v. United States*, 340 U.S. 367 (1951) for this argument. In *Rogers*, an individual was subpoenaed to testify before a grand jury, answered some questions without objection, and then refused to answer other questions. *Id*. at 368. She again refused to answer questions and then invoked her Fifth Amendment right for the first time. *Id*. at 369-70. The Court held that the individual had already answered self-incriminating statements to the grand jury and could not refuse to answer further question which would not subject her to a real danger of further incrimination. *Id*. at 372-375.

Plaintiffs' reliance on *Rogers* is misplaced as Defendants Leggins and Case have not waived their Fifth Amendment rights as they have not testified under oath in any capacity. Respectfully, it is not this Court's position to decide whether those Fifth Amendment rights are waived, as that is the role of the court where their criminal charges are pending. Plaintiffs also cite *Minnesota v. Murphy*, 465 U.S. 420 (194), but that case also involved an individual who was subpoenaed to testified previously under oath – testimony that has not happened here with Defendant Leggins and Case. Plaintiffs fail to cite any case for the proposition they argue for – that an individual who speaks with law enforcement and/or his employer about an incident prior to any criminal charges being filed has forever waived his Fifth Amendment rights in all future proceedings. This is not the law, and Defendants Leggins and Case have not waived any Fifth Amendment privileges as Plaintiffs claim.

Secondly, Plaintiffs argue that they should be allowed to conduct discovery regarding statements Leggins and Case already made to the local sheriff and their employer. Doc. 68 at p. 9-10. Plaintiffs again ignore the fact that Defendants Leggins and Case were not questioned under oath, did not testify under oath, and were not subpoenaed to testify under oath. Thus, their situation here is different than the cases cited by Plaintiffs where individuals were asked questions under oath and later asserted the privilege. That is not the case here, therefore, there has been no waiver of the Fifth Amendment as Plaintiffs claim.

Plaintiffs then argue that Defendants Leggins and Case have not met the high burden required for a stay. Doc. 68 at p. 10. In making this argument, Plaintiffs

essentially concede that the civil and criminal cases are interrelated and overlapping as to both Defendants Leggins and Case. As a result, there is no reasonable way for Defendants Leggins and Case to selectively assert their Fifth Amendment privilege against self-incrimination or otherwise effectively defend both the criminal and civil cases. A stay of this civil proceeding against them is the only way these two can protect themselves in the criminal case and not be subjected to an adverse inference in this civil case.

Despite agreeing the cases are interrelated and overlapping, Plaintiffs make several arguments as to why a stay should not issue, none of which are persuasive. Plaintiffs first argue that they will suffer a hardship from potential delays. Doc. 68 at p. 11. Plaintiffs claim without any evidence that his case would deteriorate if a stay were granted and they would be delayed in compensation for the alleged wrongs committed. But Plaintiffs' claims are for money damages and those claims will survive the resolution of the criminal proceeding. Moreover, this incident occurred a little more than a year ago, so the recollection of witnesses should still be fresh.

Plaintiffs then argue there is minimal prejudice to Defendants Leggins and Case. Doc. 68 at p. 14. In doing so, Plaintiffs rely on cases outside of the Eight Circuit and cases that have not adopted the standard used in the Eighth Circuit set forth in *Koester v. American Republic Investments, Inc.*, 11 F.3d 818 (8th Cir. 1993). Essentially, Plaintiffs argue that Defendants Leggins and Case can just take the Fifth Amendment here in this case. But this argument has already been rejected by Courts in this Circuit. Under the standard Plaintiffs argue for, no stay of a civil case would ever be warranted. As set forth

in the Suggestions in Support of the Motion to Stay, numerous federal courts in the State of Missouri in applying the *Koester* factors have not agreed with Plaintiffs' position and imposed a stay of civil cases while criminal cases were ongoing.

Plaintiffs also argue that because there is a video, there is no burden on Defendants Leggins and Case. This argument ignores the fact that the video has no sound, and Defendants Leggins and Case both have the right to explain the circumstances of what took place on the video and to explain to the finder of fact what occurred. In discovery and depositions in this matter, Defendants risk self-incrimination in answering written discovery or deposition questions. The alternative is for these Defendants to proceed with defending the civil case at the cost of foregoing their Constitutional rights against self-incrimination. The burden on Defendants Leggins and Case is therefore substantial as they are essentially caught in a Catch-22 of deciding which case to defend, and this factor weighs in favor of staying the case

Plaintiffs then argue without any support that the public has a belief and need for the prompt resolution of this case. Doc. 68 at p. 17. Plaintiffs do not address Defendants' argument that the public interest of law enforcement outweighs the competing interest of Plaintiffs' right to a reasonably prompt determination of their claims. The public interest will not be harmed by a civil case being stayed pending the outcome of a criminal case involving the same facts and circumstances.

Lastly, Plaintiffs argue that in the event a stay is granted, it should be limited. Doc. 68 at p. 18. Defendants would first note that they did not request a stay of the entire case in their Motion for Stay. As these Defendants are only two parties to this case, they

did not want to make any recommendations to the Court on how the stay should be implemented. If this Court deems it necessary to stay the entire case pending the resolution of the criminal charge against them, that is fine with Defendants. If this Court wants to implement a stay and allow discovery to proceed among the other parties while the stay is in place during the pendency of Defendant Leggins and Case's respective criminal cases, that is fine with these Defendants as well.

In summary, as set forth more fully in Defendant Leggins and Case's Suggestions in Support of their Joint Motion to Stay (Doc. 56), all five factors weigh in favor of granting a stay of this proceeding pending resolution of the criminal charges against them.

WHEREFORE, Defendants Leggins and Case request this Court grant their motion to stay and enter an Order staying this civil proceeding against them pending resolution of the criminal charges against both of them, and all other and further relief this court deems just and proper under the circumstances.

Respectfully Submitted,

SCHREIMANN, RACKERS & FRANCKA, L.L.C.

/s/ Ryan Bertels
Ryan Bertels, #55167
931 Wildwood Drive, Suite 201
Jefferson City, MO 65109
573/634-7580
573/635-6034 (facsimile)
rb@srfblaw.com

Attorneys for Defendants Leggins, Case, Brown, and Varner

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the above and foregoing was served upon all attorneys of record via the Court's electronic filing system on February 17, 2025.

                                                /s/ Ryan Bertels