**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

DORIS ANN SCOTT and ORIEL MOORE,

        Plaintiffs,

v.

TREVOR FOLEY, in his official and
individual capacity as DIRECTOR of the
MISSOURI DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.

Case No. 2:24-cv-04107-MDH

## SUGGESTIONS IN SUPPORT OF DEFENDANT BRYANNE BRADSHAW'S MOTION TO STAY PROCEEDINGS

Defendant Bryanne Bradshaw ("Bradshaw") has been criminally charged by the State of Missouri in a Joint Indictment filed in the Circuit Court of Cole County, Missouri, Dkt. 55-55-A.[1] Bradshaw has been indicted on two felony charges—second-degree murder and accessory assault in the second degree. Bradshaw has entered a plea of not guilty and retains the presumption of innocence. Bradshaw is entitled to the presumption of innocence on the charges until such time as she either pleads guilty or is found guilty beyond a reasonable doubt.

That Bradshaw gave information referenced in the Probable Cause Statement is not determinative. This was an unmirandized statement, not given under oath, and the State has not proven that Bradshaw actually communicated the information referenced in the Statement. The criminal case has not progressed to the stage where it is known whether Bradshaw's statements will be suppressed, a decision to be made not by this Court, but by the Circuit Court of Cole County, Missouri.

---

[1] Along with Defendants Justin Leggins, Jacob Case, and Aaron Brown. All have moved, over Plaintiffs' objection (Dkt. 68), for a stay of the proceeding pending the outcome of the respective state criminal proceedings against them. (Dkt. 55-56, 87) Bradshaw incorporates herein the arguments of Leggins, Case, and Brown, unless inconsistent with the assertions herein.

Being charged with murder would warrant an extraordinary remedy such as a limited stay of this proceeding for anyone who has ever had to defend themselves. Second-degree murder is a Class A felony in Missouri. The statutory range of punishment for a conviction is no less than 10 years and no more than 30 years, or life, in the Missouri Department of Corrections. A Class A felony represents the highest degree of felony under Missouri law. Bradshaw should not have to make decisions on when and if to assert her Fifth Amendment privileges in both litigations at the same time, the assertion of which have different consequences depending on whether it is a civil or criminal setting in which the invocation is made. Bradshaw faces a significant burden if a stay is not entered.

The criminal charges against Bradshaw stem from the same allegations that are the subject of the current civil case. As in the criminal indictment, Plaintiffs allege that, on or about December 8, 2023, while Bradshaw was employed by the Missouri Department of Corrections, she (either acting alone or in concert with others) caused the death of Othel Moore Jr. There is no material distinction between the allegations in the two proceedings. What happens in each will affect the other. The close interrelationship between the criminal and civil matters makes it impossible for Bradshaw to effectively defend both while invoking her Fifth Amendment right against self-incrimination.

For all of these reasons, Bradshaw requests that the Court stay the civil litigation pending the outcome of the criminal case.

## **ARGUMENT**

A federal district court has the inherent power to stay proceedings to manage its docket, conserve resources, and ensure just outcomes. *Armstrong v. Mille Lacs Cty. Sheriffs Dept.*, 112 F. Supp.2d 840, 843 (D. Minn. 2000). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Aldridge v. City of St. Louis*, 2020 U.S.

Dist. LEXIS 6706, *9-11 (E.D. Mo. 2020) citing *Landis v. North Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). "The decision whether to stay civil litigation in deference to parallel criminal proceedings is discretionary and requires the Court to 'assess and balance the nature and substantiality of the injustices claimed on either side.' *General Dynamics v. Selb Mfg. Co.*, 481 F.2d 1204, 1214-15 (8ᵗʰ Cir. 1973) (quoted case omitted).

While not constitutionally required in civil cases pending criminal outcomes, a stay may be warranted when civil and criminal cases are factually related, as they are here. *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368 (D.C. Cir. 1980); *Koester v. Am. Republic Invs., Inc.*, 11 F.3d 818, 823 (8th Cir. 1993). "A stay of a civil trial until factually related criminal proceedings are concluded is sometimes warranted." *Koester*, 11 F.3d at 823; *United States v. Kordel*, 90 S.Ct. 763, n. 27 (1970). "The strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Security and Exchange Commission v. Dresser Industries, Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980).

