IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| DORIS ANN SCOTT and ORIEL MOORE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-CV-04107-MDH |
| | ) | |
| CENTURION OF MISSOURI, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE
CERTAIN DEFENDANTS' AFFIRMATIVE DEFENSES**

I. **INTRODUCTION**

Defendants' Response to Plaintiffs' Motion to Strike does not meaningfully address the deficiencies in their affirmative defenses. (Doc. 84). Rather than providing factual support, Defendants rely on generalized assertions that do not meet the pleading standards established in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Affirmative defenses must be supported by more than conclusory statements, and Defendants have not met this requirement.

Plaintiffs' motion is not an attempt to prevent Defendants from asserting legitimate defenses but rather a necessary step to ensure that only properly pleaded defenses remain in the case. Rule 12(f) of the Federal Rules of Civil Procedure exists to eliminate legally insufficient defenses that would otherwise complicate and prolong litigation without serving a substantive purpose. Accordingly, the Court should grant Plaintiffs' motion and strike the deficient affirmative defenses.

II. **ARGUMENT AND AUTHORITIES**

    A. **Defendants' Response Fails to Rehabilitate Their Insufficient Affirmative Defenses.**

        1. **Defendants' Boilerplate Defenses Do Not Meet Rule 8 Pleading Standards.**

1

Defendants argue that even if Affirmative Defenses 1, 3 and 9 are not proper affirmative defenses, the Court is not required to strike them. However, this argument misinterprets both the applicable legal standard and the purpose of Rule 12(f).

First, while courts have discretion in striking affirmative defenses, the prevailing rule is that legally insufficient defenses should be removed to prevent unnecessary confusion and inefficiency in litigation. The cases Defendants cite – *School of the Ozarks, Inc. v. Greatest Generations Found., Inc.*, No. 10-3499-CV-S-ODS, 2011 WL 1337406, at *2 (W.D. Mo. Apr. 7, 2011), and *Jennings v. Nash*, No. 6:18-CV-03261-NKL, 2019 WL 286750, at *1 (W.D. Mo. Jan. 22, 2019) – do not establish that courts *should* retain improper defenses, only that courts have discretion in deciding whether to strike them. That discretion should be exercised in favor of striking affirmative defenses that are facially improper, as is the case here.

Second, Defendants' affirmative defenses – including that Plaintiffs' Complaint is vague, conclusory, or fails to state a claim – are not affirmative defenses at all. *Jennings*, 2019 WL 286750, at *4. Instead, they are merely restatements of potential Rule 12(b)(6) arguments, which must be raised through appropriate motion practice rather than as affirmative defenses. Courts in this district and elsewhere have consistently recognized that such assertions do not belong in an answer. See *Smithville 169 v. Citizens Bank & Trust Co.*, No. 4:11-CV-0872-DGK, 2012 WL 13677, at *3 (W.D. Mo. Jan. 4, 2012) (striking vague and conclusory affirmative defenses that failed to provide notice or a legal basis).

Finally, retaining legally baseless affirmative defenses does, in fact, harm Plaintiffs and the efficiency of this litigation. It forces Plaintiffs to expend time and resources addressing nonviable defenses, unnecessarily complicating the case. Rule 12(f) exists precisely to eliminate such legally insufficient assertions before they needlessly burden the proceedings. Accordingly, the Court should exercise its discretion to strike these improper defenses, ensuring that the litigation proceeds on legally sound grounds without unnecessary procedural clutter.

### 2. Affirmative Defense No. 5 Is Inapplicable.

In a similar vein, Defendants' reliance on 28 U.S.C. § 1915(e)(2)(B) for Affirmative No. 5 is both misleading and legally flawed. Their argument selectively cites only part of the statute while ignoring the broader statutory context, which makes clear that § 1915 applies exclusively to cases where a plaintiff proceeds *in forma pauperis*. *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) ("The *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure 'that indigent persons will have equal access to the judicial system.'"). Because Plaintiffs are not proceeding *in forma pauperis*, § 1915 is inapplicable here.

