IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DORIS ANN SCOTT and ORIEL MOORE, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. TREVOR FOLEY, et al., | ) ) ) ) |
| Defendants. | ) |

Case No. 2:24-cv-04107-MDH

## DEFENDANTS DAVISON, WILLIAMS, WELLS, GLATCZAK, KOPP AND NKWOCHA'S MOTION TO STAY PROCEEDINGS PENDING PARALLEL CRIMINAL MATTER

COME NOW Defendants Justin Davison, Ryan Williams, William Wells, Craig Glatczak, Zachary Kopp and Onywuchi Nkwocha (hereinafter "Bystander Defendants") by and through their undersigned counsel, Scott R. Pool of Gibbs Pool and Turner, P.C., and join in the Motions to Stay the instant action in its entirety pending resolution of the parallel criminal charges which were previously filed by Defendants Justin Leggins and Jacob Case, who are co-defendants in this suit, filed January 13, 2025, and the similar motion of Defendant Bryanne Bradshaw, filed on February 19, 2025. In support of this Motion, Bystander Defendants state as follows:

1. The allegations of the instant civil case mirror those in a pending criminal prosecution; both arise from the death of Othel Moore, Jr., at the Jefferson City Correctional Center (JCCC) on December 8, 2023.

1

2. Four of the 16 defendants named in Plaintiffs' Amended Complaint are currently charged with felonies in a parallel criminal prosecution: Justin Leggins, Jacob Case, Aaron Brown, Bryanne Bradshaw (collectively, "Criminally Charged Defendants"). A copy of the joint indictment is attached as Exhibit A.

3. Defendants Justin Davison, Ryan Williams, William Wells, Craig Glatczak, Zachary Kopp and Onywuchi Nkwocha ("Bystander Defendants") are not accused of a crime.

4. Plaintiffs assert civil causes of action against Bystander Defendants under state law and 42 U.S.C. § 1983 for allegedly failing to prevent or intervene in Othel Moore, Jr.'s death.

5. Plaintiffs plead the existence of video documenting certain events. Therefore, the risk of time lapse and memory loss are not legitimate concerns.

6. Allowing the civil case to proceed while the criminal matter remains unresolved will create serious constitutional and procedural concerns, including the risk of adverse inferences and undue prejudice to defendants who are not subject to criminal prosecution.

7. The Minnesota District Court stayed a civil suit arising from a fatal police shooting pending resolution of the parallel criminal prosecution arising from the same incident, even though only one of the civil defendants was criminally prosecuted. *Ruszczyk as Tr. for Ruszczyk v. Noor*, 349 F. Supp. 3d 754 (D. Minn. 2018).

2

8. Count IV of Plaintiffs' Amended Complaint alleges a cause of action against Bystander Defendants under 42 U.S.C. § 1983 for "Failure to Intervene." This cause of action imposes liability on one officer for the actions of another officer who violates the rights of a third party in his or her presence. *Putman v. Gerloff*, 639 F.2d 415, 423 (8th Cir.1981).

9. If an adverse inference against one of the Criminally Charged Defendants from an invocation of 5th amendment privilege establishes that one or more of these defendants engaged in an unconstitutional act, this directly and prejudicially impacts the defense of the Bystander Defendants.

10. None of the Bystander Defendants are criminally charged in this matter, each "cannot protect himself at the civil trial by selectively invoking his Fifth Amendment privilege." *Koester v. Am. Republic Invs., Inc.*, 11 F.3d 818, 823 (8th Cir. 1993).

11. Plaintiffs will not suffer substantial prejudice from a temporary stay: 1) Delay is justified by the need to ensure the fairness of these proceedings; 2) The stay is temporary; and 3) The evidence is sufficiently durable.

12. The requested stay will be finite, lasting only until resolution of the parallel criminal case.

13. The events alleged are documented by video footage taken by the cameras at JCCC, including footage from cameras in multiple locations (which Plaintiffs have in their possession). There is minimal danger of lost evidence

3

through fading memory, or other means, in the event of a temporary stay. *Koester,* 11 F.3d at 823.

14. Plaintiffs have brought each of the alleged causes of action in their Amended Complaint under the Wrongful Death statute, which does not provide for injunctive relief, so the relief sought is limited to monetary damages. Therefore, the interests of persons or entities other than the parties themselves do not weigh against granting a temporary stay.

15. However, the prejudice to Bystander Defendants is substantial, especially when other actors subject to prosecution engaged in conduct before Bystander Defendants arrived on the scene and an adverse inference could all but grant certain liability against Bystander Defendants.

16. For the reasons stated above, a stay of these proceedings is warranted pending resolution of the criminal charges against Criminally Charged Defendants.

