# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### CENTRAL DIVISION

DORIS ANN SCOTT and )
ORIEL MOORE, )
                    )
    Plaintiffs, )
                    )
        v. )   Case No. 2:24-cv-04107-MDH
TREVOR FOLEY, et al., )
                    )
    Defendants. )

---

## DEFENDANTS DAVISON, WILLIAMS, WELLS, GLATCZAK, KOPP, AND NKWOCHA'S SUGGESTIONS IN SUPPORT OF THEIR MOTION TO STAY

---

Scott R. Pool      #42484MO
3225 Emerald Lane, Suite A
Jefferson City, Missouri 65109
Tel: (573) 636-2614
Fax: (573) 636-6541
Email: pool@gptlaw.net
*Attorney for Defendants Davison,*
*Williams, Wells, Glatczak,*
*Kopp, and Nkwocha*

1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### CENTRAL DIVISION

| | | |
|---|---|---|
| DORIS ANN SCOTT and | ) | |
| ORIEL MOORE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cv-04107-MDH |
| TREVOR FOLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' TABLE OF CONTENTS AND AUTHORITIES FOR DEFENDANTS DAVISON, WILLIAMS, WELLS, GLATCZAK, KOPP, AND NKWOCHA'S SUGGESTIONS IN SUPPORT OF THEIR MOTION TO STAY

Table of Contents ............................................................................................2

Table of Authorities.........................................................................................3

Defendants Davison, Williams, Wells, Glatczak, Kopp, and Nkwocha's Suggestions in Support of Their Motion to Stay..............................................................................4

   I.  Introduction ............................................................................................4

   II.  Legal Standard ........................................................................................5

   III. Argument .............................................................................................8

      A.   Proceeding with the Civil Case Risks Adverse Inferences That Would Unduly Prejudice Defendants, Including Bystander Defendants .......... 8

      B.   A Stay Will Not Unduly Prejudice Plaintiffs Because the Evidence is Durable and the Criminal Case May Streamline Issues.................... 11

      C.   A Stay Conserves Judicial Resources through Issue Preclusion and Simplified Discovery................................................................. 12

      D.   The Public and Third-Parties are not Prejudiced by a Stay.............. 12

      E.   The Bystander Defendants Are Prejudiced in Discovery Without a Stay................................................................................... 13

Conclusion ................................................................................................. 14

Case 2:24-cv-04107-MDH    Document 100    Filed 03/26/25    Page 2 of 21

# TABLE OF AUTHORITIES

## Cases

*Brock v. Tolkow,* 109 F.R.D. 116, 120 (E.D.N.Y. 1985) ........................................................... 12

*Gaydos v. Gully Transportation, Inc.,* No. 4:21-CV-388-SPM, 2022 WL 1501973, at *2 (E.D. Mo. May 12, 2022) ........................................................................................................ 7

*Keating v. Office of Thrift Supervision,* 45 F.3d 322, 324-25 (9th Cir. 1995) ........................... 7

*Koester v. American Republic Investments, Inc.,* 11 F.3d 818, 823 (8th Cir.1993) ......... 6, 9, 14

*Landis v. North American Co.,* 299 U.S. 248, 254 (1936) ........................................................ 5

*Pfizer Ireland Pharms. v. Albers Med., Inc.,* 225 F.R.D. 591, 592 (W.D. Mo. 2004) ................ 7

*Robertson v. Wegmann,* 436 U.S. 584, 594, 98 S. Ct. 1991, 1997, 56 L. Ed. 2d 554 (1978) ... 12

*Ruszczyk as Tr. for Ruszczyk v. Noor,* 349 F. Supp. 3d 754 (D. Minn. 2018) ............. 6, 8, 9, 12

*Sec. & Exch. Comm'n v. Dresser Indus., Inc.,* 628 F.2d 1368, 1375–76 (D.C. Cir. 1980) ......... 6

*United States v. Kordel,* 397 U.S. 1, 12, 90 S. Ct. 763, 770, 25 L. Ed. 2d 1 (1970) ................. 5

## Statutes

§ 537.080 RSMo, et seq. ............................................................................................................ 11

§ 537.090 RSMo. ...................................................................................................................... 12

