IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DORIS ANN SCOTT and ORIEL MOORE, <br><br> Plaintiffs, <br><br> v. <br><br> TREVOR FOLEY, in his official and individual capacity as DIRECTOR of the MISSOURI DEPARTMENT OF CORRECTIONS, et al., <br><br> Defendants. | Case No. 2:24-cv-04107-MDH |

**REPLY IN SUPPORT OF DEFENDANT BRYANNE BRADSHAW'S CONTESTED
MOTION TO STAY PROCEEDINGS**

Under the Fifth Amendment, Defendant Bryanne Bradshaw ("Bradshaw") has the absolute right to remain silent in the state criminal proceeding accusing her of second-degree murder and accessory assault in the second degree, and that silence will not be held against her interests. It will do nothing to advance the criminal charges pending against her. Bradshaw can refuse to make potentially incriminating statements about the charges and can refuse to testify in any criminal proceeding adjudicating or otherwise concerning them.

This is so important a right that the Eighth Circuit has required exactness in examining its application, even perfection: "the trial judge should order the witness to answer questions 'only if it is '*perfectly clear,* from a careful consideration of all the circumstances in the case that the answer cannot possibly' tend to incriminate the witness.'" *U.S. v. Washington*, 318 F.3d 845, 856 (8th Cir. Mo. 2003) (emphasis in original) *citing United States v. Chalan,* 812 F.2d 1302, 1310 (10th Cir. 1987) (other citations omitted). The U.S. Supreme Court has

described the Fifth Amendment privilege against self-incrimination as "cherished." *Garner v. United States*: 424 U.S. 648, 655 (1976).

Bradshaw's Fifth Amendment right against self-incrimination is constitutionally guaranteed but, if used in civil litigation, has severe consequences. *Pfizer Ireland Phars v. Albers Med., Inc.*, 225 F.R.D. 591, 592 (W.D. Mo. 2004) (strong justification for stay when a defendant is facing parallel civil and criminal proceeding and "is required to defend itself" in both).

Bradshaw disagrees with Plaintiffs' generalized assertion in their Opposition (Dkt. 91, p. 6) downplaying the effects of Bradshaw invoking the privilege in this case: "courts have long held that the Fifth Amendment privilege against self-incrimination extends to civil litigation." That assertion ignores the legal and practical problems for Bradshaw if she invokes her Fifth Amendment right in this civil case. It may be an option for her legally-speaking, but it is not a good one. If Bradshaw is forced to stand on that right in this civil litigation and refuse to respond to written discovery, deposition discovery, merits briefing, trial examination, or otherwise, she will face an adverse inference, curtailing her defense to Plaintiffs' claims.[1] *Baxter v. Palmigiano*, 425 U.S. 308, 318-20 (1976) (adverse inferences may be drawn when a defendant invokes the Fifth Amendment in a civil case). "[T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." *Id.* at 318.

---

[1] Bradshaw accepts Plaintiffs' correction (Dkt. 91, p. 5, n. 1) that the other Defendants who have sought a stay due to criminal charges pending against them do not include Aaron Brown. As of Dkt. 99 on March 26, 2025, the Defendants seeking a stay *do include* Defendants Justin Davison, Ryan Williams, William Wells, Craig Glatczak, Zachary Kopp, and Onyewuchi Nkwocha, who are characterized as the "Bystander Defendants" who have no criminal charges pending against them, but whose interests are described as potentially affected by the manner of the defense taken by Defendants Bradshaw, Leggins, and Case.

Moreover, Plaintiffs implicitly acknowledge the practical delay that would result in the discovery process herein without a stay and, for instance, if Bradshaw's decision to invoke the privilege against self-incrimination had to be evaluated by her legal defense on a "question-by-question basis" because, as Plaintiffs assert, there is no "broad or blanket invocations of the privilege." (Opposition, Dkt. 91, p. 7) The Court would be faced with an increased number of discovery disputes to address challenges to Bradshaw's decision to invoke the privilege in response to individual written discovery requests (some number of the 23 Interrogatories served by Plaintiffs), deposition questions, and the like. A deposition wherein a criminally-charged Defendant would invoke the privilege, the question certified, the Court's decision sought in rounds of briefing, and then the potential for a reconvened deposition dependent on the Court's decision would create delays, particularly in a case with this many Defendants and numerous separate law firms (three, two out of state and one based in Missouri) for Plaintiffs.

