IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| **DORIS ANN SCOTT and ORIEL MOORE,** | )<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| v. | ) Case No.: 2:24-cv-04107-MDH<br>) |
| **TREVOR FOLEY,** in his official and Individual capacity as Director of the Missouri Department of Corrections, et al., | )<br>)<br>)<br>) |
| **Defendants.** | ) |

## ORDER

Before the Court is Defendants Justin M. Leggins and Jacob A. Case's (collectively "Defendants") Motion to Stay Proceedings (Doc. 55). Defendants have filed their suggestions in support (Doc. 56), Plaintiffs have filed their suggestions in opposition (Doc. 68) and Defendants have filed a reply (Doc. 87). The motion is now ripe for adjudication on the merits. For the reasons stated herein, Defendants' Motion to Stay Proceedings is **DENIED**.

## BACKGROUND

This action arises from the death of a prisoner at the Jefferson City Correctional Center. Plaintiff Doris Ann Scott is a resident of the State of Colorado and the biological mother of Decedent Othel Moore, Jr. Plaintiff Oriel Moore is a resident of the State of Colorado and the biological sister of the Decedent. Defendant Trevor Foley is an employee of the State of Missouri and the Director of the Missouri Department of Corrections ("MDOC"). Defendant Kelly Morriss is an employee of the State of Missouri and the Warden of the Jefferson City Correction Center ("JCCC"). Defendant Centurion of Missouri, LLC is a limited liability company formed under Missouri law that provided health care services at JCCC. Defendant Justin Davison is a resident

1

of Missouri and an employee at the MDOC as the JCCC Corrections Emergency Response Team ("CERT") Field Commander. Defendants Justin M. Leggins, Jacob A. Case, Aaron C. Brown, Gregory H. Varner, Bryanne M. Bradshaw, Ryan Williams, William Wells, Craig Glatzczak, Zachary Kopp, Onyewuchi Nkwocha, and Sean Reynolds are all residents of Missouri and were employed at MDOC as members of a MDOC CERT unit. Defendant Jennifer Long is a resident of Missouri and was an employee of Defendant Centurion of Missouri, LLC.

On December 8, 2023, CERT Defendants initiated cell inspections at JCCC in the housing unit where Decedent was detained. Allegedly Defendants Leggins, Glatczak and Wells entered Decedent's cell. Decedent was removed from his cell with his hands in wrist restraints behind his back. Defendant Leggins allegedly stepped toward Decedent and pepper sprayed him in the face at close range. Defendants Wells and Glatzchak allegedly took Decedent to the ground where Defendant Case administered pepper spray at close range. Decedent was then escorted to the "day room" where Defendant Davison allegedly ordered Decedent to be placed in a wrap restraint device. Decedent was also placed in a spit mask, covering a portion of Decedent's face, including his mouth and nose. It is further alleged Cert Defendants placed a helmet on Decedent and transported him to a "dry cell" where Defendants Koop, Bradshaw, Reynolds, and Nkowcha monitored Decedent. Decedent was alleged to have struggled to breath for 30 minutes before becoming unresponsive. Defendant Long examined the Decedent before emergency medical services arrived at JCCC. Decedent was later pronounced dead due to positional asphyxiation as the cause of death.

Defendants Leggins and Case answered questions as part of an internal investigation from the Missouri Department of Corrections regarding the incident. Defendants also answered questions from the Cole County Sheriff's Department in their criminal investigation. On

September 12, 2024, Defendant Leggins and Defendant Case each were charged in the Circuit Court of Cole County Missouri with a count of accessory assault in the third degree and one count murder in the second degree. See Case No. 24AC-CR00884-01-OCN and Case No. 24AC-CR00881-01-OCN.

Defendants bring their motion seeking a stay of the proceedings against them pending resolution of their respective criminal charges issued against them. Plaintiffs argue that a stay is inappropriate because Defendants have already waived their Fifth Amendment right against self-incrimination. Plaintiffs further argue that even if Defendants have not waived their Fifth Amendment right entirely, Plaintiffs should be allowed to conduct discovery regarding topics for which they have already provided testimony. Lastly, Plaintiffs argue that even if Defendants have not waived their Fifth Amendment right, this matter does not meet the extraordinary requirements of a stay.

**STANDARD**

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id*. at 254-55. "Justice must be done in both criminal and civil litigation. The rights of a defendant in a criminal case must, of course, be protected. But this does not mandate a complete disregard for the rights of civil litigants." *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1213 (8th Cir. 1973). "A stay of a civil trial until factually related criminal proceedings are concluded is sometimes warranted. However, a civil defendant cannot hide behind a blanket invocation of the Fifth Amendment privilege." *Koester v. American Republic Invs., Inc.*, 11 F.3d

818, 823 (8th Cir. 1993). "Therefore, to warrant a stay, a defendant must make a strong showing either that the two proceedings are so interrelated that he cannot protect himself at the civil trial by selectively invoking his Fifth Amendment privilege, or that the two trials will so overlap that effective defense of both is impossible." *Id*.

