IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| **DORIS ANN SCOTT and ORIEL MOORE,** | ) <br> ) <br> ) |
| **Plaintiffs,** | ) <br> ) |
| v. | )    Case No.: 2:24-cv-04107-MDH <br> ) |
| **TREVOR FOLEY,** in his official and individual capacity as Director of the Missouri Department of Corrections, et al., | ) <br> ) <br> ) <br> ) |
| **Defendants.** | ) |

## ORDER

Before the Court is Defendants Trevor Foley and Kelly Morris's Motion to Dismiss Count V - 42 U.S.C. § 1983 Unconstitutional Policy of Deliberate Indifference against them in their official capacity. Defendants Foley and Morris also seek dismissal of Counts VI – 42 U.S.C. § 1983 - Supervisory Liability; Count VII – 42 U.S.C. § 1983 - Deliberate Indifference/Failure to Train; Count VIII – Wrongful Death; Count IX – Negligence; Count XIV – Negligent Training/Supervision; and Count XV – Negligent Retention of Private Contractor against them in their individual capacities. (Doc. 17). Plaintiffs have filed their suggestions in opposition. (Doc. 35). Defendants Foley and Morris have failed to reply and the time to do so has elapsed. This matter is now ripe for adjudication. For the reasons discussed herein, Defendants Foley and Morris's Motion to Dismiss the claims against them is **DENIED**.

## BACKGROUND

This action arises from the death of a prisoner at the Jefferson City Correctional Center. Plaintiff Doris Ann Scott is a resident of the State of Colorado and the biological mother of

1

Decedent Othel Moore, Jr. Plaintiff Oriel Moore is a resident of the State of Colorado and the biological sister of the Decedent. Defendant Trevor Foley is an employee of the State of Missouri and the Director of the Missouri Department of Corrections ("MDOC"). Defendant Kelly Morriss is an employee of the State of Missouri and the warden of the Jefferson City Correction Center ("JCCC"). Defendant Centurion of Missouri, LLC is a limited liability company formed under Missouri law that provided health care services at JCCC. Defendant Justin Davison is a resident of Missouri and an employee at the MDOC as the JCCC Corrections Emergency Response Team ("CERT") Field Commander. Defendants Justin M. Leggins, Jacob A. Case, Aaron C. Brown, Gregory H. Varner, Bryanne M. Bradshaw, Ryan Williams, William Wells, Craig Glatzczak, Zachary Kopp, Onyewuchi Nkwocha, and Sean Reynolds are all residents of Missouri and were employed at MDOC as members of a MDOC CERT unit. Defendant Jennifer Long is a resident of Missouri and was an employee of Defendant Centurion of Missouri, LLC.

On December 8, 2023, CERT Defendants initiated cell inspections at JCCC in the housing unit where Decedent was detained. Allegedly Defendants Leggins, Glatczak and Wells entered Decedent's cell. Decedent was removed from his cell with his hands in wrist restraints behind his back. Defendant Leggins allegedly stepped toward Decedent and pepper sprayed him in the face at close range. Defendants Wells and Glatzchak allegedly took Decedent to the ground where Defendant Case administered pepper spray at close range. Decedent was then escorted to the "day room" where Defendant Davison allegedly ordered Decedent to be placed in a wrap restraint device. Decedent was also placed in a spit mask, covering a portion of Decedent's face, including his mouth and nose. It is further alleged Cert Defendants placed a helmet on Decedent and transported him to a "dry cell" where Defendants Koop, Bradshaw, Reynolds, and Nkowcha monitored Decedent. Decedent was alleged to have struggled to breath for 30 minutes before

2

becoming unresponsive. Defendant Long examined the Decedent before emergency medical services arrived at JCCC. Decedent was later pronounced dead due to positional asphyxiation as the cause of death.

