# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| DORIS ANN SCOTT and ORIEL MOORE, ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 2:24-CV-04107-MDH |
| CENTURION OF MISSOURI, LLC, et al., ) | |
| Defendants. ) | |

## MEMORANDUM IN OPPOSITION TO DEFENDANT DAVISON, WILLIAMS, WELLS, GLATCZAK, KOPP AND NKWOCHA'S MOTION TO STAY

Plaintiffs respectfully oppose the motion to stay filed by Defendants Justin Davison, Ryan Williams, William Wells, Craig Glatczak, Jeremy Kopp, and Onyewuchi Nkwocha. These Defendants – none of whom face criminal charges – seek the same extraordinary relief that this Court already denied to three indicted co-defendants, Justin Leggins, Jacob Case and Bryanne Bradshaw. ECF 104 & 106. In its respective Orders, the Court recognized that Plaintiffs have a compelling interest in the prompt resolution of their constitutional claims, that the Fifth Amendment had been waived to the extent relevant, and that discovery could proceed efficiently and fairly. *Id.* These conclusions apply with even greater force to the Defendants now seeking to delay this case, despite having no legitimate Fifth Amendment conflict or parallel criminal proceedings.

The law is clear: a stay is an extraordinary remedy, not a default shield from discovery. The Court has already found that Plaintiffs would suffer prejudice from delay. These Defendants offer no new facts or legal grounds that warrant a different outcome. Their motion should be denied.

1

## I. LEGAL ARGUMENT

### A. The Court has already denied a motion to stay by criminally indicted defendants.

In its respective Orders, this Court denied motions to stay proceedings filed by co-defendants Justin Leggins, Jacob Case and Bryanne Bradshaw, who were criminally charged in connection with the death of Othel Moore, Jr. The Court's decisions followed a thorough analysis of the legal standards governing such motions, including an assessment of the defendants' Fifth Amendment rights and the balancing of relevant equities under the *Keating* framework.

The Court began its analysis by reaffirming the principle that "[a] stay of a civil case to permit conclusion of a related criminal prosecution has been characterized as an extraordinary remedy." ECF 104 & 106, at 6, *citing Aldridge v. City of St. Louis*, 2020 WL 223928, at 3 (E.D.Mo. Jan. 15, 2020). Acknowledging that some overlap existed between the civil and criminal matters, the Court emphasized that the burden remained on Defendants to make a "strong showing" that they could not adequately defend themselves in both proceedings without a stay. *Id.* at 4, *quoting Koester v. American Republic Invs., Inc.*, 11 F.3d 818, 823 (8th Cir. 1993)).

The Court ultimately concluded that Defendants Leggins, Case and Bradshaw failed to make that showing, particularly because that they had already participated in voluntary interviews with both the Missouri Department of Corrections and the Cole County Sheriff's Department as part of the internal and criminal investigations.

A critical element of this Court's ruling was its conclusion that Leggins, Case and Bradshaw partially waived their Fifth Amendments rights by voluntarily providing statements to both the Missouri Department of Corrections and the Cole County Sheriff's Department as part of the internal and criminal investigations, prior to any formal charges. The Court found no indication those statements were coerced or compelled and held that the waiver was knowing and intelligent

under binding Eighth Circuit precedent. ECF 104 & 106 at 5-6, *citing Minnesota v. Murphy*, 465 U.S. 420 (1984); *United States v. Syslo*, 303 F.3d 860 (8th Cir. 2002)).

As a result, the Court ruled that Plaintiffs are entitled to proceed with discovery concerning any topics addressed by Defendants in those voluntary statements. Because Defendants had already spoken in detail about the incident, their attempt to shield themselves from discovery in this case was not persuasive.

The Court then undertook a detailed analysis of the five *Keating* factors commonly used by courts in the Eighth Circuit when assessing motions to stay civil proceedings pending parallel criminal matters. These factors include: (1) he plaintiffs' interest proceeding expeditiously and prejudice from delay; (2) the burden on defendants; (3) the court's interest in efficient docket management; (4) the interests of non-parties; and (5) the public interest.

