IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| DORIS ANN SCOTT and ORIEL MOORE, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) | Case No. 2:24-cv-04107-MDH |
| TREVOR FOLEY, et al., | ) ) ) | |
| Certain Defendants. | ) | |

## DEFENDANTS DAVISON, WILLIAMS, WELLS, GLATCZAK, KOPP AND NKWOCHA'S REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO THEIR MOTION TO STAY

COME NOW Defendants Justin Davison, Ryan Williams, William Wells, Craig Glatczak, Zachary Kopp, and Onyewuchi Nkwocha (hereinafter "Bystander Defendants") by and through their undersigned counsel, Scott R. Pool and Joseph P. Bjork of Gibbs Pool and Turner, P.C., and respectfully submit to this Court their Reply to Plaintiffs' Memorandum in Opposition to Defendant Davison, Williams, Wells, Glatczak, and Nkwocha's Motion to Stay. For their cause, Certain Defendants state as follows:

**Bystander Defendants are Prejudiced without a Stay:**

Bystander Defendants are prejudiced without a stay of this civil matter because of a fundamental asymmetry in this case. It is true that the Bystander Defendants are not criminally charged, so they cannot defend themselves by invoking 5th Amendment privilege. However, Plaintiffs' alleged causes of action

1

assert that Bystander Defendants are vicariously liable for the acts of the criminally charged defendants through theories of Failure to Intervene (Count IV), Supervisory Liability (Count VI), and Negligent Training/Supervision (Count XIV).

"Failure to Intervene" is a cause of action which imposes liability on one officer for the actions of another officer who violates the rights of a third party in his or her presence. *Putman v. Gerloff,* 639 F.2d 415, 423 (8th Cir.1981). ("We believe it is clear that one who is given the badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge.")

Even though Plaintiffs do not name the Bystander Defendants in their Counts for Battery (Count X) and Assault (Count XI), Bystander Defendants are still exposed to liability for these counts vicariously through the theory of failure to intervene. *Id.*

As stated in *Koester,* the best argument in support of a stay of a civil matter pending the resolution of a criminal matter arising from the same facts is that a defendant "cannot protect himself at the civil trial by selectively invoking his Fifth Amendment privilege." *Koester v. Am. Republic Invs., Inc.,* 11 F.3d 818, 823 (8th Cir. 1993).

Bystander Defendants are not criminally charged, so they have no 5th Amendment privilege to invoke, whatsoever. They are unable to wield this defense, "selectively" or otherwise. *Id.* However, if their co-defendants assert this defense,

2

Bystander Defendants will share in any adverse inference. *S.E.C. v. Brown,* 658 F.3d 858, 863 (8th Cir. 2011) ("The Fifth Amendment permits an adverse inference when the privilege against self-incrimination is claimed by a party in a civil case.").

The resulting combination is nearly perfect prejudice: that Bystander Defendants may be found liable for acts that they did not do, proved by adverse inference because a third-party invoked rights that Bystander Defendants may not personally wield to defend themselves.

Thus, Bystander Defendants would be subject to liability for an act that may or may not have happened, that they definitionally did not do (as the liability is vicarious), established by inference from the fact that another party invoked rights guaranteed by the Constitution.

Though this Court has ruled that at least some of the criminally charged Defendants have waived their 5th Amendment privilege by voluntarily participating in investigation interviews, the risk to Bystander Defendants that the criminally charged Defendants will invoke this privilege remains, especially if new developments arise, such as new evidence relevant to coercion used in procuring their participation in the interviews, questions about the scope of the interviews, or changes in the matters charged against each of these Defendants or the scope of the criminal investigations.

What Bystander Defendants request of this Court is a temporary stay of this civil matter. Plaintiffs undoubtedly have an interest in having their alleged claims

3

heard and ruled on in a timely manner; surely they would like answers and money sooner than later. Nevertheless, with a stay, the facts would not change, the camera footage would not change (which is already in Plaintiffs' possession and posted publicly on their website and via YouTube), and the dollar amount of their recovery, if any, would not change. With a stay, their position is not materially altered in terms of evidence or potential relief except by losing avenues to win a case by prejudicial asymmetries now operative.

However, Bystander Defendants are helpless to avoid prejudice without a stay. Granting a temporary stay of this civil matter with regular check-ins with this Court, as this Court sees fit to order, would support justice by allowing Bystander Defendants to defend themselves without the specter of vicarious liability established through adverse inference.

Even though only one of the civil Defendants was criminally prosecuted in the parallel criminal matter, the Minnesota District Court stayed a civil suit arising from a fatal police shooting for all the defendants due to the risk of prejudice. *Ruszczyk as Tr. for Ruszczyk v. Noor*, 349 F. Supp. 3d 754, 759 (D. Minn. 2018). ("Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action …").

For the reasons stated above, a stay of these proceedings is warranted pending resolution of the criminal charges against the criminally charged

4

Defendants.

**WHEREFORE**, Certain Defendants Justin Davison, Ryan Williams, William Wells, Craig Glatczak, Zachary Kopp, and Onyewuchi Nkwocha respectfully request this Court grant their Motion for Stay; and for such further relief as the Court deems just and proper.

Respectfully submitted,

GIBBS POOL AND TURNER, P.C.

_____
Scott R. Pool           #42484
Joseph P. Bjork       #75208
3225 A Emerald Lane
Jefferson City, Missouri 65109
(573) 636-2614; (573) 636-6541 f
pool@gptlaw.net
jbjork@gptlaw.net
*Attorneys for Certain Defendants Davison,*
*Williams, Wells, Glatczak, Kopp,*
*and Nkwocha*

5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served via electronic filing on **April 29**, 2025, to:

*Benjamin Stelter-Embry*
*1600 Genessee, Suite 956*
*Kansas City MO 64102*
*ben@embry-law.com*
*Lead Attorney for Plaintiffs*

*Andrew Stroth*
*191 North Wacker Dr., Suite 2300*
*Chicago, IL 60606*
*844-878-4529*
*astroth@actioninjurylawgroup.com*
*Attorney for Plaintiffs*

*James Ormond and Steven Hart*
*One South Dearborn Street #1400*
*Chicago, IL 60603*
*312-955-0545*
*jormond@hmelegal.com*

*Jennifer Donnelli*
*Baty Otto Scheer*
*4435 Main Street #1100*
*Kansas City MO 64111*
*Attorney for Def. Bradshaw*

*Ryan Bertels*
*Schreimann, Rackers & Francka, L.L.C.*
*931 Wildwood Drive*
*Suite 201*
*Jefferson City, MO 65109*

*J. Thaddeus Eckenrode*
*11477 Olde Cabin Road #110*
*St. Louis, MO 63141*
*314-726-6670*
*jte@eckenrode-law.com*
*Attorney for Centurion of Missouri, LLC*

*Dennis Harms*
*Sandberg Phoenix & von Gontard*
*701 Market #600*
*St. Louis MO 63101*
*314-446-4252*
*dharmes@sandbergphoenix.com*

*Kevin Smith*
*MO Attorney General's Office*
*615 East 13th Street #401*
*Kansa City MO 64106*
*816-889-5016*
*Kevin.Smith@ago.mo.gov*

_____
Scott R. Pool

c:  Anna Connelly
    Justin Davison
    Ryan Williams
    William Wells
    Craig Glatczak
    Onyewuchi Nkwocha
    Zachary Kopp

6