# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI

DORIS ANN SCOTT and ORIEL MOORE,

      Plaintiffs,

v.

ANNE PRECYTHE, et al.,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)

Case No. 2:24-CV-04107-MDH

## DEFENDANTS JUSTIN DAVISON, RYAN WILLIAMS, WILLIAM WELLS, CRAIG GLATCZAK, ZACHARY KOPP, AND ONYEWUCHI NKWOCHA'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

COME NOW Defendants Justin Davison, Ryan Williams, William Wells, Craig Glatczak, Zachary Kopp, and Onyewuchi Nkwocha, (hereinafter "Defendants"), by and through their attorney, and for their Answer to Plaintiffs' Second Amended Complaint [Doc. 112], state as follows:

## PRELIMINARY STATEMENT

1.     These Defendants deny the allegations of Paragraph 1 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 1 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same

1

as a matter of form and demand strict proof thereof.

2. These Defendants deny the allegations of Paragraph 2 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 2 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

3. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 3 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

4. These Defendants deny the allegations of Paragraph 4 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 4 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

5. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 5 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof

thereof.

6.    These Defendants are without sufficient information to admit or deny the allegations of Paragraph 6 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

7.    These Defendants are without sufficient information to admit or deny the allegations of Paragraph 7 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

## JURISDICTION AND VENUE

8.    Defendants admit the allegations contained in Paragraph 8 of Plaintiffs' Second Amended Complaint.

9.    Defendants admit the allegations contained in Paragraph 9 of Plaintiffs' Second Amended Complaint.

10.    Defendants admit the allegations contained in Paragraph 10 of Plaintiffs' Second Amended Complaint.

## PARTIES

11.    These Defendants are without sufficient information to admit or deny the allegations of Paragraph 11 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof

thereof.

12.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 12 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

13.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 13 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

14.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 14 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

15.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 15 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

16.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 16 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof

thereof.

17.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 17 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

18.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 18 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

19.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 19 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

20.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 20 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

21.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 21 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof

thereof.

22.     Defendant Davison admits that he is a resident of Missouri and at relevant times was an employee of the Department of Corrections. Defendant Davison denies all remaining allegations in Paragraph 22 of Plaintiffs' Second Amended Complaint not specifically admitted herein and requires strict proof thereof.

23.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 23 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

24.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 24 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

25.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 25 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

26.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 26 of Plaintiffs' Second Amended Complaint,

and therefore deny the same as a matter of form and demand strict proof thereof.

27.    These Defendants are without sufficient information to admit or deny the allegations of Paragraph 27 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

28.    Defendant Williams admits he is a resident of Missouri and at relevant times was an employee of the Department of Corrections. Defendant Williams denies all remaining allegations in Paragraph 28 of Plaintiffs' Second Amended Complaint not specifically admitted herein and requires strict proof thereof.

29.    Defendant Wells admits he is a resident of Missouri and at relevant times was an employee of the Department of Corrections. Defendant Wells denies all remaining allegations in Paragraph 29 of Plaintiffs' Second Amended Complaint not specifically admitted herein and requires strict proof thereof.

30.    Defendant Glatczak admits he is a resident of Missouri and at relevant times was an employee of the Department of Corrections. Defendant Glatczak denies all remaining allegations in Paragraph 30 of Plaintiffs' Second Amended Complaint not specifically admitted herein and requires strict proof thereof.

31.     Defendant Kopp admits he is a resident of Missouri and at relevant times was an employee of the Department of Corrections. Defendant Kopp denies all remaining allegations in Paragraph 31 of Plaintiffs' Second Amended Complaint not specifically admitted herein and requires strict proof thereof.

32.     Defendant Nkwocha admits he is a resident of Missouri and at relevant times was an employee of the Department of Corrections. Defendant Nkwocha denies all remaining allegations in Paragraph 32 of Plaintiffs' Second Amended Complaint not specifically admitted herein and requires strict proof thereof.

33.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 33 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

34.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 34 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

FACTUAL BACKGROUND

35.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 35 of Plaintiffs' Second Amended Complaint,

and therefore deny the same as a matter of form and demand strict proof thereof.

