**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

EXHIBIT
A

DORIS ANN SCOTT and ORIEL MOORE,

        Plaintiffs,

v.

        Case No. 2:24-cv-04107-MDH

TREVOR FOLEY, in his official and
individual capacity as DIRECTOR of the
MISSOURI DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.

**AFFIDAVIT OF BRYANNE BRADSHAW**

Bryanne Bradshaw, having been duly sworn on oath, states the following.

1.      I am over the age of 18 years, am of sound mind, and am personally acquainted with the information provided in this statement. I would testify to the following if asked to do so in a Court of law.

2.      I am a named Defendant in the case and provide this statement to be used in the lawsuit.

3.      I previously was employed with the Missouri Department of Corrections ("DOC") for approximately five years. At the time of the events this lawsuit concerns, I was a Count Sargeant with employee number 141249 working at the Jefferson City Correctional Center ("JCCC").

4.      On the date of Othel Moore's death, I was assigned to Housing Unit 8 (HU8). This was the Unit where Mr. Moore resided on the day of the events at issue.

5.      Shortly after Mr. Moore's death, in or around late December 2023 or very early January 2024, I received a directive from the DOC by email, which I believe came from JCCC

Warden Falkenrath, who was at the top of my chain of command, with information about a prearranged interview I was required to give to the Cole County Sheriff's Office concerning Mr. Moore's death. The email had a date and time at which I was to give the interview to Cole County.

6.     I believe other DOC employees involved in the events concerning Mr. Moore received the same or similar notification from the DOC in the same timeframe as I did. At the time of my interview with Cole County, I believed I was one of several of my colleagues who were also providing information to Cole County because they (like me) believed their jobs would be lost if they refused.

7.     The DOC's directive instructed me to give the interview, and I believed I had no choice but to give the interview. The understanding I immediately took from the email was that I was to answer any questions asked me by Cole County. If I refused, my understanding was that I would be fired. The Warden had the authority, I believed, to instruct me to cooperate with Cole County.

8.     On January 3, 2024, I was interviewed by Sgt. Henderson and another Deputy with the Cole County Sheriff's Office. Sgt. Henderson began the interview by explaining he would give me a Miranda warning because, to the effect, "you're going to be asked difficult questions and we don't want you to be freaked out."

9.     As the interview began, I was provided with and signed a Miranda Waiver of Rights Form ("Waiver").

10.     Based on the directive from Warden Falkenrath, I did not believe I could refuse to sign the Waiver. The only reason I signed the Waiver was that I believed I would lose my job

with the DOC if I did not sign the Waiver. I needed my job with the DOC as a matter of my livelihood.

11.    Had I not received the directive from Warden Falkenrath, I would have declined to participate in the Cole County investigation without the advice and presence of my own attorney. Based on the DOC's command, I believed I was not allowed to have my own attorney involved in the Cole County interview.

12.    I had no belief when I gave the interview to Cole County that there was a possibility I would be charged criminally in connection with Mr. Moore's death.

13.    On January 11, 2024, I was interviewed by Investigator Rucker with the DOC's Office of Professional Standards ("OPS"), a unit within the DOC.

14.    Investigator Rucker directed me to provide a written statement for the OPS and I fully complied. I believed it was a requirement of my job with the DOC to do this. At the time I provided my written statement to OPS, I did not believe there was a possibility of criminal charges being brought against me for Mr. Moore's death.

15.    I participated in both the interview with the Cole County Sheriff's Office and OPS with the understanding that if I did not participate, I would be terminated immediately by the DOC.

16.    My statements to both the Cole County Sheriff's Office and the OPS were not freely and voluntarily made. They were compelled by a belief that I had to follow my employer's directive or lose my li. I believed the DOC would treat a refusal by me to sign the Waiver as insubordination that would result in my termination. I believed I was not allowed by the DOC to have a private attorney with me during either session.

FURTHER AFFIANT SAYETH NOT.

_____
Bryanne Bradshaw

STATE OF MISSOURI )

) ss

COUNTY OF COLE )

On this 29 day of April, 2025, before me personally appeared Bryanne Bradshaw, to me known to be the person described herein through verification personally conducted by me, who executed the foregoing instrument and acknowledged that he executed said instrument as his free act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my notarial seal in Cole County the day and year last above written.

_____
Notary Public

My commission expires:

JOSHUA WOLFE
Notary Public - Notary Seal
STATE OF MISSOURI
COLE County
My Commission Expires: Aug. 06, 2028
Commission # 24442306