**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| **DORIS ANN SCOTT and ORIEL MOORE,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:24-cv-04107-MDH** |
| | ) | |
| **ANNE PRECYTHE, ET AL.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

COMES NOW Defendant Centurion of Missouri, LLC (hereinafter Centurion MO), by and through its attorneys, and, for its Answer to Plaintiffs' Second Amended Complaint, states as follows:

### PRELIMINARY STATEMENT

1.    This Defendant denies the allegations of paragraph 1 of Plaintiffs' Second Amended Complaint to any and all allegations relating to Centurion MO. This Defendant is without sufficient information to admit or deny the allegations of paragraph 1 of Plaintiffs' Second Amended Complaint to all allegations not relating to Centurion MO, and therefore, denies same as a matter of form, and demands a strict proof thereof.

2.    This Defendant denies the allegations of paragraph 2 of Plaintiffs' Second Amended Complaint to any and all allegations relating to Centurion MO. This Defendant is without sufficient information to admit or deny the allegations of paragraph 2 of Plaintiffs' Second Amended Complaint as to all allegations not relating to Centurion MO, and therefore, denies same as a matter of form, and demands a strict proof thereof.

Case 2:24-cv-04107-MDH    Document 122    Filed 05/02/25    Page 1 of 33

3.  This Defendant denies the allegations of paragraph 3 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to Centurion MO. This Defendant is without sufficient information to admit or deny the allegations of paragraph 3 of Plaintiffs' Second Amended Complaint as to all allegations not relating to Centurion MO, and therefore, denies same as a matter of form, and demands a strict proof thereof.

4.  This Defendant is without sufficient information to admit or deny the allegations of paragraph 4 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

5.  This Defendant denies the allegations of paragraph 5 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to Centurion MO. This Defendant is without sufficient information to admit or deny the allegations of paragraph 5 of Plaintiffs' Second Amended Complaint as to all allegations not relating to Centurion MO, and therefore, denies same as a matter of form, and demands a strict proof thereof.

6.  This Defendant denies the allegations of paragraph 6 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to Centurion MO. This Defendant is without sufficient information to admit or deny the allegations of paragraph 6 of Plaintiffs' Second Amended Complaint as to all allegations not relating to Centurion MO, and therefore, denies same as a matter of form, and demands a strict proof thereof.

7.  This Defendant is without sufficient information to admit or deny the allegations of paragraph 7 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

<u>JURISDICTION AND VENUE</u>

8.  While denying all allegations of liability, causation, and damages, this Defendant

does not dispute this Court has jurisdiction. The allegations of paragraph 8 of Plaintiffs' Second Amended Complaint.

9. While denying all allegations of liability, causation, and damages, this Defendant admits the allegations of paragraph 9 of Plaintiffs' Second Amended Complaint.

10. This Defendant admits this Court has jurisdiction, but denies the remaining allegations set forth in paragraph 10 of Plaintiffs' Second Amended Complaint.

PARTIES

11. This Defendant is without sufficient information to admit or deny the allegations of paragraph 11 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

12. This Defendant is without sufficient information to admit or deny the allegations of paragraph 12 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

13. This Defendant is without sufficient information to admit or deny the allegations of paragraph 13 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

14. This Defendant is without sufficient information to admit or deny the allegations of paragraph 14 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

15. This Defendant is without sufficient information to admit or deny the allegations of paragraph 15 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

16. This Defendant is without sufficient information to admit or deny the allegations of

3

paragraph 16 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

17.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 17 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

18.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 18 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

19.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 19 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

20.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 20 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

21.     This Defendant admits that it is a limited liability company and that it holds a contract with the Missouri Department of Corrections to provide certain health care services to patients in the Missouri Department of Corrections including JCCC. This Defendant denies all remaining allegations contained in Paragraph 21 of Plaintiff's Complaint as stated.

22.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 22 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

23.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 23 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of

4

form, and demands a strict proof thereof.