That is the circumstance here. Plaintiffs' claim in this civil lawsuit alleges civil rights violations pursuant to 42 U.S.C. § 1983 and various Missouri state law tort claims related to the death of Othel Brown Jr. The charges in the indictments and Plaintiffs' claims in this lawsuit arise from the same subject matter, namely the death of Othel Moore, Jr. on December 8, 2023, while Defendants Bradshaw was employed as correctional officers with the Missouri Department of Corrections.

## THE STAY FACTORS EXPRESSED IN *KOESTER* FAVOR A STAY HERE

Courts consider several factors in deciding whether to grant a stay, including: (1) the plaintiff's interest in a timely resolution, (2) the burden on the defendant, (3) judicial efficiency, (4) the interests of non-parties, and (5) the public's interest in both proceedings. *Koester*, 11 F.3d at 823; *Ruszczyk v. Noor*, 349 F. Supp.3d 754, 758 (D. Minn. 2018).

Whether the defendant can effectively defend both cases without invoking the Fifth Amendment is a dominant consideration under the second factor. *SEC v. Dresser*, 628 F.2d at 1375. A "defendant must make a strong showing that either the two proceedings are so interrelated that he cannot protect himself at a civil trial by selectively invoking his Fifth Amendment privilege…or that two trials will so overlap the effective defense of both is impossible." *Koester*, 11 F.3d at 823. Bradshaw's showing here is strong. The criminal and civil cases against Bradshaw and other moving defendants are based on the same subject matter. If the civil case is not stayed, Bradshaw will be forced to either defend the civil case and assert her Constitutional privilege against self-incrimination in connection with the vast majority of substantive allegations in the civil case, risking an adverse inference and subjecting her to potential civil liability, or defend the civil case at the cost of foregoing her respective Fifth Amendment right against self-incrimination. Bradshaw cannot protect herself by selectively invoking the Fifth Amendment privilege and cannot effectively defend both cases.

This conflict was discussed in *Chagolla v. U.S. Immigration & Customs Enforcement*, 529 F. Supp.2d 944, 947 (S.D. Cal. 2008), and *Crawford & Sons, Ltd. v. Besser*, 298 F. Supp. 2d 317, 319 (E.D. N.Y. 2004); *Baxter v. Palmigiano*, 425 U.S. 308, 320 (1976) (adverse inferences may be drawn when a defendant invokes the Fifth Amendment in a civil case). Without a stay, Bradshaw may face prejudice from having to reveal her criminal defense in the civil litigation. *Ruszczyk*, 349 F. Supp.3d at 761. A stay would allow her to properly defend the criminal case without exposing herself to harmful consequences in the civil case.

Further, given that the facts and circumstances of the criminal allegations closely mirror those underlying this civil lawsuit, there is a significant risk that permitting both cases to proceed simultaneously could lead to conflicting orders and/or judgments. Moreover, allowing the criminal case to reach a verdict may provide the parties and the Court in this case with valuable guidance from the discovery, orders, verdicts, and/or judgments in the criminal case.

Staying the civil lawsuit while the criminal case proceeds will conserve judicial resources as well as the resources of all parties involved. A stay of the civil case is warranted under *Koester*.

### THE STAY FACTORS EXPRESSED IN *KEATING* FAVOR A STAY HERE

The Eighth Circuit has not formally adopted factors to analyze whether a stay is necessary in the particular context of parallel criminal proceedings, but this Court and other district courts in the Eighth Circuit have generally considered the following factors adopted by the Ninth Circuit, which overlap in large part with the *Koester* factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Aldridge*, 2020 U.S. Dist. LEXIS 6706, at *9-11 citing *White v. Feaman*, No. 4:18-CV-00518-NCC, 2018 WL 5831261 at *2 (E.D. Mo. Nov. 7, 2018) quoting *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 325 (9th Cir. 1995). *See also Turley v. United States,* No. 02-4006-CV-C-NKL, 2002 WL 31097225 (W.D. Mo. Aug. 22, 2002); *Cole v. Strauss,* 2014 U.S. Dist. LEXIS 113474 (W.D. Mo. 2014) (unreported opinion).