Even if § 1915(e)(2)(B) were applicable beyond *in forma pauperis* cases, it does not provide an independent defense for defendants to assert in an answer. Rather, it grants courts discretion to dismiss a case if it finds the claims frivolous, meritless, or seeking relief from an immune defendant. If Defendants believe Plaintiffs' claims fail as a matter of law, the proper procedural avenue is a Rule 12(b)(6) motion – not an improperly pleaded affirmative defense. Because § 1915(e) is inapplicable and does not create a valid affirmative defense, Affirmative Defense No. 5 should be stricken under Rule 12(f).

### 3. Defendants' PLRA-Based Defenses Are Legally Inapplicable.

Defendants' argument that the Prison Litigation Reform Act's ("PLRA") exhaustion requirement applies to this lawsuit is not only legally flawed but also patently illogical. The notion that a deceased person – or their estate – should be required to exhaust administrative remedies under the PLRA before bringing a lawsuit defies both statutory text and common sense.

First, the PLRA's exhaustion requirement explicitly applies "to only those suits filed by prisoners." *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 924 (8th Cir. 1998). The statute defines "prisoner" as "any person incarcerated or detained." 42 U.S.C. § 1997e(h). When this lawsuit was filed, Othel Moore, Jr. was neither incarcerated nor detained in any jail, prison or correctional

3

facility. Rather, Mr. Moore was deceased when this lawsuit was initiated. A deceased individual, by definition, is not incarcerated and therefore does not meet the statutory definition of a prisoner. Courts across the country—including in Missouri, Idaho, Puerto Rico, Alabama, New Jersey, and California—have recognized this obvious reality and held that the PLRA's exhaustion requirement does not extend beyond *living prisoners.*

Indeed, the Eighth Circuit – among many other circuits – has found that **the PLRA's exhaustion requirement does not apply even if it is a former inmate** who raises claims related to prison conditions while he was a prisoner. *See, e.g., Doe By and Through Doe*, 150 F.3d at 924; *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005); *Norton v. The City of Marietta,* 432 F.3d 1145, 1149–1151 (10th Cir. 2005); *Ahmed v. Dragovich,* 297 F.3d 201, 210 (3rd Cir. 2002); *Greig v. Goord,* 169 F.3d 165, 167 (2nd Cir. 1999); *Kerr v. Puckett,* 138 F.3d 321, 323 (7th Cir. 1998).

In *Doe*, the Eighth Circuit explained the policy behind the PLRA: "to deter suits by inmates who are very quick to litigate 'simply because they have little to lose and everything to gain.'" *Id.* (internal citation omitted). The Court emphasized that Congress intended to apply the statute only to individuals who are "prisoners" at the time they file a complaint. *Id.* Since Doe was not incarcerated when he filed his case, the PLRA did not apply. *Id.*

Defendants' argument that their PLRA-based defenses should remain until it is determined whether Mr. Moore could have initiated the grievance process while alive fails as a matter of law. The PLRA applies only to claims brought by prisoners. Because Mr. Moore was deceased when this lawsuit was filed and no longer "incarcerated or detained," the statute does not apply. *Nerness*, 401 F.3d at 876.

Additionally, Affirmative Defense No. 18 attempts to invoke 42 U.S.C. § 1997e(e) to bar recovery for mental and emotional damages. As discussed above, the PLRA is inapplicable. Moreover,

4

Case 2:24-cv-04107-MDH    Document 90    Filed 02/21/25    Page 4 of 7

Section 1997e(e) is wholly inapplicable when physical injury is present. See *Dunn v. Dunn*, 219 F.Supp.3d 1163, 1182 (M.D. Ala. 2016).