17. Suggestions in Support of this Motion are filed contemporaneously and are incorporated by reference.

WHEREFORE, Bystander Defendants Justin Davison, Ryan Williams, William Wells, Craig Glatczak, Zachary Kopp and Onywuchi Nkwocha respectfully request this Court order a stay of this civil action until the resolution of the parallel criminal charges against Defendants Leggins, Case, Brown, and Bradshaw; and for such further relief as the Court deems just and proper.

4

Respectfully submitted,

GIBBS POOL AND TURNER, P.C.

_____
Scott R. Pool          #42484
3225 A Emerald Lane
Jefferson City, Missouri 65109
(573) 636-2614; (573) 636-6541 f
pool@gptlaw.net
jbjork@gptlaw.net
*Attorneys for Defendants Davison,
Williams, Wells, Glatczak, Kopp
and Nkwocha*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served via electronic filing on March 26, 2025, to:

*Benjamin Stelter-Embry*
*1600 Genessee, Suite 956*
*Kansas City MO 64102*
*ben@embry-law.com*
*Lead Attorney for Plaintiffs*

*Andrew Stroth*
*191 North Wacker Dr., Suite 2300*
*Chicago, IL 60606*
*844-878-4529*
*astroth@actioninjurylawgroup.com*
*Attorney for Plaintiffs*

*James Ormond and Steven Hart*
*One South Dearborn Street #1400*
*Chicago, IL 60603*
*312-955-0545*
*jormond@hmelegal.com*

*Jennifer Donnelli*
*Baty Otto Scheer*
*4435 Main Street #1100*
*Kansas City MO 64111*
*Attorney for Def. Bradshaw*

*Ryan Bertels*
*Schreimann, Rackers & Francka, L.L.C.*
*931 Wildwood Drive*
*Suite 201*
*Jefferson City, MO 65109*

*J. Thaddeus Eckenrode*
*11477 Olde Cabin Road #110*
*St. Louis, MO 63141*
*314-726-6670*
*jte@eckenrode-law.com*
*Attorney for Centurion of*
*Missouri, LLC*

*Dennis Harms*
*Sandberg Phoenix & von Gontard*
*701 Market #600*
*St. Louis MO 63101*
*314-446-4252*
*dharmes@sandbergphoenix.com*

*Kevin Smith*
*MO Attorney General's Office*
*615 East 13th Street #401*
*Kansa City MO 64106*
*816-889-5016*
*Kevin.Smith@ago.mo.gov*

_____
Scott R. Pool

Cc: Anna Connelly
    Justin Davison
    Ryan Williams
    William Wells
    Craig Glatczak
    Onywuchi Nkwocha
    Zachary Kopp

6

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| JUSTIN M. LEGGINS, | ) ) ) ) | Case No. 24AC-CR00884-01<br>OCN<br>PA File No. 051-122199 |
| JACOB A. CASE, | ) ) ) ) | Case No. 24AC-CR00881-01<br>OCN<br>PA File No. 051-122200 |
| AARON C. BROWN, | ) ) ) ) | Case No. 24AC-CR00883-01<br>OCN<br>PA File No. 051-122201 |
| and | ) | |
| BRYANNE M. BRADSHAW, | ) ) ) | Case No. 24AC-CR00882-01<br>OCN |
| Defendants. | ) | PA File No. 051-122203 |

## JOINT INDICTMENT

### COUNT: I
Charge Code: 565.054-002Y20201399.2

The Prosecuting Attorney of the County of Cole, State of Missouri, charges that the defendant, Justin M. Leggins, in violation of Section 565.052, RSMo, committed the class E felony of **accessory assault in the third degree**, punishable upon conviction under Sections 558.002 and 558.011, RSMo, in that on or about December 8, 2023, in the County of Cole, State of Missouri, the defendant, acting alone or in concert with others, knowingly caused physical injury to Confidential Victim by pepper-spraying Confidential Victim in the face.

### COUNT: II
Charge Code: 565.021-003Y20200999.0

The Prosecuting Attorney of the County of Cole, State of Missouri, charges that the

**EXHIBIT A**

defendant, Justin M. Leggins, in violation of Section 565.021, RSMo, committed the class A felony of **murder in the second degree**, punishable upon conviction under Section 558.011, RSMo, in that on or about on or about December 8, 2023, in the County of Cole, State of Missouri, Confidential Victim was killed by the perpetration of the class E felony of assault in the third degree under Section 565.054, RSMo, as charged in Count I and hereby incorporated, committed by the defendant on or about December 8, 2023, in the County of Cole, State of Missouri.

An individual convicted and sentenced for this offense shall not be eligible for parole until eighty-five percent of the sentence is served.