42 U.S.C. § 1983 ..................................................................................................... 4, 5, 9, 12, 13

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | | |
|---|---|---|
| DORIS ANN SCOTT and ORIEL MOORE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) | Case No. 2:24-cv-04107-MDH |
| TREVOR FOLEY, et al., | ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS DAVISON, WILLIAMS, WELLS, GLATCZAK, KOPP, AND NKWOCHA'S SUGGESTIONS IN SUPPORT OF THEIR MOTION TO STAY

COME NOW Defendants Justin Davison, Ryan Williams, William Wells, Craig Glatczak, Zachary Kopp, and Onyewuchi Nkwocha (hereinafter "Bystander Defendants") by and through their undersigned counsel, Scott R. Pool of Gibbs Pool and Turner, P.C., and for their Suggestions in Support of their Motion to Stay, state as follows:

## I.    INTRODUCTION

The allegations of the instant civil case mirror those in a pending criminal prosecution; both arise from the death of Othel Moore, Jr., at the Jefferson City Correctional Center (JCCC) on December 8, 2023.

Four of the 16 defendants named in Plaintiffs' Amended Complaint are currently charged with felonies in this parallel criminal prosecution: Justin Leggins, Jacob Case, Aaron Brown, Bryanne Bradshaw (collectively, "Criminally Charged Defendants").

4

In the instant civil suit, Plaintiffs allege civil rights violations pursuant to 42 U.S.C. § 1983 and various Missouri state law tort claims related to the death of Othel Moore, Jr.

Plaintiffs' Amended Complaint does not accuse Defendants Justin Davison, Ryan Williams, William Wells, Craig Glatczak, Zachary Kopp, or Onyewuchi Nkwocha ("Bystander Defendants") of having assaulted or battered Othel Moore, Jr. Rather, Plaintiffs assert causes of action against Bystander Defendants under state law and 42 U.S.C. § 1983 for allegedly failing to prevent or intervene in Othel Moore, Jr.'s death. At least one of the causes of action which Plaintiffs allege against Bystander Defendants would impose liability on these officers for the alleged tortious acts of others, including the Criminally Charged Defendants.

Allowing the civil case to proceed while the criminal matter remains unresolved risks prejudice to Bystander Defendants through adverse inferences on the Criminally Charged Defendants. A stay would alleviate these concerns without unduly prejudicing Plaintiffs.

## II.     **LEGAL STANDARD**

A district court has broad discretion to control its docket and may stay proceedings in one matter pending resolution of a parallel case when justice so requires. See *Landis v. North American Co.,* 299 U.S. 248, 254 (1936).

"Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution." *United States v. Kordel,* 397

U.S. 1, 12, 90 S. Ct. 763, 770, 25 L. Ed. 2d 1 (1970). (See also *Sec. & Exch. Comm'n v. Dresser Indus., Inc.,* 628 F.2d 1368, 1375–76 (D.C. Cir. 1980): "If delay of the noncriminal proceeding would not seriously injure the public interest, a court may be justified in deferring it").

The Minnesota District Court stayed a civil suit arising from a fatal police shooting pending resolution of the parallel criminal prosecution arising from the same incident, even though only one of the civil defendants was criminally prosecuted. *Ruszczyk as Tr. for Ruszczyk v. Noor,* 349 F. Supp. 3d 754 (D. Minn. 2018) ("Absent a stay *Noor* would be forced to choose between defending himself in the criminal prosecution or this civil lawsuit. *Noor* should not now be forced to choose between his Fifth Amendment right or effectively forfeiting this lawsuit").

To warrant a stay of a civil action because of a parallel criminal proceeding, a "defendant must make a strong showing that either the two proceedings are so interrelated that he cannot protect himself at a civil trial by selectively invoking his Fifth Amendment privilege ... or that two trials will so overlap the effective defense of both is impossible." *Koester v. American Republic Investments, Inc.,* 11 F.3d 818, 823 (8th Cir.1993).

Bystander Defendants cannot selectively invoke Fifth Amendment privilege, as they are not criminally charged. But their defense is impacted by any invocation of such privilege by Criminally Charged Defendants because the civil and criminal cases are so interrelated, and the causes of action within the civil case are so interrelated, that an adverse inference against the Criminally Charged Defendants

6

may implicate Bystander Defendants through theories of joint liability.