This is a definite and certain consideration in the Court's use of its inherent power to control its own docket. *Aldridge v. City of St. Louis*, 2020 U.S. Dist. LEXIS 6706, *9-11 (E.D. Mo. 2020). There are two other criminally-charged Defendants about whom discovery may pose similar challenges. As of Dkt. 99 on March 26, 2025, there are six additional, non-criminally charged Defendants who may and likely will assert an interest, and thus a right to submit their positions in briefing, on any discovery issues affecting Bradshaw, Leggins, and Case. *Koester v. Am. Republic Invs., Inc.*, 11 F.3d 818, 823 (8th Cir. 1993) (citing the convenience of the court in the management of its cases and the efficient use of judicial resources).

Relatedly, Bradshaw does not seek an indefinite stay of this civil lawsuit for money damages based on a December 2023 incident. Rather, Bradshaw has recommended periodic updates to this Court on the criminal proceeding against her, and the Court can require status reports from all parties as frequently as the Court believes appropriate once a stay has been entered.

Additionally, Bradshaw has not waived her privilege against self-incrimination by participating in questioning by her former employer and local law enforcement. Plaintiffs have not directly addressed that any alleged waiver is for the criminal court to examine, not this Court, and that the alleged waiver was in the form of an unmirandized statement, not given under oath, that the State (which bears the burden of proving waiver) has not shown actually happened in a manner that created waiver. The criminal case has not progressed to the stage where it is known whether Bradshaw's statements will be suppressed, again a decision to be made not by this Court, but by the Circuit Court of Cole County, Missouri. In other words, that there is an appearance Bradshaw gave information referenced in the Probable Cause Statement is not determinative to her request for a stay herein.

To claim waiver, Plaintiffs cite several cases, none of which compel a finding that the unmirandized statements by Bradshaw made not under oath, without counsel present, not comprising "substantive testimony" (as Plaintiffs describe it, Opposition, p. 8), and for the purpose of providing unsworn information during interviews with her then-employer and law enforcement in the initial examination of the nature of an incident legally waived her privilege against self-incrimination. Bradshaw's privilege was preserved and not infringed when she gave a statement prior to the criminal charges against her, a statement made not under oath,

not pursuant to a subpoena, and not in a setting that should have alerted Bradshaw to the need to invoke her privilege against self-incrimination:

> *Rogers v. United States*: Jane Rogers refused to answer questions under oath by the Judge and the Grand Jury after answering questions under oath. 340 U.S. 367, 368 (1951) ("In September, 1948, petitioner, in response to a subpoena, appeared before the grand jury. She testified that she held the position of Treasurer of the Communist Party of Denver until January, 1948, and that, by virtue of her office, she had been in possession of membership lists and dues records of the Party. Petitioner denied having possession of the records and testified that she had turned them over to another.")
>
> *United States v. Jenkins*: deposition testimony under oath. 785 F.2d 1387, 1393 (9th Cir. 1986) ("White did so when he gave his deposition.").
>
> *Garner v. United States*: "The information revealed in the preparation and filing of an income tax return is, for purposes of Fifth Amendment analysis, the testimony of a 'witness,' as that term is used herein." 424 U.S. at 654 n.9.
>
> *Minnesota v. Murphy*: party was on probation and "was, to be sure, subject to a number of restrictive conditions governing various aspects of his life" but was not in custody at the time. 465 U.S. 420, 430 (1984). The party was providing "a routine interview" in a setting that was not "inherently coercive." *Id.* at 431. "But the nature of probation is such that probationers should expect to be questioned on a wide range of topics relating to their past criminality." *Id.* at 432.
>
> *Mitchell v. United States*: party made plea statements to a Judge after being given her Miranda rights: "Before accepting her plea, the District Court…told petitioner that she faced a mandatory minimum of 1 year in prison for distributing cocaine…and explained that by pleading guilty she would be waiving, *inter alia,* her right 'at trial to remain silent.'" 526 U.S. 314, 314 (1999).

Finally, Plaintiffs do not attempt to contest that the criminal charges against Bradshaw stem from the same allegations that are the subject of the current civil case. Both the criminal indictment and this civil claim for money damages exist because Plaintiffs allege that, on or about December 8, 2023, while Bradshaw was employed by the Missouri Department of Corrections, she (either acting alone or in concert with others) caused the death of Othel Moore, Jr. There is no material distinction between the allegations in the two proceedings

Bradshaw faces. What happens in each will affect the other. "The strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Security and Exchange Commission v. Dresser Industries, Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980).