## ANALYSIS

### I. Waiver of Fifth Amendment Rights

Plaintiff argues that Defendants Leggins and Case have waived their Fifth Amendment right against self-incrimination by voluntarily providing testimony to the Missouri Department of Corrections' internal investigation and to the Cole County Sheriff's Department investigators during the criminal investigation into the death of Othel Moore, Jr. Defendants argue they have not waived their Fifth Amendment right as they have not testified under oath in any capacity nor is it the responsibility of this Court to determine whether the Fifth Amendment was waived but that of the criminal court.

The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." *Minnesota v. Murphy*, 465 U.S. 420, 426, 104 S. Ct. 1136, 1141, 79 L. Ed. 2d 409 (1984) (quoting U.S. Const. amend. V). This prohibition permits a person to refuse to testify against himself at a criminal trial in which he is a defendant, but also "privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or information, where the answers might incriminate him in future criminal proceedings." *Id*. (quoting *Lefkowitz v. Turley*, 414 U.S. 70, 77, 94 S.Ct. 316, 322 38 L.Ed.2d 274 (1973)). For a defendant to waive his Fifth Amendment right against self-incrimination, his waiver must be knowing, intelligent, and voluntary. *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). A waiver is knowing and intelligent if it is "made with a full awareness of

4

both the nature of the right being abandoned and the consequences of the decision to abandon it." *United States v. Syslo*, 303 F.3d 860, 865 (8th Cir. 2002). It is voluntary if it is "the product of a free and deliberate choice rather than intimidation, coercion, or deception." *Id*. "to determine whether a waiver or a confession was voluntary, a court looks at the totality of the circumstances and must determine whether the individual's will was overborne." *Id*. at 866. "There is a presumption against the waiver of constitutional rights[.]" *Williams v. Brewer*, 509 F.2d 227, 232 (8th Cir. 1974) (citing *Glasser v. United States*, 315 U.S. 60, 70-71 (1942)).

Here, the Fifth Amendment right against self-incrimination applied to both the Missouri Department of Corrections internal investigation and the Cole County Sheriff's Department criminal investigation. "If a witness … answers a question that both he and the government should reasonably expect to incriminate him, the Court need ask only whether the particular disclosure was 'compelled' within the meaning of the Fifth Amendment." *Minnesota v. Murphy*, 465 U.S. 420, 428, 104 S. Ct. 1136, 1142, 79 L. Ed. 2d 409 (1984). There are no facts that suggest the voluntary testimony given to the Missouri Department of Corrections or the Cole County Sheriff's Department were compelled. Plaintiffs have provided probable cause statements which contain statements made by Defendants regarding the alleged incident. (Doc. 68-1 and 68-2). The Court finds that Defendants have waived their Fifth Amendment right against self-incrimination to the extent covered in their voluntary responses to the Missouri Department of Corrections internal investigation and the Cole County Sheriff's Department criminal investigation. For the reasons stated, Plaintiffs may pursue questioning on topics voluntarily given by Defendants Leggins and Case based on their responses to the Missouri Department of Corrections and Cole County Sheriff's Department.

**II.     Motion to Stay Proceedings**

Defendants argue that given the interrelatedness of the civil and criminal cases there is no reasonable way for Defendants to selectively assert their Fifth Amendment right against self-incrimination or otherwise effectively defendant both cases. Plaintiffs argue that Defendants have failed to make a strong showing that the two proceedings so interrelated that they cannot protect themselves at the civil trial by selectively invoking their Fifth Amendment right.

"[A] stay of a civil case to permit conclusion of a related criminal prosecution has been characterized as an extraordinary remedy." *Aldridge v. City of St. Louis, Missouri*, No. 4:18-CV-1677 CAS, 2020 WL 223928, at *3 (E.D. Mo. Jan. 15, 2020) (quoting *Liggins v. Cohen*, 4:16-CV-413 AGF, slip op. at 3 (E.D. Mo. Mar. 8, 2018)). The decision whether to say civil litigation in deference to parallel criminal proceedings is discretionary and requires the Court to "assess and balance the nature and substantiality of the injustices claimed on either side." *Id*. (quoting *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1214-15 (8th Cir. 1973)). The Eighth Circuit has not specified a set of factors to analyze whether a stay is necessary in light of parallel criminal proceedings. *Id*. However, district courts in the Eighth Circuit have generally considered the following factors adopted by the Ninth Circuit:

> (1) The interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases and the efficient use of judicial resources; (4) the interests of person not parties to the civil litigation and (5) the interest of the public in the pending civil and criminal litigation.

*White v. Feaman*, 2018 WL 5831261, at *2 (E.D. Mo. Nov. 7, 2018) (quoting *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 325 (9th Cir. 1995)). The Court will examine each factor as it relates to the current action.

   a.  **Interest of Plaintiffs**

Defendants argue that Plaintiffs' claims are for money damages and those claims will survive the resolution of the criminal proceedings against Defendants. Plaintiffs argue they have a legitimate interest in the expeditious resolution of their case. Additionally, Plaintiffs argue they have a compelling interest in the prompt resolution of their cases as it seeks to vindicate vital constitutional rights and uncover the full scope of Defendants' actions.