Plaintiffs bring 15 Counts against Defendants in this case. Defendants Foley and Morriss seek to dismiss Plaintiff's various Counts against them. Specifically, Defendants Foley and Morriss seek to dismiss Plaintiff's Count V - Unconstitutional Policy of Deliberate Indifference in violation of 42 U.S.C. § 1983 against them in their official capacities. Defendants also seek to dismiss Plaintiff's various Counts against them in their individual capacities including: Count VI, Supervisory Liability in violation of 42 U.S.C. § 1983; Count VII, Deliberate Indifference – Failure to Train in Violation of 42 U.S.C. § 1983; Count VIII, Wrongful Death; Count IX, Negligence; Count XIV, Negligent Training/Supervision; and Count XV, Negligent Retention of Private Contractor.

**STANDARD**

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a

3

complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## ANALYSIS

I. **Official Capacity**

   a. **Count V – 42 U.S.C. § 1983 - Unconstitutional Policy of Deliberate Indifference**

Defendants Foley and Morris argue that claims brought against them in their official capacity is barred by sovereign immunity and thus must be dismissed. Plaintiffs argue that sovereign immunity is inapplicable as it does not bar official capacity claims for declaratory and injunctive relief aimed at halting ongoing violations of constitutional rights.

There is no immunity available to local governments sued under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L. Ed. 2d. 45 (1989). For § 1983 liability to attach to a city or government entity, the Plaintiff must show that a constitutional violation resulted from an official municipal policy, an unofficial custom, or a deliberately indifferent failure to train or supervise. *Laney v. City of St. Louis, Missouri*, No. 4:18-CV-1575-CDP, 2019 WL 2423308, at 4 (E.D. Mo. June 10, 2019) (citing *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018)).

Here, Plaintiffs are suing the Missouri Department of Corrections through Defendants Trevor Foley and Kelly Morriss through their official capacity as Director of the Missouri Department of Corrections and Warden of the Jefferson City Correctional Center respectively. Plaintiffs allege "the Missouri Department of Corrections … implemented, enforced, encouraged, and sanctioned a policy, practice, and/or custom of excessive force on inmates, thereby authorized

the officers' use of force on [Decedent] in violation of [Decedent]'s constitutional rights." (Complaint ¶ 157). "Specifically, the Missouri Department of Corrections had a policy, practice, or custom of permitting their officers, specifically the [CERT], to use excessive and disproportionate force against inmates without just cause or provocation." (Complaint ¶ 160). Plaintiffs also allege that Defendants "had a policy, pattern, and/or practice of understaffing the JCCC with correctional officers and/or medical and nursing staff. The policy, pattern, and/or practice resulted in regular, systemic understaffing at the JCCC in relevant respects." (Complaint ¶ 161).

Taking the allegations as true for the purpose of a motion to dismiss, Plaintiffs have raised a right above a speculative level. Plaintiffs has alleged multiple policies, practices, or customs that have led to the constitutional violation of Decedent's rights. Plaintiffs have sufficiently made a claim against Defendants Foley and Morriss in their official capacities with the Missouri Department of Corrections. For the reasons stated, Defendants Foley and Morriss's Motion to Dismiss Count V – 42 U.S.C. § 1983 – Unconstitutional Policy of Deliberate Indifference based on sovereign immunity is **DENIED**.

**Individual Capacity**

Defendants Foley and Morriss argue that claims brought against them in their individual capacity must be dismissed because neither Foley nor Morris were involved in the use of force that is the basis of Plaintiffs' lawsuit. Plaintiffs argue that the First Amended Compliant details how Foley and Morris directly contributed to the conditions that led to Decedents death including Defendants failure to enforce policies that could have prevented the excessive use of force by CERT officers and their failure to address the longstanding pattern of abuse within the MDOC.

5

### a. Count VI – 42 U.S.C. § 1983 – Supervisory Liability

To state a claim under 42 U.S.C. § 1983, the plaintiff must plead that a government official has personally violated the plaintiff's constitutional rights. *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). While the doctrine of respondeat superior does not apply to 42 U.S.C. § 1983 cases, a supervisor may still be liable under 42 U.S.C. § 1983 if either his direct action or his "failure to properly supervise and train the offending employee" caused the constitutional violation at issue. *Id*. (quoting *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001)). Even if a supervisor is not involved in day-to-day operations, his personal involvement may be found if he is involved in "creating, applying, or interpreting a policy" that gives rise to unconstitutional conditions. *Id*. (quoting *Bonner v. Outlaw*, 552 F.3d 673, 679 (8th Cir. 2009).