On the first factor, the Court found that Plaintiffs would be prejudiced by the delay, especially given the constitutional significance of the claims and the uncertain timeline of the criminal proceedings, which have not yet been scheduled for trial. ECF 104 & 106, at 7. While the Court found that Defendants Leggins and Case faced some burden in defending simultaneously in both forums, the Court noted that protective measures (e.g., selective Fifth Amendment invocation, use of sealed discovery) could adequately safeguard their rights. *Id.* at 8. Further, the Court emphasized its own institutional interest in moving the case forward efficiently, stating that a partial stay would unnecessarily complicate matters and disrupt efficient case management. *Id.* Lastly, the Court concluded that the public interest in accountability and transparency weighed in favor of allowing civil litigation to proceed without delay, particularly in a § 1983 case involving the death of an inmate in state custody. *Id.* at 9.

Ultimately, the Court concluded that Defendant Leggins, Case and Bradshaw – despite being criminally charged and despite some factual overlap – failed to meet the high burden necessary to justify halting discovery in this case. That conclusion is particularly important in the context of the present motion, where the moving Defendants are not under criminal indictment and have shown even less risk of prejudice from continued proceedings.

Thus, granting the present motion to stay would be inconsistent with the Court's prior orders and its thorough balancing of the governing legal principles. If the motions by the indicted Defendants did not justify a stay, then logic dictates that neither should the motion brought by these Defendants who are facing no such criminal exposure.

### B. The criminally charged defendants' potential invocation of the Fifth Amendment is no longer a valid basis to stay this case.

The Court's recent orders denying the motions to stay by Defendants Leggins, Case and Bradshaw eliminates the principal justification asserted by the uncharged defendants for staying this case: that the participation of criminally charged co-defendants would be constrained by their invocation of the Fifth Amendment.

As noted above, in denying the motions to stay, the Court specifically found that Defendants Leggins, Case and Bradshaw had waived their Fifth Amendment rights to the extent covered by their voluntary statements to internal MDOC investigators and the Cole County Sheriff's Department. As a result, the Court held that Plaintiffs may proceed with discovery on topics already addressed in those voluntary statements. This materially narrows, if not entirely eliminates, the scope of any potential Fifth Amendment objections in this case.

Accordingly, any concern by Defendants Davison, Williams, Wells, Glatczak, Kopp and Nkwocha that discovery or trial will be obstructed or distorted by blanket Fifth Amendment invocations from Leggins, Case or Bradshaw is no longer valid. The uncharged defendants can no

4

longer plausibly argue that proceeding would prejudice them due to co-defendants' silence, or that they will be deprived of joint defense cooperation.

Moreover, the Eighth Circuit has consistently held that a civil defendant cannot rely on the mere possibility of a co-defendant asserting the Fifth Amendment to justify a stay. As the Court cited in *Koester v. American Republic Invs., Inc.*, 11 F.3d 818, 823 (8th Cir. 1993), "[a] civil defendant cannot hide behind a blanket invocation of the Fifth Amendment privilege," and a stay is only warranted upon a *strong showing* that defending both civil and criminal proceedings would be impossible. Like Leggins and Case, that standard is unmet here.

To the extent the uncharged defendants claim that the Court should stay the case to protect the integrity of the criminal prosecutions, the Court has already weighed and rejected that rationale. (ECF 104 & 106). The Court, as noted above, specifically held that the balance of interests – including judicial economy, plaintiffs' right to prompt resolution, and the public's interest in accountability – weighed against a stay even for indicted defendants.

If a stay was unwarranted for three defendants facing active prosecutions, it is entirely unjustified for defendants who face no criminal charges at all and who seek delay based on speculative or indirect effects. In sum, the core premise of the uncharged defendants' motion – the potential for prejudice stemming from their co-defendants' Fifth Amendment assertions – has been resolved by the Court's recent rulings. It no longer provides any legal or practical basis to delay this litigation.