36. These Defendants deny the allegations of Paragraph 36 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 36 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

37. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 37 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

38. These Defendants deny the allegations of Paragraph 38 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 38 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

39. These Defendants deny the allegations of Paragraph 39 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these

Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 39 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

40. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 40 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

41. These Defendants deny the allegations of Paragraph 41 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 41 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

42. These Defendants deny the allegations of Paragraph 42 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 42 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

43. These Defendants deny the allegations of Paragraph 43 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 43 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

44. These Defendants deny the allegations of Paragraph 44 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 44 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

45. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 45 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

46. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 46 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

47.     These Defendants deny the allegations of Paragraph 47 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 47 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

48.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 48 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

49.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 49 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

50.     These Defendants deny the allegations of Paragraph 50 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 50 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

51.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 51 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

52.     These Defendants deny the allegations of Paragraph 52 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 52 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

53.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 53 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

54.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 54 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

55.     These Defendants deny the allegations of Paragraph 55 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these

Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 55 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

56.     These Defendants deny the allegations of Paragraph 56 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 56 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

57.     These Defendants deny the allegations of Paragraph 57 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 57 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

58.     These Defendants deny the allegations of Paragraph 58 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 58 of Plaintiffs' Second Amended Complaint

as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

59. These Defendants deny the allegations of Paragraph 59 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 59 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

60. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 60 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

61. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 61 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

62. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 62 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

63.     These Defendants deny the allegations of Paragraph 63 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 63 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

64.     These Defendants deny the allegations of Paragraph 64 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 64 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

65.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 65 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

66.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 66 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

16

67.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 67 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

68.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 68 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

69.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 69 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

70.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 70 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

71.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 71 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

72.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 72 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

73.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 73 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

74.     These Defendants deny the allegations of Paragraph 74 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 74 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

75.     These Defendants deny the allegations of Paragraph 75 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 75 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

18

76.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 76 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

77.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 77 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

78.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 78 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

79.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 79 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

80.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 80 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

81.    These Defendants deny the allegations of Paragraph 81 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 81 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

82.    These Defendants deny the allegations of Paragraph 82 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 82 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

83.    These Defendants deny the allegations of Paragraph 83, including subparts (a) through (c) of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 83 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

84.    These Defendants deny the allegations of Paragraph 84 of Plaintiffs'

Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 84 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

85.     These Defendants deny the allegations of Paragraph 85 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 85 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

86.     These Defendants deny the allegations of Paragraph 86 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 86 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

87.     These Defendants deny the allegations of Paragraph 87 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or

deny the allegations of Paragraph 87 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

88.    These Defendants are without sufficient information to admit or deny the allegations of Paragraph 88 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

89.    These Defendants are without sufficient information to admit or deny the allegations of Paragraph 89 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

90.    These Defendants deny the allegations of Paragraph 90 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 90 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

91.    These Defendants are without sufficient information to admit or deny the allegations of Paragraph 91 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof

22

thereof.

92.     These Defendants deny the allegations of Paragraph 92 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 92 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

93.     These Defendants deny the allegations of Paragraph 93 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 93 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

94.     These Defendants deny the allegations of Paragraph 94 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 94 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

95.     These Defendants deny the allegations of Paragraph 95 of Plaintiffs'

Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 95 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

96.     These Defendants deny the allegations of Paragraph 96 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 96 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

97.     These Defendants deny the allegations of Paragraph 97 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 97 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

98.     These Defendants deny the allegations of Paragraph 98 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or

deny the allegations of Paragraph 98 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

99.     These Defendants deny the allegations of Paragraph 99 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 99 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

100.    These Defendants deny the allegations of Paragraph 100 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 100 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

101.    These Defendants deny the allegations of Paragraph 101 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 101 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore,

deny the same as a matter of form and demand strict proof thereof.

102. These Defendants deny the allegations of Paragraph 102 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 102 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

103. These Defendants deny the allegations of Paragraph 103 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 103 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

**Count I – 42 USC § 1986 – Eight Amendment – Excessive Force**
(Against Defendants Davison, Leggins, Case, Brown, Varner, Bradshaw, Williams, Wells, Glatczak, Kopp, Nkwocha and Reynolds)

104. Defendants reincorporate their Answers in all preceding paragraphs as if fully set forth herein.

105. Defendants admit the allegations contained in Paragraph 105 of Plaintiffs' Second Amended Complaint.

106. These Defendants are without sufficient information to admit or

deny the allegations of Paragraph 106 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

107. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 107 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

108. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 108 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

109. These Defendants deny the allegations of Paragraph 109 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 109 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

110. These Defendants deny the allegations of Paragraph 110 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit

27

or deny the allegations of Paragraph 110 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

111. These Defendants deny the allegations of Paragraph 111 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 111 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

112. These Defendants deny the allegations of Paragraph 112 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 112 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

113. These Defendants deny the allegations of Paragraph 113 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 113 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore,

deny the same as a matter of form and demand strict proof thereof.