24.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 24 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

25.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 25 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

26.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 26 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

27.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 27 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

28.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 28 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

29.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 29 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

30.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 30 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

31.     This Defendant is without sufficient information to admit or deny the allegations of

paragraph 31 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

32.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 32 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

33.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 33 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

34.     This Defendant denies the allegations set forth in paragraph 34 of Plaintiffs' Second Amended Complaint as stated.

<u>FACTUAL BACKGROUND</u>

35.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 35 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

36.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 36 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

37.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 37 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

38.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 38 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

39.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 39 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

40.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 40 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

41.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 41 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

42.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 42 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

43.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 43 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

44.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 44 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

45.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 45 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

46.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 46 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of

form, and demands a strict proof thereof.

47.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 47 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

48.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 48 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

49.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 49 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

50.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 50 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

51.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 51 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

52.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 52 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

53.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 53 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

54.     This Defendant is without sufficient information to admit or deny the allegations of

paragraph 54 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

55.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 55 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

56.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 56 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

57.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 57 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

58.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 58 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

59.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 59 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

60.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 60 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

61.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 61 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

62.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 62 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

63.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 63 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

64.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 64 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

65.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 65 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

66.     This Defendant is without sufficient information to admit or deny the allegations of Paragraph 66 of Plaintiffs' Second Amended Complaint, and therefore, denies same and demands strict proof thereof but denies the remaining allegations of paragraph 66 of Plaintiffs' Second Amended Complaint as incomplete statements of facts.

67.     This Defendant is without sufficient information to admit or deny the allegations of Paragraph 67 of Plaintiffs' Second Amended Complaint, and therefore, denies same and demands strict proof thereof.

68.     This Defendant is without sufficient information to admit or deny the allegations of Paragraph 68 of Plaintiffs' Second Amended Complaint, and therefore, denies same and demands strict proof thereof.

69.     This Defendant is without sufficient information to admit or deny the allegations of

Paragraph 69 of Plaintiffs' Second Amended Complaint, and therefore, denies same and demands strict proof thereof.

70.     This Defendant is without sufficient information to admit or deny the allegations of Paragraph 70 of Plaintiffs' Second Amended Complaint, and therefore, denies same and demands strict proof thereof.

71.     This Defendant is without sufficient information to admit or deny the allegations of Paragraph 71 of Plaintiffs' Second Amended Complaint, and therefore, denies same and demands strict proof thereof.

72.     This Defendant is without sufficient information to admit or deny the allegations of Paragraph 72 of Plaintiffs' Second Amended Complaint, and therefore, denies same and demands strict proof thereof.

73.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 73 of Plaintiffs' Second Amended Complaint, and therefore, denies same  and demands a strict proof thereof.

74.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 74 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

75.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 75 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

76.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 76 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

77.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 77 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

78.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 78 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

79.     This Defendant admits the allegations of paragraph 79 of Plaintiffs' Second Amended Complaint.

80.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 80 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

81.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 81 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

82.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 82 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

83.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 83 of Plaintiffs' Second Amended Complaint and its subparts (a) through (c), and therefore, denies same as a matter of form, and demands a strict proof thereof.

84.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 84 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

85. This Defendant is without sufficient information to admit or deny the allegations of paragraph 85 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

86. This Defendant is without sufficient information to admit or deny the allegations of paragraph 86 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

87. This Defendant denies the allegations of paragraph 87 of Plaintiffs' Second Amended Complaint as to any and all allegations relating to Centurion MO and Jennifer Long. This Defendant is without sufficient information to admit or deny the allegations of paragraph 87 of Plaintiffs' Second Amended Complaint as to all allegations not relating to Centurion MO and Jennifer Long, and therefore, denies same as a matter of form, and demands a strict proof thereof.

88. This Defendant is without sufficient information to admit or deny the allegations of paragraph 88 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

89. This Defendant is without sufficient information to admit or deny the allegations of paragraph 89 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

90. This Defendant is without sufficient information to admit or deny the allegations of paragraph 90 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

91. This Defendant is without sufficient information to admit or deny the allegations of paragraph 91 of Plaintiffs' Second Amended Complaint, and therefore, denies the same as a matter of form and demands a strict proof thereof. To the extent that the allegations contained in the bold

13

type face between paragraphs 91 and 92 of Plaintiffs' Second Amended Complaint constitute allegations of fact set forth in paragraph 91, then this Defendant denies same.