While the interests of non-parties are not particularly relevant, the public's interest in upholding the rule of law is significant, and the criminal proceedings further that interest. "Administrative policy gives priority to the public interest in law enforcement." *Turley,* 2002 WL 31097225 at **3-4. The public has a significant interest in both the timely resolution of civil litigation and the integrity of the criminal process. *Ruszczyk*, 349 F. Supp.3d at 765. A stay in this case, though it may delay civil proceedings, is justified by the public's interest in ensuring that the criminal case proceeds without interference from the civil litigation. *Id*. The public interest in a fair and untainted criminal prosecution takes precedence over civil litigation, especially when the civil case seeks only civil remedies.

**A. Discovery in the Criminal Proceeding Can Inform the Civil Case.**

While a stay may cause some delay, courts have recognized that the overlap between criminal and civil cases can mitigate this concern through the sharing of case information. *Volmar Distribs., Inc. v. New York Post Co.*, 152 F.R.D. 36, 40 (S.D. N.Y. 1993). Here, the criminal charges directly stem from the same facts as the civil claims, involving the same incident and parties. The resolution of the criminal case will likely provide important evidence for the civil case. *Tr. of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech. Corp.*, 886 F. Supp. 1138, 1140 (S.D. N.Y. 1995).

Moreover, the criminal justice system can safeguard evidence, potentially reducing the scope of civil discovery. Courts have observed that preserving the integrity of the criminal case can also limit unnecessary duplication in the civil case. *Ruszczyk*, 349 F. Supp. 3d at 761. The charges in this case, including second-degree murder and accessory assault in the second degree, warrant prioritizing the criminal case to avoid interference and ensure its fairness. *Ruszczyk*, 349 F. Supp.3d at 763.

Staying the civil proceedings would promote judicial efficiency by avoiding unnecessary duplication and conserving resources. *Ruszczyk*, 349 F. Supp.3d at 763. The uncertainty expressed in *Turley* about whether criminal charges would issue is immaterial here because Bradshaw has been charged. 2002 WL 31097225 at **3-4. A ruling in the criminal case could simplify the issues in the civil case, reducing the scope of discovery and clarifying the factual and legal issues. *Chao v. Fleming*, 498 F. Supp.2d 1034, 1040 (W.D. Mich. 2007) (periodic updates on the criminal case can help the court manage the stay). By staying the civil case, the court can await the outcome of the criminal case before proceeding further. Plaintiffs' claims are for money damages and those claims will survive the resolution of the criminal proceedings. Money damages claims may be subject to accruing interest.

**B. Plaintiffs' Opposition to a Stay is Not Well-Founded.**

Bradshaw's statements referenced in the Probable Cause Statement are not grounds to deny a stay. The Cole County Circuit Court has not determined whether such statements are admissible or will be suppressed. Plaintiff are anticipated to cite *Rogers v. United States*, 340 U.S. 367 (1951), to contend that the Probable Cause Statement is a waiver of Bradshaw's Fifth Amendment Privileges. *Rogers* is distinguishable and therefore not controlling. There, an individual was subpoenaed to testify before a grand jury and answered some but not all questions asked of the individual. *Id*. at 368. The individual invoked her Fifth Amendment Privileges only after answering earlier questions, and this was determined a waiver of the Privilege because of her earlier answers. *Id*. at 369-70. Any danger of further incrimination had passed because of the individual's decision to answer earlier questions. *Id*. at 372-375.

Here, again, the Probable Cause Statement was an unmirandized statement, not given under oath, and the State has not proven that Bradshaw actually communicated the information referenced there. The criminal case has not progressed to the stage where it is known whether Bradshaw's statements will be suppressed, a decision to be made not by this Court, but by the Circuit Court of Cole County, Missouri. The existence of the Probable Cause Statement does not preclude a stay here.

It is also anticipated Plaintiff may rely on *Minnesota v. Murphy*, but it (like *Rogers*) is distinguishable. 465 U.S. 420 (1984). The evidence there was under-oath testimony, which the Probable Cause Statement has not been shown to be. It was unmirandized. It is simply not the law that information exchanged before criminal charges are filed results in a waiver of a later-charged defendant's Fifth Amendment Rights. Bradshaw still has intact her Fifth Amendment Rights, which should be protected through issuance of a stay in this matter.