Finally, the PLRA's exhaustion requirement is an affirmative defense, and the burden of pleading and proving it rests squarely on the Defendants. *Nerness*, 401 F.3d at 876 (internal citations omitted). Amending their Answer to support this defense would be futile, as it is undisputed that Othel Moore, Jr. is deceased and, therefore, no longer "incarcerated or detained" under the PLRA's. *Gallagher v. Santander Consumer USA Inc.*, Case No. 4:20-cv-01083-SEP, 2022 WL 741850, at * 3 (E.D. Mo. March 11, 2022) (citing *Scott v. City of Sioux City, Iowa*, 23 F.Supp.3d 1017, 1022 (N.D. Iowa 2014)("[P]roposed amendment is 'futile' if it is so 'legally insufficient' that it could not survive a Rule 12(f) motion to strike.")).

Since the PLRA's does not apply to the claims in this case, Affirmative Defenses No. 8, 18 and 29 are factually baseless and should be stricken under Rule 12(f).

### 3. Defendants' Attempt to "Reserve" Defenses Is Procedurally Improper.

Defendants' Affirmative Defense No. 27, which purports to "reserve the right" to assert additional defenses, is improper. After all, a party cannot "reserve" an affirmative defense for later assertion. If new defenses arise, Defendants must seek leave to amend under Rule 15. *Jennings*, 2019 WL 286750, at *4.

Consistent with this well-established case law, this Court recently granted Plaintiff's Motion to Strike Centurion of Missouri, LLC's Affirmative Defense No. 29, which similarly attempted to reserve the right to amend its answer to assert additional defenses as the case progressed. (Doc. 83, pp. 5-6). The Court should reach the same conclusion here and strike Affirmative Defense No. 27.

### 4. Defendants' Attempt to Retain Affirmative Defense No. 30 Is Legally and Procedurally Flawed.

5

Courts, including those in the Western District of Missouri, have routinely held that subject matter jurisdiction is not a valid affirmative defense and should be stricken. See *School of the Ozarks, Inc.*, 2011 WL 1337406, at *3 (holding that defenses that merely restate grounds for dismissal are improper as affirmative defenses).

If Defendants had a legitimate jurisdictional challenge, they were required to raise it through a Rule 12(b)(1) motion at the outset of the case – not as a vague, conclusory affirmative defense. Because Defendants have failed to do so, this Court should strike Affirmative Defense No. 30 under Rule 12(f) as an improper and unnecessary assertion that serves only to complicate the proceedings.

### B. Striking Deficient Defenses Promotes Judicial Economy.

Contrary to Defendants' argument, striking their deficient affirmative defenses promote judicial economy. Indeed, it will streamline litigation by preventing unnecessary motion practice over defenses that have no factual or legal basis. The animating force behind Rule 12(f) is to eliminate insufficient defenses that serve no purpose but to complicate and delay litigation. Allowing Defendants to proceed with legally baseless defenses would only waste judicial resources and burden Plaintiffs with unnecessary discovery disputes.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court strike Defendants' Affirmative Defenses Nos. 1, 3, 5, 8, 9, 18, 27, 29, and 30 in their entirety. Defendants' Response fails to justify these defenses under applicable law, and their continued assertion will only serve to delay justice in this case.

*Respectfully submitted,*

/s/ Ben Stelter-Embry
Ben Stelter-Embry     MO #65404
EMBRY LAW, LLC
4700 Belleview, Suite 300
Kansas City, MO 64112

6

Case 2:24-cv-04107-MDH    Document 90    Filed 02/21/25    Page 6 of 7

P. (913) 231-9396
ben@embry-law.com

/s/ Andrew M. Stroth
Andrew M. Stroth
ACTION INJURY LAW GROUP
22 W. Washington Street, #1600
Chicago, IL 60602
P. (844) 878-4529
astroth@actioninjurylawgroup.com

/s/ Steven Hart
Steven Hart
James Ormond
HART MCLAUGHLIN & ELDRIDGE, LLC
22 W. Washington Street, #1600
Chicago, IL 60602
P. (312) 955-0545
shart@hmelegal.com
jormond@hmelegal.com

/s/ Larry Disparti
Larry Disparti
DISPARTI LAW, LLC
121 W. Wacker Drive, Suite 2300
Chicago, IL 60601
P: (312) 506-5511
ldisparti@dispartilaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of February, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

/s/ *Ben Stelter-Embry*
**Attorney for Plaintiff**