## COUNT: III
Charge Code: 565.054-002Y20201399.2

The Prosecuting Attorney of the County of Cole, State of Missouri, charges that the defendant, Jacob A. Case, in violation of Section 565.052, RSMo, committed the class E felony of **accessory assault in the third degree**, punishable upon conviction under Sections 558.002 and 558.011, RSMo, in that on or about December 8, 2023, in the County of Cole, State of Missouri, the defendant, acting alone or in concert with others, knowingly caused physical injury to Confidential Victim by pepper-spraying Confidential Victim in the face.

## COUNT: IV
Charge Code: 565.021-003Y20200999.0

The Prosecuting Attorney of the County of Cole, State of Missouri, charges that the defendant, Jacob A. Case, in violation of Section 565.021, RSMo, committed the class A felony of **murder in the second degree**, punishable upon conviction under Section 558.011, RSMo, in that on or about on or about December 8, 2023, in the County of Cole, State of Missouri, Confidential Victim was killed by the perpetration of the class E felony of assault in the third

degree under Section 565.054, RSMo, as charged in Count III and hereby incorporated, committed by the defendant on or about December 8, 2023, in the County of Cole, State of Missouri.

An individual convicted and sentenced for this offense shall not be eligible for parole until eighty-five percent of the sentence is served.

## COUNT: V
Charge Code: 565.052-001Y20201399.2

The Prosecuting Attorney of the County of Cole, State of Missouri, charges that the defendant, Aaron C. Brown, in violation of Section 565.052, RSMo, committed the class D felony of **accessory assault in the second degree**, punishable upon conviction under Sections 558.002 and 558.011, RSMo, in that on or about December 8, 2023, in the County of Cole, State of Missouri, the defendant, acting alone or in concert with others, recklessly caused serious physical injury to Confidential Victim by placing a mask over Confidential Victim's face which inhibited Confidential Victim's ability to breathe.

## COUNT: VI
Charge Code: 565.021-003Y20200999.0

The Prosecuting Attorney of the County of Cole, State of Missouri, charges that the defendant, Aaron C. Brown, in violation of Section 565.021, RSMo, committed the class A felony of **murder in the second degree**, punishable upon conviction under Section 558.011, RSMo, in that on or about on or about December 8, 2023, in the County of Cole, State of Missouri, Confidential Victim was killed by the perpetration of the class D felony of assault in the second degree under Section 565.052, RSMo, as charged in Count V and hereby incorporated, committed by the defendant on or about December 8, 2023, in the County of Cole, State of Missouri.

An individual convicted and sentenced for this offense shall not be eligible for parole until eighty-five percent of the sentence is served.

## COUNT: VII
### Charge Code: 565.052-001Y20201399.2

The Prosecuting Attorney of the County of Cole, State of Missouri, charges that the defendant, Bryanne M. Bradshaw, in violation of Section 565.052, RSMo, committed the class D felony of **accessory assault in the second degree**, punishable upon conviction under Sections 558.002 and 558.011, RSMo, in that on or about December 8, 2023, in the County of Cole, State of Missouri, the defendant, acting alone or in concert with others, recklessly caused serious physical injury to Confidential Victim by leaving Confidential Victim in a position which caused his asphyxiation.

## COUNT: VIII
### Charge Code: 565.021-003Y20200999.0

The Prosecuting Attorney of the County of Cole, State of Missouri, charges that the defendant, Bryanne M. Bradshaw, in violation of Section 565.021, RSMo, committed the class A felony of **murder in the second degree**, punishable upon conviction under Section 558.011, RSMo, in that on or about on or about December 8, 2023, in the County of Cole, State of Missouri, Confidential Victim was killed by the perpetration of the class D felony of assault in the second degree under Section 565.052, RSMo, as charged in Count VII and hereby incorporated, committed by the defendant on or about December 8, 2023, in the County of Cole, State of Missouri.

An individual convicted and sentenced for this offense shall not be eligible for parole until eighty-five percent of the sentence is served.

A True Bill on Counts  I , II , III , IV , V , VI , VII , VIII

_____
Foreperson

_____
Wm. Locke Thompson #68437
Prosecuting Attorney
**Case Assigned to:**
**Wm. Locke Thompson**
Prosecuting Attorney
311 E. High Street, 3rd Floor
Jefferson City, Missouri 65101
Phone: 573-634-9180
Fax: 573-634-7797
E-mail: locke.thompson@prosecutors.mo.gov

Received and filed this 12 day of September 2024, and bail set at $ transfer, Bond with bond conditions of:

_____
Circuit Judge

WITNESSES FOR STATE
CCSD Evidence Custodian
Todd Marsey, CCSD
Greg Henson, CCSD
Meredith Friedman, CCSD
Aaron Roberts, CCSD
Frank Richards, CCSD
Witness 1, M.D.