The Western Division of this District has recognized that "the strongest justification for granting a stay involves a defendant's request where the defendant is required to defend itself in related civil and criminal proceedings." *Pfizer Ireland Pharms. v. Albers Med., Inc.,* 225 F.R.D. 591, 592 (W.D. Mo. 2004).

Though the Eighth Circuit has not adopted a uniform test for granting such a stay; "However, district courts in the Eighth Circuit have frequently applied the factors forth by the Ninth Circuit in *Keating v. Office of Thrift Supervision,* 45 F.3d 322, 324-25 (9th Cir. 1995)." *Gaydos v. Gully Transportation, Inc.,* No. 4:21-CV-388-SPM, 2022 WL 1501973, at *2 (E.D. Mo. May 12, 2022).

These factors are as follows:

(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay;

(2) the burden which any particular aspect of the proceedings may impose on defendants;

(3) the convenience of the court in the management of its cases, and the efficient use of judicial resources;

(4) the interests of persons not parties to the civil litigation; and

(5) the interest of the public in the pending civil and criminal litigation.

*Id.* at 3. (Block paragraph reformatted with additional line breaks).

The balance of these factors weighs in favor of granting a stay until the resolution of the interrelated criminal case.

## III. ARGUMENT

**A. Proceeding with the Civil Case Risks Adverse Inferences that would Unduly Prejudice Defendants, including Bystander Defendants.**

If an adverse inference against one of the Criminally Charged Defendants from an invocation of Fifth Amendment privilege establishes that one or more of these defendants engaged in an unconstitutional act, this directly impacts and implicates the defense of Bystander Defendants. Such a result would be unjust.

In *Ruszczyk*, the Court highlighted the burdens which would be imposed on the prosecuted defendant's co-defendants if the civil suit were allowed to proceed in parallel with the criminal case:

> Noor's invocation of his Fifth Amendment right may also impact his co-defendants. As the City Defendants argue, Noor's assertion of his right against self-incrimination will likely deprive them of information critical to their own defense on the merits where liability rests on a link between the City of Minneapolis's policies and Noor's actions. (City Defs' Mem. in Supp., at 12–13, ECF No. 11). To defend against the municipal liability claims asserted, the City Defendants must investigate Noor's observations and decisions in order to evaluate the reasonableness of his use of deadly force. (City Defs' Mem. in Supp., at 13). If Noor invokes his Fifth Amendment right, the City Defendants cannot access this information known to Noor. Moreover, the City Defendants have no control over Noor's Fifth Amendment assertions, unlike Noor who chooses when or whether to invoke his Constitutional protections. This burdens the City Defendants' ability to engage in discovery and defend themselves.

> *Ruszczyk*, 349 F. Supp. 3d at 762.

As with *Ruszczyk,* Bystander Defendants, who are not criminally charged, are impacted by the decisions of the Criminally Charged Defendants to exercise their constitutional rights to invoke Fifth Amendment privilege.

Because none of the Bystander Defendants are criminally charged in this matter, each "cannot protect himself at the civil trial by selectively invoking his Fifth Amendment privilege." *Koester,* 11 F.3d at 823.

Count IV of Plaintiffs' Amended Complaint alleges a cause of action against Bystander Defendants under 42 U.S.C. § 1983 for "Failure to Intervene." This cause of action imposes liability on one officer for the actions of another officer who violates the rights of a third party in his or her presence. *Putman v. Gerloff,* 639 F.2d 415, 423 (8th Cir.1981).

Therefore, an adverse inference against any of the Criminally Charged Defendants, establishing that he or she violated the rights of Othel Moore, Jr., would implicate the Bystander Defendants for failing to stop a violation, the existence of which is established by inference.

If Plaintiffs obtain an adverse inference in the civil matter due to the exercise of constitutionally protected rights of the Criminally Charged Defendants in the parallel criminal matter, then Plaintiffs bypass their burden of proof to prove their alleged claims by the preponderance of the evidence against Bystander Defendants via the constitutionally protected acts of a third party, Criminally Charged Defendants.