Similarly, the incident occurred less than two years ago, the relief herein sought by Plaintiffs is in the form of money damages, and Plaintiff's interest in a speedy proceeding in a case where they sued a host of Defendants is not well-taken. Plaintiffs have not demonstrated that case evidence will be compromised while the criminal proceeding is occurring or that they will suffer hardship by not receiving a finding as to their request for monetary relief until after Bradshaw's criminal case has concluded. The solution Plaintiffs propose—for Bradshaw to accept the negative inference when she invokes her privilege against self-incrimination in this civil case is highly prejudicial to her. A video without sound effects should be explained, but Bradshaw should not have to decide which of the cases against her should be favored by her testimony about it. A stay of civil litigation while a criminal proceeding occurs is not extraordinary and has been entered in this judicial circuit.

For the reasons above and in her opening submission (Dkt. 88-89), Bradshaw requests that the Court stay this civil litigation pending the outcome of the criminal case against her and enter such further and other relief as the Court deems just and appropriate.

Respectfully submitted,

**BATY OTTO SCHEER P.C.**

*/s/ Jennifer Donnelli*

| Theresa A. Otto | MO #43453 |
| Jennifer Donnelli | MO #47755 |
| Stephanie M. Burton | MO #63458 |

4435 Main Street, Suite 1100
Kansas City, MO 64111
Telephone: (816) 531-7200
Facsimile: (816) 531-7201
totto@batyotto.com
jdonnelli@batyotto.com
sburton@batyotto.com
**ATTORNEYS FOR DEFENDANT
BRYANNE M. BRADSHAW**

**CERTIFICATE OF SERVICE**

      This certifies the foregoing was filed with the Court via the Court's e-filing system on March 26, 2025, with copies the same day via electronic mail to:

Andrew M. Stroth (admitted Pro Hac Vice)
ACTION INJURY LAW GROUP
22 W. Washington Street, #1600
Chicago, IL 60602
Telephone: (844) 878-4529
astroth@actioninjurylawgroup.com

Steven Hart (admitted Pro Hac Vice)
James Ormond (admitted Pro Hac Vice)
HART MCLAUGHLIN & ELDRIDGE, LLC
22 W. Washington Street, #1600
Chicago, IL 60602
Telephone: (312) 955-0545
shart@hmelegal.com
jormond@hmelegal.com

Larry Disparti (admitted Pro Hac Vice)
DISPARTI LAW, LLC
121 W. Wacker Drive, Suite 2300
Chicago, IL 60601
Telephone: (312) 506-5511
ldisparti@dispartilaw.com

Ben Stelter-Embry MO #65404
EMBRY LAW, LLC
4700 Belleview, Suite 300
Kansas City, MO 64112
Telephone: (913) 231-9396
ben@embry-law.com

**Attorneys for Plaintiffs**

Dennis S. Harms, #58937
SANDBERG PHOENIX & von GONTARD P.C.
701 Market Street, Suite 600
St. Louis, MO 63101-1826
Telephone: (314) 231-3332
Facsimile: (314) 241-7604
dharms@sandbergphoenix.com
**Attorneys for Defendant Jennifer Long**

J. Thaddeus Eckenrode, #31080
ECKENRODE-BAUMAN
11477 Olde Cabin Rd., Suite 110
St. Louis, MO 63141
Telephone: (314) 726-6670
Facsimile: (314) 726-2106
jte@eckenrode-law.com
**Attorneys for Defendant**
**Centurion of Missouri, LLC**

Scott R. Pool, #42484
GIBBS POOL AND TURNER, P.C.
3225 A Emerald Lane
Jefferson City, MO 65109
Telephone: (573) 636-2614
Facsimile: (573) 636-6541
pool@gptlaw.net
**Attorneys for Defendants Davison, Williams, Wells, Glatczak and Nkwocha**

Ryan Bertels, #55167
SCHREIMANN, RACKERS & FRANCKA, L.L.C.
931 Wildwood Drive, Suite 201
Jefferson City, MO 65109
Telephone: (573) 634-7580
Facsimile: (573) 635-6034
rb@srfblaw.com
**Attorneys for Defendants Leggins, Case, Brown and Varner**

Kevin M. Smith, #51599
ANDREW BAILEY Attorney General
Deputy Chief Counsel – Litigation
615 E. 13th Street, Suite 401
Kansas City, MO 64106
Telephone: (816) 889-5106
Kevin.smith@ago.mo.gov
**Attorneys for Defendants Foley and Morriss**

    */s/ Jennifer Donnelli*
    **Attorney for Defendant**