According to records available on Missouri Case.net, the state criminal case is not set for either Defendant Leggins or Defendant Case. Both Defendants have a plea/trial setting hearing scheduled for April 14, 2025. The parties have not suggested how long it may be before the criminal case is resolved. The Court finds that Plaintiff would suffer prejudice and unnecessary delay by a stay of all proceedings in this case. Plaintiff's prejudice and delay would be lessened by allowing discovery to proceed as to the other defendants. For the reasons stated, the Court finds this factor weights against a delay of all proceedings in the case.

b. **Burden on Defendants**

Defendants argue both risk self-incrimination in answering written discovery or deposition questions because the complaint and the charges in their respective indictments are so intertwined and overlap to such a significant degree. Plaintiffs argue there is minimal prejudice to Defendants in proceeding with discovery. Specifically, Plaintiffs argue that the Fifth Amendment does not exist to shield Defendants from the consequences of their actions to give them an advantage in civil litigation. Further, there are protections for Defendants' Fifth Amendment rights without the need to delay the civil proceedings such as sealing sensitive discovery or limiting the use of deposition testimony. Finally, Defendants points to the video evidence in this case that mitigates any potential prejudice to the Defendants in the civil case.

7

Case 2:24-cv-04107-MDH    Document 104    Filed 04/03/25    Page 7 of 10

There is no dispute that the criminal prosecution and civil case arise out of the same facts and involve nearly identical issues and witnesses. Both Defendants have been indicted and a "stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct." *Aldridge v. City of St. Louis, Missouri*, No. 4:18-CV-1677 CAS, 2020 WL 223928, at *4 (E.D. Mo. Jan. 15, 2020) (quoting *S.E.C. v. Gerhardt*, 2007 WL 1452236, at *2 (E.D. Mo. May 15, 2007)). However, the Court finding that Defendants have already waived their Fifth Amendment right against self-incrimination as to the topics they have already voluntarily discussed the Court finds that Defendants have not made a strong showing the actions are so interrelated they cannot protect themselves in civil discovery and at trial by selectively invoking their Fifth Amendment right. The Court finds this factor weighs in favor of Plaintiffs.

c. **Convenience of the Court**

Defendants argue that a stay of this proceeding pending the outcome of the criminal case against Defendants would enhance judicial economy and efficiency by allowing for more efficient discovery because the likelihood of Fifth Amendment invocations in response to civil discovery could be reduced. Plaintiffs argue the Court has a strong interest in moving this case towards its conclusion without unnecessary delay.

Plaintiff is correct that this Court has a strong interest in managing its docket and keeping litigation moving without unnecessary delay. Given the facts and circumstances of this case the Court finds that giving Defendants a partial stay would not require the expenditure of significant judicial resources and could potentially simplify the issues or resolve liability questions in the civil proceedings. *See e.g., Ruszczyk v. Noor*, 2018 WL 4759838, at *5 (finding stay in case where there was substantial overlap between criminal proceedings and Section 1983 civil claims against same defendant would conserve judicial resources, would likely lead to relevant discovery for the civil

8

proceedings, and could possibly simplify the issues or resolve liability questions in the civil proceedings.). Plaintiffs would still be allowed to continue discovery towards those Defendants other than Leggins and Case. The Court finds this factor weighs slightly in favor of Defendants.

### d. Interests of Persons Not Parties to the Civil Litigation and the Public

Defendants argue the public interest in law enforcement outweighs the competing interest of Plaintiff's right to a reasonably prompt determination of his claims. Defendant further argues that there is no imminent threat of harm to the public at large, and no basis to weight these factors against a stay. Plaintiffs argue the public has a vested interest in the timely progression of this case, which raises significant constitutional issues under Section 1983 and *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

Neither Defendants nor Plaintiffs make an argument as it relates to the interests of persons not parties to the civil litigation. With respect to interests of persons not parties to the civil litigation the Court finds that factor neutral. Regarding the interest of the public the Court recognizes the public interest in the prompt resolution of this civil matter. *See e.g., Ruszczyk v. Noor*, 2018 WL 4759838, at *6. The Court also recognized the public interest in ensuring that the integrity of the criminal process is not subverted. *See e.g., State Farm Mut. Auto. Ins. Co. v. Healthcare Chiropractic Clinic, Inc.*, 2016 WL 9307608, at *6 (D. Minn. Apr. 26, 2016). The Court finds that the fifth factor to be neutral.

## CONCLUSION

The Court having assessed the five factors for a stay of proceedings in an interrelated civil and criminal case find a stay of proceedings is not warranted. For the reasons stated, Defendants Motion to Stay Proceedings as to Defendant Leggins and Defendant Case is **DENIED**.

**IT IS SO ORDERED**.

DATED:   April 3, 2025                          */s/ Douglas Harpool*
                                                **DOUGLAS HARPOOL**
                                                **UNITED STATES DISTRICT JUDGE**