Here, Plaintiffs allege Defendant Foley "[a]s the ultimate authority within the Missouri Department of Corrections on December 8, 2023, … bore the responsibility for the comprehensive oversight of MDOC personnel, which encompasses a wide range of managerial duties including hiring, training, and disciplinary action." (Complaint ¶ 94). Plaintiffs allege Defendant Morris "held ultimate jurisdiction over JCCC, similarly charged with the oversight of hiring, training, and managing employees, thereby directing influencing the operational culture within JCCC." (Complaint ¶ 95). Plaintiffs allege "a deliberate pattern of deploying CERT to intimidate and brutalize inmates was established at MDOC, representing an official policy or an established custom of MDOC. (Complaint ¶ 96). "MDOC policy makers were aware of the recurrent excessive use of force used by MDOC CERT units. Despite this [Defendants Foley and Morris] have consistently failed to implement remedial measure, thereby reinforcing the abusive, unconstitutional conduct at issue. (Complaint ¶ 99). Plaintiffs allege the unconstitutional conduct

6

Decedent's constitutional rights by the use of unnecessary and excessive force and obvious need for medical intervention. (Complaint ¶¶ 84 and 87).

The Court finds that Plaintiffs have established a right to relief above a speculative level. Taking the allegations as true for the purpose of a Motion to Dismiss, Plaintiffs have sufficiently alleged that Defendants Foley and Morris were supervisors in which direct action or failure to properly supervise and train the offending employee caused the constitutional violation at issue. For the reasons stated, Defendants Foley and Morriss's Motion to Dismiss Count VI – 42 U.S.C. § 1983 – Supervisory Liability against them is **DENIED**.

  b.  **Count VII – 42 U.S.C. § 1983 – Deliberate Indifference – Failure to Train**

"In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for the purposes of § 1983." *Connick v. Thompson*, 563 U.S. 51, 61, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011). "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train. *Id*. To satisfy the statute, a municipality's failure to train its employees in a relevant respect must amount to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contract." *Id*. (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 1204, 103 L. Ed. 2d 412 (1989)). A pattern of similar constitutional violations by untrained employees is "ordinarily necessary" to demonstrate deliberate indifference for purposes of failure to train. *Id*. (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 407, 117 S. Ct. 1382, 1390, 137 L. Ed. 2d 626 (1997)). "[c]ontinued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action necessary to trigger municipal liability." *Bd. of Cnty. Comm'rs of*

*Bryan Cnty., Okl v. Brown*, 520 U.S. 397, 407, 117 S. Ct. 1382, 1390, 137 L. Ed. 2d 626 (1997) (quoting *City of Canton, Ohio v. Harris*, at 390, n. 10, 109 S.Ct., at 1205, n. 10).

Here, Plaintiffs allege upon information and belief that "MDOC policymakers wre aware of the recurrent excessive use of force used by MDOC CERT units. Despite this, [Defendants Foley and Morriss] have consistently failed to implement remedial measures, thereby reinforcing the abusive, unconstitutional conduct at issue." (Complaint ¶ 99). "By allowing MDOC CERT units … to operate without consequence, senior officials have not only tacitly approved but have strengthened a legacy of constitutional breaches." (Complaint ¶ 101).

Taking Plaintiffs allegations as true for the purposes of a motion to dismiss, Plaintiffs have raised their right to relief above a speculative level. Plaintiffs have alleged that Defendants Foley and Morriss were aware of recurrent excessive use of force used by MDOC CERT but failed to implement any remedial measures. For the reasons stated, Defendant's Foley and Morriss's Motion to Dismiss Count VII – 42 U.S.C. § 1983 – Deliberate Indifference – Failure to Train is **DENIED**.

c. **Count VIII – Wrongful Death**

There are no specific elements to a wrongful death claim under Missouri law.

> [T]he wrongful death statue does not provide, in and of itself, an independent basis for liability; rather, the wrongful death statue proves a means through which a defined class of person can recover damages pursuant to a cause of action that, but for the injured person's death, would have provided the injured person a basis for recover.