C.  **Even so, these defendants are not entitled to the "extraordinary remedy" of a stay under *Keating*.**

To aid in determining whether to stay a civil action pending resolution of a related criminal case, Eighth Circuit courts have analyzed a number of factors, including: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it and the

5

potential prejudice to plaintiffs is a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation. *Aldridge*, at *4. Courts also consider the extent to which the issues in the criminal case overlap with the civil case – i.e., the "interrelationship" noted in *Koester* – as well as the status of the criminal proceedings. *Brown*, 2007 WL 4191998, at *1. When these factors are analyzed here, it becomes clear that a stay is unwarranted.

### 1. Plaintiffs will suffer hardship from potential delays.

Under Rule 1 of the Federal Rules of Civil Procedure, Plaintiffs are entitled to a "just, speedy, and inexpensive" resolution of their claims. Granting an indefinite stay would unjustly deprive them of that right and delay accountability for the death of Othel Moore, Jr.

The Court has already recognized this harm. In its orders denying the stay sought by Defendants Leggins, Case and Bradshaw – all of whom are criminally charged – the Court expressly found that Plaintiffs would suffer "prejudice and unnecessary delay" if proceedings were paused. ECF 104 & 106, at 7. The Court emphasized Plaintiffs' compelling interest in the prompt resolution of their case, noting the uncertain and potentially prolonged nature of the criminal proceedings. *Id.*

That concern applies with even more force here. The moving Defendants are not even facing criminal charges, yet seek the same extraordinary remedy the Court already denied to indicted co-defendants.

Plaintiffs are entitled to pursue discovery now, particularly on topics that Leggins and Case have already voluntarily disclosed to MDOC and the Cole County Sheriff. As the Court held, that

6

prior testimony waives the Fifth Amendment as to those subjects and allows discovery to proceed. Delaying that process would hinder Plaintiffs' efforts to uncover the full scope of Defendants' actions and would undermine the public's interest in transparency and accountability.

Moreover, these Defendants seek a stay of indefinite duration. Courts routinely reject such open-ended requests. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936); *Wedgeworth v. Fireboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). The Court in *Liggins v. Cohen* lifted a stay after just two years, finding it had already prejudiced the plaintiff's right to proceed. Plaintiffs here face the same unjustified delay, with no clear end in sight.

This Court should follow the same reasoning it applied just days ago. Plaintiffs' claims deserve to proceed. A stay – especially one requested by uncharged defendants with no Fifth Amendment basis – would unjustly compromise the ability to hold all responsible parties accountable and delay critical discovery Plaintiffs are entitled to pursue now.

### 2. There is minimal prejudice to Defendants in proceeding with discovery.

Defendants argue that proceeding could compromise their defense if co-defendants invoke the Fifth Amendment. But the Court's recent rulings squarely rejected that concern. It found that Leggins, Case and Bradshaw had waived the Fifth Amendment as to their prior statements and failed to show that discovery posed a serious risk of self-incrimination.

If those criminally charged defendants could not justify a stay, then these uncharged defendants – who raise only speculative and secondhand concerns – certainly cannot. Courts do not allow parties to delay civil litigation based on hypothetical constitutional conflicts. *See Int'l Bus. Machs. Corp. v. Brown*, 857 F. Supp. 1884, 1886–87 (C.D. Cal. 1994); *Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 575 (S.D.N.Y. 2001).

7

Even if Fifth Amendment concerns did arise, courts have ample tools to protect defendants without halting discovery – including sealing sensitive testimony or limiting deposition scope. *See Fidelity Nat'l Title Ins. Co. v. Nat'l Title Res. Corp.*, 980 F. Supp. 1022, 1025–26 (D. Minn. 1997). In fact, this Court has already allowed discovery to proceed on previously disclosed topics, affirming that targeted discovery can move forward without infringing constitutional protections.

Finally, video footage of the incident further undercuts claims of prejudice. As in *Liggins*, where video evidence minimized any Fifth Amendment risk, the objective record here reduces reliance on testimonial discovery and reinforces the lack of justification for a stay.