114. These Defendants deny the allegations of Paragraph 114 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 114 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

115. These Defendants deny the allegations of Paragraph 115 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 115 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

116. These Defendants deny the allegations of Paragraph 116 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 116 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

WHEREFORE, Defendants pray that Count I of Plaintiffs' Second

Amended Complaint be dismissed; for Defendants' costs; and for such other and further relief as this Court deems just and proper under the circumstances.

**Count II – 42 USC § 1983 – Eighth Amendment –**
**Cruel and Unusual Punishment**
(Against Defendants Davison, Leggins, Case, Brown, Varner, Bradshaw,
Williams, Wells, Glatczak, Kopp, Nkwocha and Reynolds)

117.  Defendants reincorporate their Answers in all preceding paragraphs as if fully set forth herein.

118.  Defendants admit the allegations contained in Paragraph 118 of Plaintiffs' Second Amended Complaint.

119.  Paragraph 119 is a legal conclusion, as such no response is necessary. To the extent a response is necessary, then Defendants deny the allegations contained in Paragraph 119 of Plaintiffs' Second Amended Complaint.

120.  These Defendants are without sufficient information to admit or deny the allegations of Paragraph 120 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

121.  These Defendants are without sufficient information to admit or deny the allegations of Paragraph 121 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof

thereof.

122. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 122 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

123. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 123 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

124. These Defendants deny the allegations of Paragraph 124 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 124 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

125. These Defendants deny the allegations of Paragraph 125 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 125 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore,

deny the same as a matter of form and demand strict proof thereof.

126. These Defendants deny the allegations of Paragraph 126 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 126 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

127. These Defendants deny the allegations of Paragraph 127 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 127 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

128. These Defendants deny the allegations of Paragraph 128 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 128 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

129. These Defendants deny the allegations of Paragraph 129 of

Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 129 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

130. These Defendants deny the allegations of Paragraph 130 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 130 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

WHEREFORE, Defendants pray that Count II of Plaintiffs' Second Amended Complaint be dismissed; for Defendants' costs; and for such other and further relief as this Court deems just and proper under the circumstances.

## Count III – 42 USC § 1983 – Eighth Amendment – Deliberate Indifference
### (Against Defendants Davison, Leggins, Case, Brown, Varner, Bradshaw, Williams, Wells, Glatczak, Kopp, Nkwocha, Reynolds and Long)

131. Defendants reincorporate their Answers in all preceding paragraphs as if fully set forth herein.

132. These Defendants deny the allegations of Paragraph 132 of

33

Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 132 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

133. These Defendants deny the allegations of Paragraph 133 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 133 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

134. These Defendants deny the allegations of Paragraph 134 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 134 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

135. These Defendants deny the allegations of Paragraph 135 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit

or deny the allegations of Paragraph 135 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

136. These Defendants deny the allegations of Paragraph 136 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 136 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

137. These Defendants deny the allegations of Paragraph 137 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 137 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

138. These Defendants deny the allegations of Paragraph 138 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 138 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore,

deny the same as a matter of form and demand strict proof thereof.

139. These Defendants deny the allegations of Paragraph 139 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 139 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

140. These Defendants deny the allegations of Paragraph 140 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 140 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

141. These Defendants deny the allegations of Paragraph 141 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 141 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

142. These Defendants deny the allegations of Paragraph 142 of

Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 142 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

143. These Defendants deny the allegations of Paragraph 143 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 143 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

144. These Defendants deny the allegations of Paragraph 144 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 144 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

145. These Defendants deny the allegations of Paragraph 145 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit

or deny the allegations of Paragraph 145 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

WHEREFORE, Defendants pray that Count III of Plaintiffs' Second Amended Complaint be dismissed; for Defendants' costs; and for such other and further relief as this Court deems just and proper under the circumstances.

## Count IV – 42 USC § 1983 – Failure to Intervene
(Against Defendants Davison, Leggins, Case, Brown, Varner, Bradshaw, Williams, Wells, Glatczak, Kopp, Nkwocha and Reynolds)

146.  Defendants reincorporate their Answers in all preceding paragraphs as if fully set forth herein.

147.  These Defendants deny the allegations of Paragraph 147 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 147 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

148.  These Defendants deny the allegations of Paragraph 148 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 148 of Plaintiffs' Second Amended

Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

149. These Defendants deny the allegations of Paragraph 149 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 149 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

150. These Defendants deny the allegations of Paragraph 150 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 150 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

151. These Defendants deny the allegations of Paragraph 151 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 151 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

152. These Defendants deny the allegations of Paragraph 152 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 152 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

153. These Defendants deny the allegations of Paragraph 153 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 153 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

154. These Defendants deny the allegations of Paragraph 154 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 154 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

155. These Defendants deny the allegations of Paragraph 155 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to

these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 155 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

WHEREFORE, Defendants pray that Count IV of Plaintiffs' Second Amended Complaint be dismissed; for Defendants' costs; and for such other and further relief as this Court deems just and proper under the circumstances.