92.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 92 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

93.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 93 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

94.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 94 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

95.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 95 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

96.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 96 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

97.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 97 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

98.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 98 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

99.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 99 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

100.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 100 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

101.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 101 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

102.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 102 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

103.     This Defendant is without sufficient information to admit or deny the allegations of paragraph 103 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

## COUNT I

104-116. The allegations of Count I of Plaintiffs' Second Amended Complaint are not directed against this Defendant, which makes no answer thereto. To the extent that any allegation may be found or alleged to be directed against this Defendant, then this Defendant specifically denies same.

## COUNT II

117-130. The allegations of Count II of Plaintiffs' Second Amended Complaint are not directed against this Defendant, which makes no answer thereto. To the extent that any allegation

may be found or alleged to be directed against this Defendant, then this Defendant specifically denies same.

**COUNT III**

131.    This Defendant incorporates each and every answer to the allegations set forth in paragraphs 1-130 as fully set forth herein in response to paragraph 131 of Plaintiffs' Second Amended Complaint.

132-145. This Defendant denies the allegations of paragraphs 132-145 of Plaintiffs' Second Amended Complaint.

**COUNT IV**

146-155.  The allegations of Count IV of Plaintiffs' Second Amended Complaint are not directed against this Defendant, which makes no answer thereto. To the extent that any allegation may be found or alleged to be directed against this Defendant, then this Defendant specifically denies same.

**COUNT V**

156.    This Defendant incorporates each and every answer to the allegations set forth in paragraphs 1-155 as fully set forth herein in response to paragraph 156 of Plaintiffs' Second Amended Complaint.

157.    This Defendant denies the allegations of paragraph 157 of Plaintiffs' Second Amended Complaint.

158.    This Defendant denies the allegations of paragraph 158 of Plaintiffs' Second Amended Complaint.

159.    This Defendant denies the allegations of paragraph 159 of Plaintiffs' Second

Amended Complaint.

160. This Defendant denies the allegations of paragraph 160 of Plaintiffs' Second Amended Complaint.

161. This Defendant denies the allegations of paragraph 161 of Plaintiffs' Second Amended Complaint.

162. This Defendant denies the allegations of paragraph 162 of Plaintiffs' Second Amended Complaint.

163. This Defendant denies the allegations of paragraph 163 of Plaintiffs' Second Amended Complaint.

164. This Defendant denies the allegations of paragraph 164 of Plaintiffs' Second Amended Complaint.

165. This Defendant denies the allegations of paragraph 165 of Plaintiffs' Second Amended Complaint.

166. This Defendant denies the allegations of paragraph 166 of Plaintiffs' Second Amended Complaint.

167. This Defendant denies the allegations of paragraph 167 of Plaintiffs' Second Amended Complaint.

## COUNT VI

168. This Defendant incorporates each and every answer to the allegations set forth in paragraphs 1-167 as fully set forth herein in response to paragraph 168 of Plaintiffs' Second Amended Complaint.

169. This Defendant denies the allegations of paragraph 169 of Plaintiffs' Second Amended Complaint.

17

170.     This Defendant denies the allegations of paragraph 170 of Plaintiffs' Second Amended Complaint.

171.     This Defendant denies the allegations of paragraph 171 of Plaintiffs' Second Amended Complaint.

<u>**COUNT VII**</u>

172.     This Defendant incorporates each and every answer to the allegations set forth in paragraphs 1-171 as fully set forth herein in response to paragraph 172 of Plaintiffs' Second Amended Complaint.