## CONCLUSION

A stay is warranted given the substantial overlap between the criminal and civil cases

affecting Bradshaw and the potential harm to her Fifth Amendment rights if both cases proceed simultaneously. Bradshaw agrees to provide the Court with a matter status update no later than ninety (90) days from the date of any case stay Order regarding the need for a continuing stay. Periodic updates on the status of the criminal case, as set forth in *Chao v. Fleming*, 498 F. Supp.2d 1034, 1040 (W.D. Mich. 2007), will ensure that the Court is kept informed of any developments.

Respectfully submitted,

**BATY OTTO SCHEER P.C.**

*/s/ Jennifer Donnelli*

| | |
|---|---|
| Theresa A. Otto | MO #43453 |
| Jennifer Donnelli | MO #47755 |
| Stephanie M. Burton | MO #63458 |

4435 Main Street, Suite 1100
Kansas City, MO 64111
Telephone:   (816) 531-7200
Facsimile:   (816) 531-7201
totto@batyotto.com
jdonnelli@batyotto.com
sburton@batyotto.com
**ATTORNEYS FOR DEFENDANT**
**BRYANNE M. BRADSHAW**

## CERTIFICATE OF SERVICE

This certifies the foregoing was filed with the Court via the Court's e-filing system on February 19, 2025, with copies the same day via electronic mail to:

Andrew M. Stroth (admitted Pro Hac Vice)
ACTION INJURY LAW GROUP
22 W. Washington Street, #1600
Chicago, IL 60602
Telephone: (844) 878-4529
astroth@actioninjurylawgroup.com

Steven Hart (admitted Pro Hac Vice)
James Ormond (admitted Pro Hac Vice)
HART MCLAUGHLIN & ELDRIDGE, LLC
22 W. Washington Street, #1600
Chicago, IL 60602
Telephone:  (312) 955-0545
shart@hmelegal.com
jormond@hmelegal.com

Larry Disparti (admitted Pro Hac Vice)
DISPARTI LAW, LLC
121 W. Wacker Drive, Suite 2300
Chicago, IL 60601
Telephone: (312) 506-5511
ldisparti@dispartilaw.com

Ben Stelter-Embry MO #65404
EMBRY LAW, LLC
4700 Belleview, Suite 300
Kansas City, MO 64112
Telephone: (913) 231-9396
ben@embry-law.com

**Attorneys for Plaintiffs**

Dennis S. Harms, #58937
SANDBERG PHOENIX & von GONTARD
P.C.
701 Market Street, Suite 600
St. Louis, MO 63101-1826
Telephone: (314) 231-3332
Facsimile: (314) 241-7604
dharms@sandbergphoenix.com
**Attorneys for Defendant Jennifer Long**

J. Thaddeus Eckenrode, #31080
ECKENRODE-BAUMAN
11477 Olde Cabin Rd., Suite 110
St. Louis, MO 63141
Telephone: (314) 726-6670
Facsimile: (314) 726-2106
jte@eckenrode-law.com
**Attorneys for Defendant**
**Centurion of Missouri, LLC**

Scott R. Pool, #42484
GIBBS POOL and TURNER, P.C.
3225 A Emerald Lane
Jefferson City, MO 65109
Telephone: (573) 636-2614
Facsimile: (573) 636-6541
pool@gptlaw.net
**Attorneys for Defendants Davison,**
**Williams, Wells, Glatczak and Nkwocha**

Ryan Bertels, #55167
SCHREIMANN, RACKERS & FRANCKA,
L.L.C.
931 Wildwood Drive, Suite 201
Jefferson City, MO 65109
Telephone: (573) 634-7580
Facsimile: (573) 635-6034
rb@srfblaw.com
**Attorneys for Defendants Leggins, Case,**
**Brown and Varner**

Kevin M. Smith, #51599
ANDREW BAILEY Attorney General
Deputy Chief Counsel – Litigation
615 E. 13th Street, Suite 401
Kansas City, MO 64106
Telephone: (816) 889-5106
Kevin.smith@ago.mo.gov
**Attorneys for Defendants Foley and**
**Morriss**

9

_/s/ Jennifer Donnelli_
**Attorney for Defendant**