Defendant Justin Leggins has been indicted on two felonies by a grand jury in the Circuit Court of Cole County, Missouri: one count of accessory assault in the third degree; and one count of felony murder in the second degree by allegedly pepper-spraying Othel Moore, Jr., without justification. *See* Exhibit A.

Defendant Jacob Case has been indicted on two felonies by a grand jury in the Circuit Court of Cole County, Missouri: one count of accessory assault in the third degree; and one count of felony murder in the second degree by allegedly administering a second dose of pepper-spray to Othel Moore, Jr., without justification. *See* Exhibit A.

Defendant Aaron Brown has been indicted on two felonies by a grand jury in the Circuit Court of Cole County, Missouri: one count of accessory assault in the second degree; and one count of felony murder in the second degree by allegedly applying a spit hood to Othel Moore, Jr., in an improper manner. *See* Exhibit A.

Defendant Bryanne Bradshaw has been indicted on two felonies by a grand jury in the Circuit Court of Cole County, Missouri: one count of accessory assault in the second degree; and one count of felony murder in the second degree "by leaving Confidential Victim in a position which caused his asphyxiation." *See* Exhibit A.

Should each exercise their 5th Amendment right and Plaintiffs request an adverse inference, then Bystander Defendants will have no defense as their duty to intervene is established by the inference of others invoking their constitutional 5th Amendment rights.

**B. A Stay Will Not Unduly Prejudice Plaintiffs because the Evidence is Durable and the Criminal Case May Streamline Issues.**

Plaintiffs will not suffer substantial prejudice from a temporary stay because: delay is justified by the need to ensure the fairness of these proceedings; the stay would be temporary; and the evidence is sufficiently durable.

The requested stay would be finite, lasting only until resolution of the parallel criminal case.

Because the events at issue are well documented by video footage taken by the cameras at JCCC, including footage from cameras in multiple locations which Plaintiffs already have in their possession, there is minimal danger of lost evidence through fading memory with a temporary stay of this civil matter.

The alleged injury is not ongoing; Mr. Moore is already deceased and cannot suffer further injury.

Plaintiffs are limited to monetary damages, because the Missouri Wrongful Death Statute, under which Plaintiffs bring this suit, does not provide for injunctive relief. § 537.080 RSMo, et seq.

The factual allegations of this suit are well documented by the internal investigation of the Missouri Department of Corrections and by the investigation of the Cole County Sherriff's Department. This evidence is durable and will not degrade with a temporary stay of these proceedings.

A delay of these proceedings, pending the resolution of the parallel criminal case, may result in simplified discovery as materials are gathered and admitted to the record in the parallel case. Some legal issues and defenses may also be resolved,

saving time and effort which Plaintiffs would otherwise expend redundantly in this matter.

## C. A Stay Conserves Judicial Resources through Issue Preclusion and Simplified Discovery.

Without a stay, two courts will attempt to gather essentially the same information on the same issues, risking redundancy and waste. Ordering a stay of this civil suit pending the resolution of the parallel criminal matter allows this court, and these litigants, to benefit from the findings and discovery work revealed in the criminal process. Additionally, "the resolution of the criminal case might reduce the scope of discovery in th[is] civil case or otherwise simplify the issues." *Ruszczyk*, 349 F. Supp. 3d at 763-64 (quoting *Brock v. Tolkow*, 109 F.R.D. 116, 120 (E.D.N.Y. 1985)).

## D. The Public and Third-Parties are not Prejudiced by a Stay.

The interest of third-parties and the public in this litigation does not weigh against a stay pending the resolution of the parallel criminal matter. Plaintiffs seek damages through this suit, not injunctive relief, and injunctive relief is not available through the Missouri Wrongful Death Statute, under which Plaintiffs bring this suit. § 537.090 RSMo.

Even the Federal 42 U.S.C. §1983 claims are brought through the limitations on survivor standing of this Missouri Wrongful Death statute, as the United States Supreme Court has ruled that Federal Courts follow state survivorship law in suits involving the § 1983 claims of deceased persons. *Robertson v. Wegmann*, 436 U.S. 584, 594, 98 S. Ct. 1991, 1997, 56 L. Ed. 2d 554 (1978) (finding that limitations in

state survivorship law may limit the availability of recovery in federal claims, including those brought under 42 U.S.C.A. § 1983).