*Haynes v. Williams*, No. 1:21-CV-00160-ACL, 2023 WL 3736492, at *2 (E.D. Mo. May 31, 2023) (applying Missouri law). Plaintiff states a count of wrongful death based on negligence. In Missouri, in an action for negligence, the Plaintiff must establish that "(1) the defendant had a duty to the plaintiff; (2) the defendant failed to perform that duty; and (3) the defendant's breach was

the proximate cause of the plaintiff's injury." *Webb v. Medicalodges, Inc.*, 728 F. Supp. 3d 1019, 1024 (W.D. Mo. 2024) (quoting *Martin v. City of Wash.*, 848 S.W.2d 487, 493 (Mo. banc 1993)).

Here, Plaintiffs alleged Decedent "was in the custody of Defendants and completely reliant upon Defendants to protect him and provide his medial needs." (Complaint ¶ 191). "Defendants owed a non-delegable duty of reasonable care to [Decedent] while he [was] in their custody." (Complaint ¶ 192) Defendants Foley and Morriss "possessed a non-delegable duty to supervise and ensure the safety and wellbeing of [Decedent]." (Complaint ¶ 193). "Defendants possessed actual knowledge, personally and/or via their employees and agents, that [Decedent] had been beaten, tortured, and was in need of medical intervention[.]" (Complaint ¶ 195). "Defendants further knew or should have known that [Decedent] had been beaten, tortured and was in need of medical intervention[.]" (Complaint ¶ 196). Plaintiff alleges Defendants breached that duty. (Complaint ¶ 197). "As a direct and proximate result of Defendants' conduct [Decedent] … suffered severe physical injuries, extreme pain and suffering, emotional distress, humiliation, mental anguish and death. (Complaint ¶ 201).

Taking Plaintiffs allegations as true for the purposes of a motion to dismiss, Plaintiffs have raised their right to relief above a speculative level. Plaintiffs have alleged a wrongful death action premised upon negligence by alleging Defendants Foley and Morriss had a duty to the Plaintiff; they failed to perform that duty; and the Defendants breach was the proximate cause of Plaintiff's injuries. For the reasons stated, Defendants Foley and Morriss's Motion to Dismiss Count VIII – Wrongful Death is **DENIED**.

d. **Count IX – Negligence**

As stated above on the wrongful death claim, Plaintiffs have sufficiently stated a right to relief above a speculative level regarding their negligence claim. Plaintiffs have alleged negligence

9

by alleging Defendants Foley and Morriss had a duty to the Plaintiff; they failed to perform that duty; and the Defendants breach was the proximate cause of Plaintiff's injuries. For the reasons stated, Defendants Foley and Morriss's Motion to Dismiss Count IX – Negligence is **DENIED**.

   e. **Count XIV – Negligent Training/Supervision**

To state a prima facie case of negligent supervision, a plaintiff must plead "(1) a legal duty on the part of the defendant to use ordinary care to protect the plaintiff against unreasonable risks of harm; (2) a breach of that duty; (3) a proximate cause between the breach and the resulting injury; and (4) actual damages to the plaintiff's person or property." *Lipp v. Ginger C, L.L.C.*, No. 2:15-CV-04257-NKL, 2016 WL 1583663, at *10 (W.D. Mo. Apr. 19, 2016) (quoting *Cook v. Smith*, 33 S.W.3d 548, 553-54 (Mo. Ct. App. 2000)).

Plaintiffs allege Defendants Foley and Morriss "had a duty to train and supervise their employees in the proper methods of use of force and provision of medical care." (Complaint ¶ 240). "Defendants breached their duty of care by negligently failing to provide adequate training and supervision to their employees concerning the use of force and the necessity of timely medical intervention for inmates." (Complaint ¶ 243). "As a direct and proximate result of Defendants' conduct, [Decedent] suffered severe physical injuries, extreme pain and suffering, emotional distress, humiliation, mental anguish, and ultimately death. (Complaint ¶ 244). Plaintiffs allege she suffered damages including pecuniary losses by reason of "the death of [Decedent], funeral expenses, and the loss of the reasonable value of the services, consortium, companionship, comfort, instruction guidance, training and support, as well as all other damages allowed under R.S. Mo. ¶ 537.090 and/or Missouri law." (Complaint ¶ 245).