In sum, Defendants' reliance on speculative or derivative Fifth Amendment concerns is not only legally insufficient, but it has been specifically addressed and rejected by this Court. Plaintiffs' constitutional claims deserve to proceed, and the Court has already demonstrated that it is fully equipped to protect the rights of criminally charged individuals without delaying the civil proceedings. These Defendants' request for a stay should be denied.

### 3. Allowing discovery to proceed will ensure efficiency.

In its recent Orders, the Court acknowledged that granting a limited stay as to Defendants Leggins, Case and Bradshaw could, in some respects, promote judicial efficiency by reducing the likelihood of Fifth Amendment invocations and conserving resources. However, the Court ultimately declined to grant that stay, emphasizing its commitment to managing the case "without unnecessary delay" and allowing discovery to proceed.

In sum, while the Court acknowledged a limited judicial efficiency interest in favor of the criminal defendants, it nonetheless refused to stay the case – even as to them. That ruling should carry even greater weight against the uncharged Defendants, who have no constitutional grounds for delay. The same reasoning should be applied here — particularly against non-criminally

charged parties. Thus, the Court's interest in forward movement remains paramount, and discovery should proceed.

> 4. **The public's interest remains strong, even if neutral in the Court's prior analysis.**

In its recent Orders, the Court found the fourth and fifth *Keating* factors—relating to the interests of non-parties and the public—to be neutral in the context of the stay motion filed by criminally charged Defendants Leggins and Case. ECF 104 & 106, at 9. While the Court recognized the public's interest in both the prompt resolution of civil rights claims and protecting the integrity of criminal proceedings, it found that those competing interests effectively canceled each other out.

However, the balance under these factors changes when applied to Defendants who face no criminal charges, such as Davison, Williams, Wells, Glatczak, Kopp, Nkwocha, and Bradshaw. Here, there is no parallel criminal process whose integrity could be jeopardized. That leaves only the unmitigated public interest in timely adjudication of serious constitutional claims involving allegations of deadly force, systemic failures in a correctional facility, and institutional deliberate indifference under *Monell*.

Where the Court previously found this factor neutral due to competing concerns, those concerns no longer apply to the remaining Defendants. With no countervailing criminal interests, the scale tips decisively in favor of the public's right to a timely and full adjudication of these claims.

## **CONCLUSION**

For the reasons stated herein, and consistent with this Court's Orders, Defendants Davison, Williams, Wells, Glatczak, Kopp, and Nkwocha have failed to meet their burden to justify a stay. They face no criminal charges, raise only speculative concerns, and seek to halt civil proceedings

9

based on constitutional rights that are not theirs to invoke. Meanwhile, Plaintiffs continue to face prejudice from delay in pursuing vital claims under 42 U.S.C. § 1983, including claims seeking to expose and reform systemic constitutional violations within MDOC and Centurion. The Court should deny Defendant's request for a full stay and allow this critical litigation to proceed.

Respectfully submitted,

By: /s/ *Ben Stelter-Embry*
Ben Stelter-Embry  MO #65404
EMBRY LAW, LLC
4700 Belleview, Suite 300
Kansas City, MO 64112
P. (913) 231-9396
ben@embry-law.com

/s/ *Andrew M. Stroth*
Andrew M. Stroth
ACTION INJURY LAW GROUP
22 W. Washington Street, #1600
Chicago, IL 60602
P. (844) 878-4529
astroth@actioninjurylawgroup.com

/s/ *Steven Hart*
Steven Hart
James Ormond
HART MCLAUGHLIN & ELDRIDGE, LLC
22 W. Washington Street, #1600
Chicago, IL 60602
P. (312) 955-0545
shart@hmelegal.com
jormond@hmelegal.com

/s/ *Larry Disparti*
Larry Disparti
DISPARTI LAW, LLC
121 W. Wacker Drive, Suite 2300
Chicago, IL 60601
P: (312) 506-5511
ldisparti@dispartilaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this 9th day of April, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

      /s/ *Ben Stelter-Embry*
      **Attorney for Plaintiff**

11

Case 2:24-cv-04107-MDH    Document 107    Filed 04/09/25    Page 11 of 11