## Count V – 42 USC § 1983 – Unconstitutional Policy of Deliberate Indifference (Monell)
### (Against Defendants Foley and Kelly Morriss in their official capacities and Centurion of Missouri, LLC)

The allegations of Count V of Plaintiffs' Second Amended Complaint, Paragraphs 156-167, are not directed against these Defendants, therefore, no answer is required. To the extent any allegation is made or directed against these Defendants, then these Defendants specifically deny the same herein.

WHEREFORE, Defendants pray that Count V of Plaintiffs' Second Amended Complaint be dismissed; for Defendants' costs; and for such other and further relief as this Court deems just and proper under the circumstances.

## Count VI – 42 USC § 1983 – Supervisory Liability
### (Against Defendants Davison, Centurion of Missouri, LLC and Foley and Morriss in their individual capacities)

168.   Defendants reincorporate their Answers in all preceding paragraphs

41

as if fully set forth herein.

169. Legal Paragraph 169 is a legal conclusion, as such no response is necessary. To the extent a response is necessary, then Defendants deny the allegations contained in Paragraph 169 of Plaintiffs' Second Amended Complaint.

170. These Defendants deny the allegations of Paragraph 170 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 170 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

171. These Defendants deny the allegations of Paragraph 171 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 171 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

WHEREFORE, Defendants pray that Count VI of Plaintiffs' Second Amended Complaint be dismissed; for Defendants' costs; and for such other and further relief as this Court deems just and proper under the circumstances.

## Count VII – 42 USC § 1983 – Deliberate Indifference – Failure to Train
### (Against Centurion of Missouri, LLC and Foley and Morriss in their individual capacities)

The allegations of Count VII of Plaintiffs' Second Amended Complaint, Paragraphs 172-182, are not directed against these Defendants, therefore, no answer is required. To the extent any allegation is made or directed against these Defendants, then these Defendants specifically deny the same herein.

WHEREFORE, Defendants pray that Count VII of Plaintiffs' Second Amended Complaint be dismissed; for Defendants' costs; and for such other and further relief as this Court deems just and proper under the circumstances.

## Count VIII – Wrongful Death
### (Against all Defendants in their individual capacity)

183. Defendants reincorporate their Answers in all preceding paragraphs as if fully set forth herein.

184. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 184 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

185. These Defendants deny the allegations of Paragraph 185 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit

43

or deny the allegations of Paragraph 185 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

186. These Defendants deny the allegations of Paragraph 186 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 186 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

187. These Defendants deny the allegations of Paragraph 187 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 187 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

188. These Defendants deny the allegations of Paragraph 188 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 188 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore,

deny the same as a matter of form and demand strict proof thereof.

189. These Defendants deny the allegations of Paragraph 189 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 189 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

WHEREFORE, Defendants pray that Count VIII of Plaintiffs' Second Amended Complaint be dismissed; for Defendants' costs; and for such other and further relief as this Court deems just and proper under the circumstances.

## Count IX – Negligence
### (Against all Defendants in their individual capacity)

190. Defendants reincorporate their Answers in all preceding paragraphs as if fully set forth herein.

191. These Defendants deny the allegations of Paragraph 191 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 191 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

45

192. These Defendants deny the allegations of Paragraph 192 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 192 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

193. These Defendants deny the allegations of Paragraph 193 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 193 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

194. These Defendants deny the allegations of Paragraph 194 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 194 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

195. These Defendants deny the allegations of Paragraph 195 including subparts (a) through (g) of Plaintiffs' Second Amended Complaint as to any and

all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 195 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

196.    These Defendants deny the allegations of Paragraph 196 including subparts (a) through (g) of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 196 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

197.    These Defendants deny the allegations of Paragraph 197 including subparts (a) through (h) of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 197 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

198.    These Defendants deny the allegations of Paragraph 198 of

47

Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 198 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

199. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 199 of Plaintiffs' Second Amended Complaint, and therefore deny the same as a matter of form and demand strict proof thereof.

200. These Defendants deny the allegations of Paragraph 200 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 200 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

201. These Defendants deny the allegations of Paragraph 201 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 201 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore,

deny the same as a matter of form and demand strict proof thereof.