173.     This Defendant denies the allegations of paragraph 173 of Plaintiffs' Second Amended Complaint.

174.     This Defendant denies the allegations of paragraph 174 of Plaintiffs' Second Amended Complaint.

175.     This Defendant denies the allegations of paragraph 175 of Plaintiffs' Second Amended Complaint.

176.     This Defendant denies the allegations of paragraph 176 of Plaintiffs' Second Amended Complaint.

177.     This Defendant denies the allegations of paragraph 177 of Plaintiffs' Second Amended Complaint.

178.     This Defendant denies the allegations of paragraph 178 of Plaintiffs' Second Amended Complaint.

179.     This Defendant denies the allegations of paragraph 179 of Plaintiffs' Second Amended Complaint.

180.     This Defendant denies the allegations of paragraph 180 of Plaintiffs' Second

Amended Complaint.

181. This Defendant denies the allegations of paragraph 181 of Plaintiffs' Second Amended Complaint.

182. This Defendant denies the allegations of paragraph 182 of Plaintiffs' Second Amended Complaint.

## COUNT VIII

183. This Defendant incorporates each and every answer to the allegations set forth in paragraphs 1-182 as fully set forth herein in response to paragraph 183 of Plaintiffs' Second Amended Complaint.

184. This Defendant denies the allegations of paragraph 184 of Plaintiffs' Second Amended Complaint.

185. This Defendant denies the allegations of paragraph 185 of Plaintiffs' Second Amended Complaint.

186. This Defendant denies the allegations of paragraph 186 of Plaintiffs' Second Amended Complaint.

187. This Defendant denies the allegations of paragraph 187 of Plaintiffs' Second Amended Complaint.

188. This Defendant denies the allegations of paragraph 188 of Plaintiffs' Second Amended Complaint.

189. This Defendant denies the allegations of paragraph 189 of Plaintiffs' Second Amended Complaint.

## COUNT IX

190. This Defendant incorporates each and every answer to the allegations set forth in

paragraphs 1-189 as fully set forth herein in response to paragraph 190 of Plaintiffs' Second Amended Complaint.

191.  This Defendant denies the allegations of paragraph 191 of Plaintiffs' Second Amended Complaint.

192.  This Defendant denies the allegations of paragraph 192 of Plaintiffs' Second Amended Complaint.

193.  This Defendant denies the allegations of paragraph 193 of Plaintiffs' Second Amended Complaint.

194.  This Defendant denies the allegations of paragraph 194 of Plaintiffs' Second Amended Complaint.

195.  This Defendant denies the allegations of paragraph 195 of Plaintiffs' Second Amended Complaint, including all allegations in subparagraphs (a)-(f)

196.  This Defendant denies the allegations of paragraph 196 of Plaintiffs' Complain, including all allegations in subparagraphs (a)-(g)

197.  This Defendant denies the allegations of paragraph 197 of Plaintiffs' Second Amended Complaint, including all allegations in subparagraphs (a)-(h).

198.  This Defendant denies the allegations of paragraph 198 of Plaintiffs' Second Amended Complaint.

199.  This Defendant denies the allegations of paragraph 199 of Plaintiffs' Second Amended Complaint.

200.  This Defendant denies the allegations of paragraph 200 of Plaintiffs' Second Amended Complaint.

201.  This Defendant denies the allegations of paragraph 201 of Plaintiffs' Second

Amended Complaint.

202.     This Defendant denies the allegations of paragraph 202 of Plaintiffs' Second

Amended Complaint.

## COUNT X

203-213.  The allegations of Count X of Plaintiffs' Second Amended Complaint are not

directed against this Defendant, which makes no answer thereto. To the extent that any allegation

may be found or alleged to be directed against this Defendant, then this Defendant specifically

denies same.

## COUNT XI

214-224.   The allegations of Count XI of Plaintiffs' Second Amended Complaint are not

directed against this Defendant, which makes no answer thereto. To the extent that any allegation

may be found or alleged to be directed against this Defendant, then this Defendant specifically

denies same.

## COUNT XII

225.   This Defendant incorporates each and every answer to the allegations set forth in

paragraphs 1-224 as fully set forth herein in response to paragraph 225 of Plaintiffs' Second

Amended Complaint.

226-231. This Defendant denies the allegations of paragraphs 226-231 of Plaintiff's

Second Amended Complaint.

## COUNT XIII

232.     This Defendant incorporates each and every answer to the allegations set forth in

paragraphs 1-231 as fully set forth herein in response to paragraph 232 of Plaintiffs' Second

Amended Complaint.