Because the outcome of this case is limited to whether or not the defendants in this suit will be found liable for monetary damages to two (2) Plaintiffs, the personal interests of third-parties or the wider public are limited to news coverage and projected symbolism. This case is not a television production for entertainment, but a civil pursuit of justice in which prejudice to the defense must weigh more heavily than the impatience of the curious. In the meantime, the disposition of the criminal matter is likely far weightier in the public interest than this civil matter.

### E.   The Bystander Defendants are Prejudiced in Discovery Without a Stay.

If the civil case proceeds while the criminal case is ongoing, the Bystander Defendants will be severely disadvantaged in discovery. Their co-defendants' refusal to testify or produce documents may leave them unable to obtain exculpatory evidence or rebut allegations effectively. Plaintiffs, however, would not face similar constraints because of their ability to obtain an adverse inference.

Bystander Defendants have no ability to obtain an inference favorable to their interests if they are unable, by reason of a Fifth Amendment refusal to testify, to obtain evidence necessary to their cases. This asymmetry in the development of the factual record prejudices the Bystander Defendants. Placed in the same discovery circumstances as Plaintiffs, Plaintiffs would be advantaged, while the Bystander Defendants would be helpless or worse, because an adverse inference against the Criminally Charged Defendants is not neutral to the Bystander

13

Defendants, but material to their own defenses through theories of deliberate indifference, and failure to intervene would impose liability for the acts or omissions of their Criminally Charged Co-Defendants.

Proceeding with this civil case before the criminal case concludes allows Plaintiffs to exploit the discovery limitations imposed by the Fifth Amendment to an unfair advantage. The Bystander Defendants, who are not criminally charged, should not be collateral victims of their co-defendants' constitutional rights though such an asymmetry.

## IV. CONCLUSION

The balance of factors weighs in favor of granting a stay of this civil suit pending the disposition of the parallel criminal case; granting the temporary stay will not unduly prejudice Plaintiffs because the evidence is durable in the form of video evidence, documentary evidence, and the record of the criminal case; granting the temporary stay will not unduly prejudice third-parties or the public because the stakes of the case are limited to monetary, rather than injunctive, relief; and failing to grant a stay will result in substantial prejudice to the Bystander Defendants through asymmetries in discovery and the risk of adverse inferences resulting from the choice of their Criminally Charged Co-Defendants to exercise their Fifth Amendment rights against self-incrimination.

Bystander Defendants cannot mitigate these risks "by selectively invoking [...] Fifth Amendment privilege." *Koester,* 11 F.3d at 823. Therefore, Bystander Defendants request this Court to grant a temporary stay of this civil matter,

14

pending the disposition of the parallel criminal case, to mitigate the asymmetries and risks of prejudice which would otherwise endure.

For the reasons stated above, a stay of these proceedings is warranted pending resolution of the criminal charges against Criminally Charged Defendants.

WHEREFORE, Defendants Justin Davison, Ryan Williams, William Wells, Craig Glatczak, and Onyewuchi Nkwocha respectfully request this Court order a stay of this civil action until the resolution of the parallel criminal charges against Defendants Leggins, Case, Brown, and Bradshaw; and for such further relief as the Court deems just and proper.

Respectfully submitted,

GIBBS POOL AND TURNER, P.C.

Scott R. Pool                    #42484MO
3225 A Emerald Lane
Jefferson City, Missouri 65109
(573) 636-2614
(573) 636-6541 f
pool@gptlaw.net
*Attorney for Bystander Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served via electronic filing on March **16**, 2025, to:

Benjamin Stelter-Embry
1600 Genessee, Suite 956
Kansas City MO 64102
ben@embry-law.com
Lead Attorney for Plaintiffs

Ryan Bertels
Schreimann, Rackers & Francka, L.L.C.
931 Wildwood Drive
Suite 201
Jefferson City, MO 65109