Taking Plaintiffs allegations as true for the purposes of a motion to dismiss, Plaintiffs have raised their right to relief above a speculative level. Plaintiffs have alleged a claim of Negligent

10

Training/Supervision alleging Defendants Foley and Morriss had a duty to the Plaintiff; they failed to perform that duty; Defendants breach was the proximate cause of Plaintiff's injuries; and actual damages to the Plaintiff. For the reasons stated, Defendants Foley and Morriss's Motion to Dismiss Count XIV – Negligent Training/Supervision is **DENIED**.

    f. **Count XV – Negligent Retention of Private Contractor**

The elements of a negligent retention claim are the same as for a negligent hiring claim. *Hejnal v. U.S. Xpress, Inc.*, No. 4:17-CV-2557 CAS, 2018 WL 534376, at *4 (E.D. Mo. Jan. 24, 2018) (citing *Reed v. Kelly*, 37 S.W.3d 274, 277 (Mo. Ct. App. 2000)). Under Missouri law, "a Plaintiff states a prima case of negligent hiring by pleading that '(1) the employer knew or should have known of the employee's dangerous proclivities, and (2) the employer's negligence was the proximate cause of the plaintiff's injures.'" *Id*. (quoting *Lambert v. New Horizons Community Support Services, Inc.*, 2016 WL 1562963, at *4 (W.D. Mo. Apr. 18, 2016)). "An employer's knowledge of the employee's dangerous proclivities is based upon 'prior acts of misconduct'". *Lambert v. New Horizons Community Support Services, Inc.*, 2016 WL 1562963 (quoting *Reed v. Kelly*, 27 S.W.3d 274, 277 (Mo. Ct. App. 2000).

Here, Plaintiffs fail to allege that Defendant Foley or Morriss knew or should have known of Defendant Centurion of Missouri, LLC dangerous proclivities. Plaintiff alleges Defendant Centurion of Missouri, LLC's "substandard care at JCCC and other jails has led to increasingly routine deaths of incarcerated persons and unconstitutionally-inadequate medical care." (Complaint ¶ 251). However, they make no connection as to Defendant Foley or Morriss being aware of substandard care at JCCC and other jails prior to the incident related to Decedent.

Taking Plaintiffs allegations as true for the purpose of a motion to dismiss, Plaintiffs have failed to raise their right to relief above a speculative level. For the reasons stated, Defendants

11

Foley and Morriss's Motion to Dismiss Count XV – Negligent Retention of Private Contractor is **SUSTAINED WITHOUT PREJUDICE**. Plaintiffs will have 14 days from this Order to file an Amended Complaint of factual allegations that gave Defendant Foley and Morriss prior notice of Defendant Centurion of Missouri, LLC's dangerous proclivities that would warrant relief under a claim of Negligent Retention of Private Contractor.

## CONCLUSION

For the reasons discussed herein, Defendants Foley and Morriss's Motion to Dismiss Count V – 42 U.S.C. § 1983 – Unconstitutional Policy of Deliberate Indifference; Count VI – 42 U.S.C. § 1983 – Supervisory Liability; Count VII – 42 U.S.C. § 1983 – Deliberate Indifference – Failure to Train; Count VIII – Wrongful Death; Count IX – Negligence; and Count VIX – Negligent Training/Supervision are **DENIED**. Defendants Foley and Morriss's Motion to Dismiss Count XV – Negligent Retention of Private Contractor is **SUSTAINED WITHOUT PREJUDICE**. Plaintiffs will have 14 days from this Order to file an Amended Complaint of factual allegations that gave Defendant Foley and Morriss prior notice of Defendant Centurion of Missouri, LLC's dangerous proclivities that would warrant relief under a claim of Negligent Retention of Private Contractor.

**IT IS SO ORDERED**.

DATED: April 8, 2025

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**