202. These Defendants deny the allegations of Paragraph 202 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 202 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

WHEREFORE, Defendants pray that Count IX of Plaintiffs' Second Amended Complaint be dismissed; for Defendants' costs; and for such other and further relief as this Court deems just and proper under the circumstances.

### Count X – Battery
### (Against Defendants Leggins, Case, Brown, Varner and Bradshaw)

203. Defendants reincorporate their Answers in all preceding paragraphs as if fully set forth herein.

204. These Defendants deny the allegations of Paragraph 204 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 204 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

49

205. These Defendants deny the allegations of Paragraph 205 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 205 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

206. These Defendants deny the allegations of Paragraph 206 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 206 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

207. These Defendants deny the allegations of Paragraph 207 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 207 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

208. These Defendants deny the allegations of Paragraph 208 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to

these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 208 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

209. These Defendants deny the allegations of Paragraph 209 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 209 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

210. These Defendants deny the allegations of Paragraph 210 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 210 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

211. These Defendants deny the allegations of Paragraph 211 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 211 of Plaintiffs' Second Amended

Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

212. These Defendants deny the allegations of Paragraph 212 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 212 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

213. These Defendants deny the allegations of Paragraph 213 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 213 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

WHEREFORE, Defendants pray that Count X of Plaintiffs' Second Amended Complaint be dismissed; for Defendants' costs; and for such other and further relief as this Court deems just and proper under the circumstances.

## Count XI – Assault
### (Against Defendants Leggins, Case, Brown, Varner and Bradshaw)

214. Defendants reincorporate their Answers in all preceding paragraphs

as if fully set forth herein.

215. These Defendants deny the allegations of Paragraph 215 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 215 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

216. These Defendants deny the allegations of Paragraph 216 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 216 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

217. These Defendants deny the allegations of Paragraph 217 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 217 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

218. These Defendants deny the allegations of Paragraph 218 of

Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 218 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

219.     These Defendants deny the allegations of Paragraph 219 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 219 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

220.     These Defendants deny the allegations of Paragraph 220 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 220 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

221.     These Defendants deny the allegations of Paragraph 221 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit

or deny the allegations of Paragraph 221 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

222. These Defendants deny the allegations of Paragraph 222 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 222 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

223. These Defendants deny the allegations of Paragraph 223 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 223 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

224. These Defendants deny the allegations of Paragraph 224 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 224 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore,

deny the same as a matter of form and demand strict proof thereof

WHEREFORE, Defendants pray that Count XI of Plaintiffs' Second Amended Complaint be dismissed; for Defendants' costs; and for such other and further relief as this Court deems just and proper under the circumstances.

## **Count XII – Intentional Infliction of Emotional Distress**
### (Against Defendants Davison, Leggins, Case, Brown, Varner, Bradshaw, Williams, Wells, Glatczak, Kopp, Nkwocha, Reynolds and Long)

225.   Defendants reincorporate their Answers in all preceding paragraphs as if fully set forth herein.

226.  These Defendants deny the allegations of Paragraph 226 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 226 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

227.  These Defendants deny the allegations of Paragraph 227 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 227 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

228. These Defendants deny the allegations of Paragraph 228 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 228 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

229. These Defendants deny the allegations of Paragraph 229 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 229 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

230. These Defendants deny the allegations of Paragraph 230 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 230 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

231. These Defendants deny the allegations of Paragraph 231 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to

these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 231 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

WHEREFORE, Defendants pray that Count XII of Plaintiffs' Second Amended Complaint be dismissed; for Defendants' costs; and for such other and further relief as this Court deems just and proper under the circumstances.

## Count XIII – Negligent Infliction of Emotional Distress
### (Against Defendants Davison, Leggins, Case, Brown, Varner, Bradshaw, Williams, Wells, Glatczak, Kopp, Nkwocha, Reynolds and Long)

232.   Defendants reincorporate their Answers in all preceding paragraphs as if fully set forth herein.

233.  These Defendants deny the allegations of Paragraph 233 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 233 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

234.  These Defendants deny the allegations of Paragraph 234 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit

or deny the allegations of Paragraph 234 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

235. These Defendants deny the allegations of Paragraph 235 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 235 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

236. These Defendants deny the allegations of Paragraph 236 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 236 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

237. These Defendants deny the allegations of Paragraph 237 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 237 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore,

deny the same as a matter of form and demand strict proof thereof.

238. These Defendants deny the allegations of Paragraph 238 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 238 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

WHEREFORE, Defendants pray that Count XIII of Plaintiffs' Second Amended Complaint be dismissed; for Defendants' costs; and for such other and further relief as this Court deems just and proper under the circumstances.