233-238. This Defendant denies the allegations of paragraphs 233-238 of Plaintiffs' Second Amended Complaint.

## **COUNT XIV**

239.     This Defendant incorporates each and every answer to the allegations set forth in paragraphs 1-238 as fully set forth herein in response to paragraph 239 of Plaintiffs' Second Amended Complaint.

240.     This Defendant denies the allegations of paragraph 240 of Plaintiffs' Second Amended Complaint.

241.     This Defendant denies the allegations of paragraph 241 of Plaintiffs' Second Amended Complaint.

242.     This Defendant denies the allegations of paragraph 242 of Plaintiffs' Second Amended Complaint.

243.     This Defendant denies the allegations of paragraph 243 of Plaintiffs' Second Amended Complaint.

244.     This Defendant denies the allegations of paragraph 244 of Plaintiffs' Second Amended Complaint.

245.     This Defendant denies the allegations of paragraph 245 of Plaintiffs' Second Amended Complaint.

## **COUNT XV**

246.     This Defendant incorporates each and every answer to the allegations set forth in paragraphs 1-245 as fully set forth in response to paragraph 246 of Plaintiffs' Second Amended Complaint.

247.    This Defendant is without sufficient information to admit or deny the allegations of paragraph 247 of Plaintiffs' Second Amended Complaint, and therefore, denies same as a matter of form, and demands a strict proof thereof.

248.    This Defendant denies the allegations of paragraph 248 of Plaintiffs' Second Amended Complaint.

249.    This Defendant denies the allegations of paragraph 249 of Plaintiffs' Second Amended Complaint.

250.    This Defendant denies the allegations of paragraph 250 of Plaintiffs' Second Amended Complaint.

251.    This Defendant denies the allegations of paragraph 251 of Plaintiffs' Second Amended Complaint.

252.    This Defendant denies the allegations of paragraph 252 of Plaintiffs' Second Amended Complaint.

253.    This Defendant denies the allegations of paragraph 253 of Plaintiffs' Second Amended Complaint.

254.    This Defendant denies the allegations of paragraph 254 of Plaintiffs' Second Amended Complaint.

255.    This Defendant denies the allegations of paragraph 255 of Plaintiffs' Second Amended Complaint.

256.    This Defendant denies the allegations of paragraph 256 of Plaintiffs' Second Amended Complaint.

257.    This Defendant denies the allegations of paragraph 257 of Plaintiffs' Second Amended Complaint.

258.    This Defendant denies the allegations of paragraph 258 of Plaintiffs' Second Amended Complaint.

259.    This Defendant denies the allegations of paragraph 259 of Plaintiffs' Second Amended Complaint.

260.    This Defendant denies the allegations of paragraph 260 of Plaintiffs' Second Amended Complaint.

261.    This Defendant denies the allegations of paragraph 261 of Plaintiffs' Second Amended Complaint.

262.    This Defendant denies the allegations of paragraph 262 of Plaintiffs' Second Amended Complaint.

263.    This Defendant denies the allegations of paragraph 263 of Plaintiffs' Second Amended Complaint.

264.    This Defendant denies the allegations of paragraph 264 of Plaintiffs' Second Amended Complaint.

265.    This Defendant denies the allegations of paragraph 265 of Plaintiffs' Second Amended Complaint.

## PRAYER FOR RELIEF

This Defendant denies that Plaintiffs are entitled to any relief sought herein.

## AFFIRMATIVE DEFENSES

1.    This Defendant states that Plaintiffs' Second Amended Complaint is vague, conclusory, and without sufficient facts.

2.    This Defendant states that Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted.

3.      This Defendant states that Plaintiffs' and/or Plaintiffs' Decedent's own negligence and non-compliance contributed to the injuries alleged.

4.      This Defendant states that Plaintiffs' Second Amended Complaint is frivolous within the meaning of 28 U.S.C. Section 1915(d) as Plaintiffs have no reasonable likelihood of success on the merits.

5.      This Defendant states that it is protected from liability and suit under the doctrines of qualified, absolute, judicial, and official immunity.