Andrew Stroth
191 North Wacker Dr., Suite 2300
Chicago, IL 60606
844-878-4529
astroth@actioninjurylawgroup.com
Attorney for Plaintiffs

J. Thaddeus Eckenrode
11477 Olde Cabin Road #110
St. Louis, MO 63141
314-726-6670
jte@eckenrode-law.com
Attorney for Centurion of
Missouri, LLC

James Ormond and Steven Hart
One South Dearborn Street #1400
Chicago, IL 60603
312-955-0545
jormond@hmelegal.com

Dennis Harms
Sandberg Phoenix & von Gontard
701 Market #600
St. Louis MO 63101
314-446-4252
dharmes@sandbergphoenix.com

Jennifer Donnelli
Baty Otto Scheer
4435 Main Street #1100
Kansas City MO 64111
Attorney for Def. Bradshaw

Kevin Smith
MO Attorney General's Office
615 East 13th Street #401
Kansa City MO 64106
816-889-5016
Kevin.Smith@ago.mo.gov

Scott R. Pool

Cc:    Justin Davison
Ryan Williams
William Wells
Craig Glatczak
Onyewuchi Nkwocha
Zachary Kopp
Anna Connelly

IN THE CIRCUIT COURT OF COLE COUNTY, MISSOURI

FILED

SEP 1 2 2024

COLE COUNTY
CIRCUIT COURT

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JUSTIN M. LEGGINS, | ) | Case No. 24AC-CR00884-**01** |
| | ) | OCN |
| | ) | PA File No. 051-122199 |
| | ) | |
| JACOB A. CASE, | ) | Case No. 24AC-CR00881-**01** |
| | ) | OCN |
| | ) | PA File No. 051-122200 |
| | ) | |
| AARON C. BROWN, | ) | Case No. 24AC-CR00883-**01** |
| | ) | OCN |
| and | ) | PA File No. 051-122201 |
| | ) | |
| BRYANNE M. BRADSHAW, | ) | Case No. 24AC-CR00882-**01** |
| | ) | OCN |
| Defendants. | ) | PA File No. 051-122203 |

## JOINT INDICTMENT

### COUNT: I
Charge Code: 565.054-002Y20201399.2

The Prosecuting Attorney of the County of Cole, State of Missouri, charges that the

defendant, Justin M. Leggins, in violation of Section 565.052, RSMo, committed the <u>class E</u>

<u>felony</u> of **accessory assault in the third degree**, punishable upon conviction under Sections

558.002 and 558.011, RSMo, in that on or about December 8, 2023, in the County of Cole, State

of Missouri, the defendant, acting alone or in concert with others, knowingly caused physical

injury to Confidential Victim by pepper-spraying Confidential Victim in the face.

### COUNT: II
Charge Code: 565.021-003Y20200999.0

The Prosecuting Attorney of the County of Cole, State of Missouri, charges that the

EXHIBIT

A

defendant, Justin M. Leggins, in violation of Section 565.021, RSMo, committed the class A felony of **murder in the second degree**, punishable upon conviction under Section 558.011, RSMo, in that on or about on or about December 8, 2023, in the County of Cole, State of Missouri, Confidential Victim was killed by the perpetration of the class E felony of assault in the third degree under Section 565.054, RSMo, as charged in Count I and hereby incorporated, committed by the defendant on or about December 8, 2023, in the County of Cole, State of Missouri.

An individual convicted and sentenced for this offense shall not be eligible for parole until eighty-five percent of the sentence is served.

COUNT: III
Charge Code: 565.054-002Y20201399.2

The Prosecuting Attorney of the County of Cole, State of Missouri, charges that the defendant, Jacob A. Case, in violation of Section 565.052, RSMo, committed the class E felony of **accessory assault in the third degree**, punishable upon conviction under Sections 558.002 and 558.011, RSMo, in that on or about December 8, 2023, in the County of Cole, State of Missouri, the defendant, acting alone or in concert with others, knowingly caused physical injury to Confidential Victim by pepper-spraying Confidential Victim in the face.