<u>**Count XIV – Negligent Training/Supervision**</u>
<u>(Against Defendants Davison, Centurion of Missouri, LLC and Foley and Morriss in their individual capacities)</u>

239. Defendants reincorporate their Answers in all preceding paragraphs as if fully set forth herein.

240. Paragraph 240 is a legal conclusion, as such no response is necessary. To the extent a response is necessary, then Defendants deny the allegations contained in Paragraph 240 of Plaintiffs' Second Amended Complaint.

241. These Defendants deny the allegations of Paragraph 241 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit

or deny the allegations of Paragraph 241 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

242. These Defendants deny the allegations of Paragraph 242 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 242 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

243. These Defendants deny the allegations of Paragraph 243 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 243 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

244. These Defendants deny the allegations of Paragraph 244 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 244 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore,

deny the same as a matter of form and demand strict proof thereof.

245. These Defendants deny the allegations of Paragraph 245 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to these Defendants. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 245 of Plaintiffs' Second Amended Complaint as to the allegations not relating to these Defendants, and therefore, deny the same as a matter of form and demand strict proof thereof.

WHEREFORE, Defendants pray that Count XIV of Plaintiffs' Second Amended Complaint be dismissed; for Defendants' costs; and for such other and further relief as this Court deems just and proper under the circumstances.

## Count XV – Negligent Retention of Private Contractor
### (Against Defendants Foley and Morriss in their individual capacities)

The allegations of Count XV of Plaintiffs' Second Amended Complaint, Paragraphs 246-265, are not directed against these Defendants, therefore, no answer is required. To the extent any allegation is made or directed against these Defendants, then these Defendants specifically deny the same herein.

WHEREFORE, Defendants pray that Count XV of Plaintiffs' Second Amended Complaint be dismissed; for Defendants' costs; and for such other and further relief as this Court deems just and proper under the circumstances.

## PRAYER FOR RELIEF

These Defendants expressly deny any and all relief sought from the Court in this matter, including that relief claimed in subparts (a) through (f).

## JURY DEMAND

These Defendants demand a trial by jury on all claims.

## AFFIRMATIVE DEFENSES

1.    Defendants state that Plaintiffs' Second Amended Complaint is vague, conclusory, and without sufficient facts.

2.    Defendants state that Plaintiffs' Second Amended Complaint fails to identify specific conduct attributable to each of these Defendants and is speculative.

3.    Defendants state that Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted.  Rule 12(b) and (c), Fed. R. Civ. P.

4.    Defendants state that Plaintiffs' and/or Plaintiffs' Decedent's own negligence and non-compliance contributed to the injuries alleged.

5.    Defendants state that Plaintiffs' Second Amended Complaint is frivolous within the meaning of 28 U.S.C. Section 1915(d) as Plaintiffs have no reasonable likelihood of success on the merits.

6.    Defendants state that it is protected from liability and suit under

the doctrines of qualified, absolute, judicial, and official immunity.

7. Defendants state that the claims brought on the basis of supervisory liability, "masters do not answer for the torts of their servants." Each Government Official is only liable for his or her own misconduct (which is expressly denied herein).

8. Plaintiffs' claims are premature as Plaintiffs' decedent did not exhaust all available administrative remedies, including grievance procedures, such that Plaintiffs and Plaintiffs' Decedent have not complied with conditions precedent to suit under the Prison Litigation Reform Act.

9. Defendants did not violate the United States Constitution or any statutory right with regard to Decedent.

10. Plaintiffs' and Plaintiffs' Decedent's damages and/or injuries, if any, were the result of and proximately caused by Plaintiff or Plaintiffs' Decedent's own medical idiosyncrasy, negligence, fault, conduct and behavior, and/or the acts and/or negligence, fault, conduct and behavior of one or more persons or entities over whom Defendants had no control or right to control, and whose fault should be compared and any damages should be reduced or apportioned thereby in accordance with the comparative fault laws of the State of Missouri and Chapter 538 of the Revised Statutes of Missouri.

11. No probate estate has been opened; therefore, Plaintiffs have no

standing to seek damages for alleged negligence committed against decedent and/or any alleged violations of decedent's constitutional rights.