6.      Plaintiffs' claims are premature as Plaintiffs' decedent did not exhaust all available administrative remedies, including grievance procedures, such that Plaintiffs and Plaintiffs' Decedent have not complied with conditions precedent to suit under the Prison Litigation Reform Act.

7.      This Defendant claims reliance on the benefits and provisions of Chapters 537 and 538, RSMO., as amended by House Bill 393 on August 28, 2005, including but not limited to, Section 537.060, 537.067, 538.205, 538.210, 538.220, 538.225, 538.228, 538.229, 538.232, and/or 538.300, as each may pertain to this cause of action.

8.      This Defendant did not violate the United States Constitution or any statutory right with regard to Decedent.

9.      Plaintiffs' and Plaintiffs' Decedent's damages and/or injuries, if any, were the result of and proximately caused by Plaintiffs or Plaintiffs' Decedent's own negligence, fault, conduct and behavior, and/or the acts and/or negligence, fault, conduct and behavior of one or more persons or entities over whom this Defendant had no control or right to control, and whose fault should be compared and any damages should be reduced or apportioned thereby in accordance with the comparative fault laws of the State of Missouri and Chapter 538 of the Revised Statutes of

25

Missouri.

10.     If a Defendant or other Party makes a settlement with Plaintiffs, or if Plaintiffs receive anything of value from such a Party, individual, or entity, the amount of such payment or consideration should be treated as a payment in full satisfaction of the damages of Plaintiffs or, in the alternative, that the amount of payment or consideration should be set off against any judgment that may be entered against this Defendant.  This Defendant states that it may claim reliance upon RSMo. §537.060, and that this Defendant is entitled to a reduction in the amount of money from any verdict of any agreements and/or settlements with any Defendant herein, whether previously a Defendant, or currently a Defendant, including but not limited to any Party who has settled, or may in the future settle with Plaintiffs, and that this Defendant is entitled to a reduction of the claim or verdict against them by the stipulated amount of the agreement, or by the amount of consideration paid, whichever is greater.

11.     Plaintiffs' cause of action is barred by the statute of limitations.

12.     Pleading hypothetically and in the alternative, this Defendant states that the sole and proximate cause of Plaintiffs' and Plaintiffs' Decedent's alleged injuries and damages, if any, were the intervening acts or omissions of persons or entities other than this Defendant over whom this Defendant has no control.

13.     Plaintiffs' cause of action set forth in Count VIII should be dismissed since Plaintiffs have not filed the required proper healthcare affidavit against this Defendant.

14.     In the event damages are awarded for future damages in excess of the amount specified in RSMo. § 538.220, said damages should be payable in periodic or installment payments.

15.     Any verdict rendered into this case for future damages must be itemized and

expressed by the trier of fact at present value pursuant to RSMo. § 538.215.2.

16. In the event non-economic damages are awarded to Plaintiffs, the limitation on non-economic damages (damage caps) provided under RSMo. § 538.210 or other applicable statute shall be applied, and in accordance with RSMo. § 538.215, or said statute, any award of non-economic damages in excess of the limit shall be reduced by the Court to the maximum amount allowed by law.

17. Plaintiffs' Second Amended Complaint fails to set forth special damages, or allegations with enough specificity or certainty.

18. This Defendant states that in the event Plaintiffs are entitled to, or are awarded any damages, Plaintiffs are not entitled to any recovery for mental or emotional injury for the reasons set forth in the Prison Litigation Reform Act and 42 U.S.C. § 1997(e)e.

19. Plaintiffs failed to state a claim for exemplary damages against this Defendant because Plaintiffs have not pled facts that demonstrate by clear and convincing evidence that this Defendant engaged in outrageous conduct based upon an evil motive or reckless indifference to the rights of others.