COUNT: IV
Charge Code: 565.021-003Y20200999.0

The Prosecuting Attorney of the County of Cole, State of Missouri, charges that the defendant, Jacob A. Case, in violation of Section 565.021, RSMo, committed the class A felony of **murder in the second degree**, punishable upon conviction under Section 558.011, RSMo, in that on or about on or about December 8, 2023, in the County of Cole, State of Missouri, Confidential Victim was killed by the perpetration of the class E felony of assault in the third

degree under Section 565.054, RSMo, as charged in Count III and hereby incorporated, committed by the defendant on or about December 8, 2023, in the County of Cole, State of Missouri.

An individual convicted and sentenced for this offense shall not be eligible for parole until eighty-five percent of the sentence is served.

COUNT: V
Charge Code: 565.052-001Y20201399.2

The Prosecuting Attorney of the County of Cole, State of Missouri, charges that the defendant, Aaron C. Brown, in violation of Section 565.052, RSMo, committed the <u>class D felony</u> of **accessory assault in the second degree**, punishable upon conviction under Sections 558.002 and 558.011, RSMo, in that on or about December 8, 2023, in the County of Cole, State of Missouri, the defendant, acting alone or in concert with others, recklessly caused serious physical injury to Confidential Victim by placing a mask over Confidential Victim's face which inhibited Confidential Victim's ability to breathe.

COUNT: VI
Charge Code: 565.021-003Y20200999.0

The Prosecuting Attorney of the County of Cole, State of Missouri, charges that the defendant, Aaron C. Brown, in violation of Section 565.021, RSMo, committed the <u>class A felony</u> of **murder in the second degree,** punishable upon conviction under Section 558.011, RSMo, in that on or about on or about December 8, 2023, in the County of Cole, State of Missouri, Confidential Victim was killed by the perpetration of the class D felony of assault in the second degree under Section 565.052, RSMo, as charged in Count V and hereby incorporated, committed by the defendant on or about December 8, 2023, in the County of Cole, State of Missouri.

An individual convicted and sentenced for this offense shall not be eligible for parole until eighty-five percent of the sentence is served.

COUNT: VII

Charge Code: 565.052-001Y20201399.2

The Prosecuting Attorney of the County of Cole, State of Missouri, charges that the defendant, Bryanne M. Bradshaw, in violation of Section 565.052, RSMo, committed the class D felony of **accessory assault in the second degree**, punishable upon conviction under Sections 558.002 and 558.011, RSMo, in that on or about December 8, 2023, in the County of Cole, State of Missouri, the defendant, acting alone or in concert with others, recklessly caused serious physical injury to Confidential Victim by leaving Confidential Victim in a position which caused his asphyxiation.

COUNT: VIII

Charge Code: 565.021-003Y20200999.0

The Prosecuting Attorney of the County of Cole, State of Missouri, charges that the defendant, Bryanne M. Bradshaw, in violation of Section 565.021, RSMo, committed the class A felony of **murder in the second degree**, punishable upon conviction under Section 558.011, RSMo, in that on or about on or about December 8, 2023, in the County of Cole, State of Missouri, Confidential Victim was killed by the perpetration of the class D felony of assault in the second degree under Section 565.052, RSMo, as charged in Count VII and hereby incorporated, committed by the defendant on or about December 8, 2023, in the County of Cole, State of Missouri.

An individual convicted and sentenced for this offense shall not be eligible for parole until eighty-five percent of the sentence is served.

A True Bill on Counts _I_ , _II_ , _III_ , _IV_ , _V_ , _VI_ , _VII_ , _VIII_

_~~erase~~_
Foreperson

Wm. Locke Thompson #68437
Prosecuting Attorney
**Case Assigned to:**
**Wm. Locke Thompson**
Prosecuting Attorney
311 E. High Street, 3rd Floor
Jefferson City, Missouri 65101
Phone: 573-634-9180
Fax: 573-634-7797
E-mail: locke.thompson@prosecutors.mo.gov

Received and filed this _12_ day of September 2024, and bail set at $ transfer Bond

with bond conditions of:

Circuit Judge

WITNESSES FOR STATE
CCSD Evidence Custodian
Todd Marsey, CCSD
Greg Henson, CCSD
Meredith Friedman, CCSD
Aaron Roberts, CCSD
Frank Richards, CCSD
Witness 1, M.D.