12.     Plaintiffs lack standing under the survivorship statute, § 537.020, RSMo.

13.     Plaintiffs are not personal representatives of decedent's probate estate.

14.     If a Defendant or other Party makes a settlement with Plaintiff, or if Plaintiff receives anything of value from such a Party, individual, or entity, the amount of such payment or consideration should be treated as a payment in full satisfaction of the damages of Plaintiff or, in the alternative, that the amount of payment or consideration should be set off against any judgment that may be entered against Defendants. Defendants state that it may claim reliance upon RSMo. §537.060, and that Defendants are entitled to a reduction in the amount of money from any verdict of any agreements and/or settlements with any Defendant herein, whether previously a Defendant, or currently a Defendant, including but not limited to any Party who has settled, or may in the future settle with Plaintiff, and that Defendants are entitled to a reduction of the claim or verdict against them by the stipulated amount of the agreement, or by the amount of consideration paid, whichever is greater.

15.     Plaintiffs' cause of action is barred by the statute of limitations.

65

16. These Defendants, collectively, or individually committed no act(s) that proximately caused decedent's death.

17. Pleading hypothetically and in the alternative, Defendants state that the sole and proximate cause of Plaintiffs' and Plaintiffs' Decedent's alleged injuries and damages, if any, were the intervening acts or omissions of persons or entities other than Defendants over whom Defendants have no control.

18. In the event damages are awarded for future damages in excess of the amount specified in RSMo. § 538.220, said damages should be payable in periodic or installment payments.

19. Any verdict rendered into this case for future damages must be itemized and expressed by the trier of fact at present value pursuant to RSMo. § 538.215.2.

20. In the event non-economic damages are awarded to Plaintiff, the limitation on non-economic damages (damage caps) provided under RSMo. § 538.210 or other applicable statute shall be applied, and in accordance with RSMo. § 538.215, or said statute, any award of non-economic damages in excess of the limit shall be reduced by the Court to the maximum amount allowed by law.

21. Plaintiffs' Second Amended Complaint fails to set forth special

damages, or allegations with enough specificity or certainty.

22.   Defendants state that in the event Plaintiffs are entitled to, or is awarded any damages, Plaintiffs are not entitled to any recovery for mental or emotional injury for the reasons set forth in the Prison Litigation Reform Act and 42 U.S.C. § 1997(e)e.

23.   Defendants state that Decedent's sister's claim(s) for wrongful death lack standing as she is a Class 2 litigant under § 537.080, RSMo, and may only bring a claim if no Class 1 litigant exists. Here Decedent's mother is alive and participating in this case. See *Call v. Heard*, 925 S.W.2d 840, 850 (Mo banc 1996).

24.   Plaintiffs failed to state a claim for exemplary damages against Defendants because Plaintiffs have not pled facts that demonstrate by clear and convincing evidence that Defendants engaged in outrageous conduct based upon an evil motive or reckless indifference to the rights of others.

25.   Plaintiffs' claim for punitive damages violates the Constitution of the United States and the Constitution of the State of Missouri, including, but not limited to, the following grounds:

(a)   The submission and recove1y of punitive damages in this case is prohibited by the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States and Article I,

67

Section 10 of the Missouri Constitution because the standards employed for awarding and assessing such damages are unconstitutionally vague;

(b)     The submission and recovery of punitive damages by Plaintiff in this case are barred by the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States and Article I, Section 10 of the Missouri Constitution, because there are no realistic standards or limits imposed upon the amount and no required relationship between the actual damage sustained and the amount of punitive damages which may be awarded;

(c)     The submission and recovery of punitive damages by Plaintiff in this case are barred by the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States and Article I, Section 2 of the Missouri Constitution because the vague standards employed in punitive damages cases result in extremely disparate results among similar Defendants accused of similar conduct;

(d)     The submission and recovery of punitive damages by Plaintiff in this case is barred by the Fourth, Fifth, and

68

Fourteenth Amendments of the Constitution of the United States and Article I, Sections 19, 3, and 15 of the Missouri Constitution, since the purpose of punitive damages is punishment and deterrence, and there is no adequate procedural safeguards to protect Defendants' rights against self-incrimination, the right to proof beyond a reasonable doubt and the right to freedom from unreasonable searches and seizures;

(e)     The submission and recovery of punitive damages by Plaintiff in this case is barred by the Eighth Amendment of the Constitution of the United States and Article I, Section 21 of the Missouri Constitution because an award of punitive damages would constitute an excessive fine in that under applicable Missouri law, a portion of punitive damages awards are paid to the State of Missouri, thus constituting a penal fine that is excessive and disproportionate to the conduct at issue in this case;

(f)     The award of punitive damages to Plaintiffs in this action would constitute a deprivation of Defendants' property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution;

(g)     The submission and recovery of punitive damages in this

case is barred by the Due Process Clauses of the Fifth and Fourteenth Amendments of the Constitution of the United States and Article I, Section 10 of the Missouri Constitution because Plaintiffs' claims for punitive damages serve no compensatory function and is not necessary to vindicate the public interest to deter such conduct, or to punish Defendants and deter conduct in the future;

(h)    To the extent applicable and to the extent Defendants are being sued for tort claims under state law, punitive damages are prohibited and/or barred by RSMo. § 537.610; and

(i)    To the extent applicable and the extent Defendants are being sued in a representative or official capacity under color of state law, Plaintiffs are not entitled to any punitive damage award against it because such damages may not be awarded against them in a claim under 42 U.S.C. § 1983, pursuant to *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247 (1981) and its progeny.