20. Plaintiffs' claim for punitive damages violates the Constitution of the United States and the Constitution of the State of Missouri, including, but not limited to, the following grounds:

    (a) The submission and recovery of punitive damages in this case is prohibited by the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States and Article I, Section 10 of the Missouri Constitution because the standards employed for awarding and assessing such damages are unconstitutionally vague;

    (b) The submission and recovery of punitive damages by Plaintiffs in this case

27

are barred by the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States and Article I, Section 10 of the Missouri Constitution, because there are no realistic standards or limits imposed upon the amount and no required relationship between the actual damage sustained and the amount of punitive damages which may be awarded;

(c)     The submission and recovery of punitive damages by Plaintiffs in this case are barred by the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States and Article I, Section 2 of the Missouri Constitution because the vague standards employed in punitive damages cases result in extremely disparate results among similar Defendants accused of similar conduct;

(d)     The submission and recovery of punitive damages by Plaintiffs in this case is barred by the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States and Article I, Sections 19, 3, and 15 of the Missouri Constitution, since the purpose of punitive damages is punishment and deterrence, and there is no adequate procedural safeguards to protect Defendant's rights against self-incrimination, the right to proof beyond a reasonable doubt and the right to freedom from unreasonable searches and seizures;

(e)     The submission and recovery of punitive damages by Plaintiffs in this case is barred by the Eighth Amendment of the Constitution of the United States and Article I, Section 21 of the Missouri Constitution because an award of punitive damages would constitute an excessive fine in that under applicable Missouri law, a portion of punitive damages awards are paid to the State of Missouri, thus

constituting a penal fine that is excessive and disproportionate to the conduct at issue in this case;

(f)     The award of punitive damages to Plaintiffs in this action would constitute a deprivation of this Defendant's property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution;

(g)     The submission and recovery of punitive damages in this case is barred by the Due Process Clauses of the Fifth and Fourteenth Amendments of the Constitution of the United States and Article I, Section 10 of the Missouri Constitution because Plaintiffs' claims for punitive damages serve no compensatory function and is not necessary to vindicate the public interest to deter such conduct, or to punish this Defendant and deter conduct in the future;

(h)     To the extent applicable and to the extent this Defendant is being sued for tort claims under state law, punitive damages are prohibited and/or barred by RSMo. § 537.610; and

(i)     To the extent applicable and the extent this Defendant is being sued in a representative or official capacity under color of state law, Plaintiffs are not entitled to any punitive damage award against it because such damages may not be awarded against them in a claim under 42 U.S.C. § 1983, pursuant to *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981) and its progeny.

22.     Should it be determined that Plaintiffs are entitled to seek punitive damages against this Defendant at trial, this Defendant demands a bifurcated trial.

23.     This Defendant denies each and every allegation of Plaintiffs' Second Amended Complaint that is not specifically admitted herein.

29

24. This Defendant asserts that, pursuant to RSMo. § 538.210, no entity whose liability is limited by Chapter 538 can be held liable to a Plaintiff based on the actions or omissions of anyone who is not the entity's employee. As such, Plaintiffs' allegations against any Defendant arising from the conduct of anyone other than an employee of that Defendant must be dismissed or stricken.

25. In the event of an adjudication of the issues in this case whereby this Defendant is held liable to respond in damages to Plaintiffs, this Defendant invokes the provisions of RSMo. § 490.715, which provides, in part, that the dollar amount necessary to satisfy the financial obligation to a health care provider represents the value of the medical treatment rendered.

26. In the event of an adjudication of the issues in this case whereby this Defendant is held liable to respond in damages to Plaintiffs, Defendant relies on the provisions of RSMo. § 537.067, which provides, in part, that if this Defendant is found to bear less than 51% of fault, then it shall only be responsible for the percentage of the judgment for which a trier of fact finds it responsible.

27. This Defendant will rely on RSMo. § 538.300, which bars the operation of RSMo. § 408.040 such that neither pre-judgment nor post-judgment interest is imposed in judgments in medical negligence cases. Plaintiffs' prayer for such relief should therefore be stricken.

28. Any and all tort claims against this Defendant (specifically, Counts IX and XIV), other than for medical negligence, should be dismissed as the Missouri legislature has specifically enacted a statute that creates a medical negligence cause of action against healthcare providers, to the exclusion of other tort claims. Specifically, RSMo. § 538.210 states "a statutory cause of action for damages against a healthcare provider for personal injury or death arising out of the rendering or failure to render healthcare services is hereby created, replacing any such common law causes

30

of action. This Defendant is a "healthcare provider" as defined by RSMo. § 538.205.