26.    Should it be determined that Plaintiffs are entitled to seek punitive damages against Defendants at trial, Defendants demands a bifurcated trial.

27.    Defendants deny each and every allegation of Plaintiffs' Second

70

Amended Complaint that is not specifically admitted herein.

28.   In the event of an adjudication of the issues in this case whereby Defendants are held liable to respond in damages to Plaintiff, Defendants invoke the provisions of RSMo. § 490.715, which provides, in part, that the dollar amount necessary to satisfy the financial obligation to a health care provider represents the value of the medical treatment rendered.

29.   In the event of an adjudication of the issues in this case whereby Defendants are held liable to respond in damages to Plaintiffs, Defendants rely on the provisions of RSMo. § 537.067, which provides, in part, that if Defendants are found to bear less than 51% of fault, then it shall only be responsible for the percentage of the judgment for which a trier of fact finds it responsible.

30.   Defendants will rely on RSMo. § 538.300, which bars the operation of RSMo. § 408.040 such that neither pre-judgment nor post-judgment interest is imposed in judgments in medical negligence cases. Plaintiffs' prayer for such relief should therefore be stricken.

31.   Defendants reserve the right to introduce evidence on any other defense that may become appropriate through discovery or independent investigation.

32.   Plaintiffs failed to state a claim for exemplary damages against

Defendants because Plaintiffs have not pled facts that demonstrate by clear and convincing evidence that Defendants engaged in outrageous conduct based upon an evil motive or reckless indifference to the rights of others.

33.     Defendants state that Plaintiffs' claims are subject to dismissal for failure to exhaust all available administrative remedies.

34.     Plaintiffs' Second Amended Complaint should be dismissed for lack of subject matter jurisdiction.

Respectfully submitted,

GIBBS POOL AND TURNER, P.C.


/s/ Scott R. Pool
Scott R. Pool                    #42484
3225 A Emerald Lane
Jefferson City, Missouri 65109
(573) 636-2614
(573) 636-6541 f
pool@gptlaw.net
*Attorney for Defendants Davison, Williams, Wells, Glatczak, Kopp and Nkwocha*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served via electronic filing on April 30, 2025, to:

*Benjamin Stelter-Embry*
*1600 Genessee, Suite 956*
*Kansas City MO 64102*
ben@embry-law.com
*Lead Attorney for Plaintiffs*

*Ryan Bertels*
*Schreimann, Rackers & Francka, L.L.C.*
*931 Wildwood Drive*
*Suite 201*
*Jefferson City, MO 65109*

*Andrew Stroth*
*191 North Wacker Dr., Suite 2300*
*Chicago, IL 60606*
*844-878-4529*
astroth@actioninjurylawgroup.com
*Attorney for Plaintiffs*

*J. Thaddeus Eckenrode*
*11477 Olde Cabin Road #110*
*St. Louis, MO 63141*
*314-726-6670*
jte@eckenrode-law.com
*Attorney for Centurion of Missouri, LLC*

*James Ormond and Steven Hart*
*One South Dearborn Street #1400*
*Chicago, IL 60603*
*312-955-0545*
jormond@hmelegal.com

*Dennis Harms*
*Sandberg Phoenix & von Gontard*
*701 Market #600*
*St. Louis MO 63101*
*314-446-4252*
dharmes@sandbergphoenix.com

*Jennifer Donnelli*
*Baty Otto Scheer*
*4435 Main Street #1100*
*Kansas City MO 64111*
*Attorney for Def. Bradshaw*

*Kevin Smith*
*MO Attorney General's Office*
*615 East 13th Street #401*
*Kansa City MO 64106*
*816-889-5016*
Kevin.Smith@ago.mo.gov

/s/ Scott R. Pool
Scott R. Pool

Cc:  Justin Davison
     Ryan Williams
     William Wells
     Craig Glatczak
     Onyewuchi Nkwocha
     Zachary Kopp
     Patrick Sullivan

73