29.     This Defendant reserves the right to introduce evidence on any other defense that may become appropriate through discovery or independent investigation.

30.     Plaintiffs failed to state a claim for exemplary damages against this Defendant because Plaintiffs have not pled facts that demonstrate by clear and convincing evidence that this Defendant engaged in outrageous conduct based upon an evil motive or reckless indifference to the rights of others.

31.     This Defendant submits that the Plaintiffs' claims are subject to dismissal for failure to exhaust all available administrative remedies.

32.     This Defendant cannot be held liable on the basis of respondent superior, agency, or vicarious liability theories as to any claim of a Constitutional deprivation of rights.

33.     The medical care provided to decedent was within the applicable standard of care.

## <u>DEMAND FOR TRIAL BY JURY</u>

This Defendant demands a trial by jury.

WHEREFORE, having fully answered Plaintiffs' Second Amended Complaint, Defendant Centurion of Missouri, LLC, requests that this Court dismiss Plaintiffs' Second Amended Complaint as to it at Plaintiffs' cost.

Respectfully Submitted,

*/s/ J. Thaddeus Eckenrode*
J. Thaddeus Eckenrode, Mo. Bar #31080
ECKENRODE-BAUMAN, Attorneys at Law
11477 Olde Cabin Road, Suite 110
St. Louis, MO 63141
(314) 726-6670 (Telephone)
(314) 726-2106 (Fax)
jte@eckenrode-law.com
*Attorney for Centurion of Missouri, LLC*

31

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via electronic mail on this 2nd day of May 2025 to the following:

**Andrew M. Stroth**
ACTION INJURY LAW GROUP
22 W. Washington Street, #1600
Chicago, IL 60602
astroth@actioninjurylawgroup.com

**Steven Hart**
**James Ormond**
HART MCLAUGHLIN & ELDRIDGE, LLC
22 W. Washington Street, #1600
Chicago, IL 60602
shart@hmelegal.com
 jormond@hmelegal.com

**Larry Disparti**
DISPARTI LAW, LLC
121 W. Wacker Drive, Suite 2300
Chicago, IL 60601
ldisparti@dispartilaw.com

**Ben Stelter-Embry**
EMBRY LAW, LLC
4700 Belleview,
Suite 300
Kansas City, MO 64112
ben@embry-law.com
*Attorneys for Plaintiff*

**Therasa A. Otto**
**Jennifer Donnelli**
**Stephanie M. Burton**
BATY OTTO SCHEER P.C.
4435 Main Street, Suite 1100
Kansas City, MO 64111
816-531-7200
totto@batyotto.com
jdonnelli@batyotto.com
sburton@batyotto.com
*Attorneys for Defendant Bryanne M. Bradshaw*

32

**Scott R. Pool**
GIBBS POOL AND TURNER, P.C.
3225 A. Emerald Lane
Jefferson City, MO 65109
573-636-2614
pool@gptlaw.net
*Attorneys for Defendants Davison, Williams, Wells, Glatczak and Nkwocha*

**Ryan Bertels**
SCHREIMANN, RACKERS & FRANKCKA, LLC
931 Wildwood Dr, Suite 201
Jefferson City, MO 65109
573-634-7580
rb@srfblaw.com
*Attorneys for Defendants Leggins, Case, Brown and Varner*

**Kevin M. Smith**
**Andrew Bailey Attorney General**
Deputy Chief Counsel – Litigation
615 E. 13th Street, Suite 401
Kansas City, MO 64106
816-889-5106
Kevin.smith@ago.mo.gov
*Attorneys for Defendants Foley and Morriss*


**Dennis Harms**
SANBERG, PHOENIX & VON GONTARD
701 Market Street
Suite 600
St. Louis, MO 63101
dharms@sandbergphoenix.com
*Attorney for Defendant Jennifer Long*

                                        */s/ Joan Monninger*