IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| *DORIS ANN SCOTT and ORIEL MOORE,* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No. 2:24-cv-04107-MDH |
| | ) | |
| *TREVOR FOLEY, KELLY MORRISS,* | ) | |
| *CENTURION OF MISSOURI, LLC, JUSTIN* | ) | |
| *DAVISON, JUSTIN M. LEGGINS, JACOB* | ) | |
| *A. CASE, AARON C. BROWN, GREGORY* | ) | |
| *H. VARNER, BRYANNE M. BRADSHAW,* | ) | |
| *RYAN WILLIAMS, WILLIAM WELLS,* | ) | |
| *CRAIG GLATCZAK, ZACHARY KOPP,* | ) | |
| *ONYEWUCHI NKWOCHA, SEAN* | ) | |
| *REYNOLDS, and JENNIFER LONG,* | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT JENNIFER LONG, LPN'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

COMES NOW Defendant, Jennifer Long, LPN, by and through her attorneys Sandberg Phoenix & von Gontard, P.C., and for her Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint states as follows:

## PRELIMINARY STATEMENT

1.      Defendant denies the allegations contained in paragraph 1 of Plaintiffs' Second Amended Complaint.

2.      Defendant denies the allegations contained in paragraph 2 of Plaintiffs' Second Amended Complaint.

3.      Defendant denies the allegations contained in paragraph 3 of Plaintiffs' Second Amended Complaint.

4.     Defendant denies the allegations contained in paragraph 4 of Plaintiffs' Second Amended Complaint.

5.     Defendant denies the allegations contained in paragraph 5 of Plaintiff's Second Amended Complaint.

6.     Defendant denies the allegations contained in paragraph 6 of Plaintiffs' Second Amended Complaint.

7.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 7 of Plaintiffs' Second Amended Complaint and therefore denies same.

## JURISDICTION AND VENUE

8.     While denying all allegations of liability, causation and damages, Defendant does not dispute this Court has jurisdiction. Except as expressly admitted herein, all other allegations contained in paragraph 8 are denied.

9.     While denying all allegations of liability, causation and damages, Defendant does not dispute that venue is proper in the United States District Court for the Western District of Missouri. Except as expressly admitted herein, all other allegations contained in paragraph 9 are denied.

10.     Defendant denies the allegations contained in paragraph 10 of Plaintiffs' Second Amended Complaint.

## PARTIES

11.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 11 and therefore denies same.

12.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 12 and therefore denies same.

2

13.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 13 and therefore denies same.

14.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 14 and therefore denies same.

15.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 15 and therefore denies same.

16.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 16 and therefore denies same.

17.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 17 and therefore denies same.

18.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 18 and therefore denies same.

19.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 19 and therefore denies same.

20.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 20 and therefore denies same.

21.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 21 and therefore denies same.

22.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 22 and therefore denies same.

23.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 23 and therefore denies same.

28450909.v1

24.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 24 and therefore denies same.

25.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 25 and therefore denies same.

26.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 26 and therefore denies same.

27.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 27 and therefore denies same.

28.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 28 and therefore denies same.

29.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 29 and therefore denies same.

30.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 30 and therefore denies same.

31.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 31 and therefore denies same.

32.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 32 and therefore denies same.

33.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 33 and therefore denies same.

34.     Defendant admits that she is a resident of the State of Missouri. Except as expressly admitted herein, all other allegations contained in paragraph 34 are denied.

## **FACTUAL BACKGROUND**

4

35.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 35 and therefore denies same.

36.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 36 and therefore denies same.

37.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 37 and therefore denies same.

38.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 38 and therefore denies same.

39.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 39 and therefore denies same.

40.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 40 and therefore denies same.

41.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 41 and therefore denies same.

42.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 42 and therefore denies same.

43.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 43 and therefore denies same.

44.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 44 and therefore denies same.

45.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 45 and therefore denies same.

28450909.v1

46.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 46 and therefore denies same.

47.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 47 and therefore denies same.

48.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 48 and therefore denies same.

49.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 49 and therefore denies same.

50.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 50 and therefore denies same.

51.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 51 and therefore denies same.

52.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 52 and therefore denies same.

53.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 53 and therefore denies same.

54.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 54 and therefore denies same.

55.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 55 and therefore denies same.

56.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 56 and therefore denies same.

28450909.v1

57.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 57 and therefore denies same.

58.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 58 and therefore denies same.

59.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 59 and therefore denies same.

60.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 60 and therefore denies same.

61.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 61 and therefore denies same.

62.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 62 and therefore denies same.

63.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 63 and therefore denies same.

64.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 64 and therefore denies same.

65.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 65 and therefore denies same.

66.     Defendant admits that she entered a cell to assess Othel Moore at the request of corrections staff on December 8, 2023. Except as expressly admitted herein, all other allegations contained in paragraph 66 are denied.

67.     Defendant admits that she attempted to perform an assessment of Othel Moore at the request of corrections staff on December 8, 2023. Except as expressly admitted herein, all other allegations contained in paragraph 67 are denied.

68.     Defendant admits that she attempted to perform an assessment of Othel Moore at the request of corrections staff on December 8, 2023. Except as expressly admitted herein, all other allegations contained in paragraph 68 are denied.

69.     Defendant admits that she attempted to perform an assessment of Othel Moore at the request of corrections staff on December 8, 2023. Except as expressly admitted herein, all other allegations contained in paragraph 69 are denied.

70.     Defendant admits that she attempted to perform an assessment of Othel Moore at the request of corrections staff on December 8, 2023. Except as expressly admitted herein, all other allegations contained in paragraph 70 are denied.

71.     Defendant admits that she attempted to perform an assessment of Othel Moore at the request of corrections staff on December 8, 2023. Except as expressly admitted herein, all other allegations contained in paragraph 71 are denied.

72.     Defendant admits that she attempted to perform an assessment of Othel Moore at the request of corrections staff on December 8, 2023. Except as expressly admitted herein, all other allegations contained in paragraph 72 are denied.

73.     Defendant admits that she attempted to perform an assessment of Othel Moore at the request of corrections staff on December 8, 2023. Except as expressly admitted herein, all other allegations contained in paragraph 73 are denied.

74.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 74 and therefore denies same.

28450909.v1

75.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 75 and therefore denies same.

76.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 76 and therefore denies same.

77.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 77 and therefore denies same.

78.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 78 and therefore denies same.

79.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 79 and therefore denies same.

80.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 80 and therefore denies same.

81.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 81 and therefore denies same.

82.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 82 and therefore denies same.

83.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 83, including subparagraphs a-c, and therefore denies same.

84.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 84 and therefore denies same.

85.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 85 and therefore denies same.

28450909.v1

86.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 86 and therefore denies same.

87.     Defendant denies the allegations contained in paragraph 87 of Plaintiffs' Second Amended Complaint.

88.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 88 and therefore denies same.

89.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 89 and therefore denies same.

90.     Defendant denies the allegations contained in paragraph 90 of Plaintiffs's Second Amended Complaint.

91.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 91 and therefore denies same.

92.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 92 and therefore denies same.

93.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 93 and therefore denies same.

94.     Paragraph 94 of Plaintiffs' Second Amended Complaint contains legal conclusions to which no response is required. Should paragraph 94 be deemed to make allegations of fact against Defendant, then all such allegations are denied.

95.     Paragraph 95 of Plaintiffs' Second Amended Complaint contains legal conclusions to which no response is required. Should paragraph 95 be deemed to make allegations of fact against Defendant, then all such allegations are denied.

96.     Paragraph 96 of Plaintiffs' Second Amended Complaint contains legal conclusions to which no response is required. Should paragraph 96 be deemed to make allegations of fact against Defendant, then all such allegations are denied.

97.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 97 and therefore denies same.

98.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 98 and therefore denies same.

99.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 99 and therefore denies same.

100.    Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 100 and therefore denies same.

101.    Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 101 and therefore denies same.

102.    Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 102 and therefore denies same.

103.    Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 103 and therefore denies same.

## COUNT I – 42 USC § 1983
### Eighth Amendment – Excessive Force

Count I of Plaintiffs' Second Amended Complaint, paragraphs 104 through 116, makes no allegations of fact against Defendant; thus, Defendant offers no response thereto. Should the allegations contained in Count I be deemed to make allegations of fact against Defendant, then all such allegations are denied.

28450909.v1

WHEREFORE, having fully answered Count I of Plaintiffs' Second Amended Complaint, Defendant respectfully prays that this Court enter its Order and dismiss Plaintiffs' Second Amended Complaint, at Plaintiffs' cost, and for such other and further relief as this Court deems just and proper.

## COUNT II – 42 USC § 1983
## Eighth Amendment – Alleged Cruel and Unusual Punishment

Count II of Plaintiffs' Second Amended Complaint, paragraphs 117 through 130, makes no allegations of fact against Defendant; thus, Defendant offers no response thereto. Should the allegations contained in Count II be deemed to make allegations of fact against Defendant, then all such allegations are denied.

WHEREFORE, having fully answered Count II of Plaintiffs' Second Amended Complaint, Defendant respectfully prays that this Court enter its Order and dismiss Plaintiffs' Second Amended Complaint, at Plaintiffs' cost, and for such other and further relief as this Court deems just and proper.

## COUNT III – 42 USC § 1983
## Eighth Amendment – Deliberate Indifference

131.    Defendant hereby restates her responses to paragraph 1 through 130 of  Plaintiffs' Second Amended Complaint.

132.    Defendant denies the allegations contained in paragraph 132 of Plaintiffs' Second Amended Complaint.

133.    Defendant denies the allegations contained in paragraph 133 of Plaintiffs' Second Amended Complaint.

134.    Defendant denies the allegations contained in paragraph 134 of Plaintiffs' Second Amended Complaint.

12

135.    Defendant denies the allegations contained in paragraph 135 of Plaintiffs' Second Amended Complaint.

136.    Defendant denies the allegations contained in paragraph 136 of Plaintiffs' Second Amended Complaint.

137.    Defendant denies the allegations contained in paragraph 137 of Plaintiffs' Second Amended Complaint.

138.    Defendant denies the allegations contained in paragraph 138 of Plaintiffs' Second Amended Complaint.

139.    Defendant denies the allegations contained in paragraph 139 of Plaintiffs' Second Amended Complaint.

140.    Defendant denies the allegations contained in paragraph 140 of Plaintiffs' Second Amended Complaint.

141.    Defendant denies the allegations contained in paragraph 141 of Plaintiffs' Second Amended Complaint.

142.    Defendant denies the allegations contained in paragraph 142 of Plaintiffs' Second Amended Complaint.

143.    Defendant denies the allegations contained in paragraph 143 of Plaintiffs' Second Amended Complaint.

144.    Defendant denies the allegations contained in paragraph 144 of Plaintiffs' Second Amended Complaint.

145.    Defendant denies the allegations contained in paragraph 145 of Plaintiffs' Second Amended Complaint.

28450909.v1

WHEREFORE, having fully answered Count III of Plaintiffs' Second Amended Complaint, Defendant respectfully prays that this Court enter its Order and dismiss Plaintiffs' Second Amended Complaint, at Plaintiffs' cost, and for such and other further relief as this Court deems just and proper.

**COUNT IV – 42 USC § 1983**
**Failure to Intervene**

Count IV of Plaintiffs' Second Amended Complaint, paragraphs 146 through 155, makes no allegations of fact against Defendant; thus, Defendant offers no response thereto. Should the allegations contained in Count IV be deemed to make allegations of fact against Defendant, then all such allegations are denied.

WHEREFORE, having fully answered Count IV of Plaintiffs' Second Amended Complaint, Defendant respectfully prays that this Court enter its Order and dismiss Plaintiffs' Amended Complaint, at Plaintiffs' cost, and for such other and further relief as this Court deems just and proper.

**COUNT V – 42 USC § 1983**
**Unconstitutional Policy of Deliberate Indifference (*Monell*)**

Count V of Plaintiffs' Second Amended Complaint, paragraphs 156 through 167, makes no allegations of fact against Defendant; thus, Defendant offers no response thereto. Should the allegations contained in Count V be deemed to make allegations of fact against Defendant, then all such allegations are denied.

WHEREFORE, having fully answered Count V of Plaintiffs' Second Amended Complaint, Defendant respectfully prays this Court enter its Order and dismiss Plaintiffs' Amended Complaint, at Plaintiffs' cost, and for such other and further relief as this Court deems just and proper.

14

## COUNT VI – 42 USC § 1983
### Supervisory Liability

Count VI of Plaintiffs' Second Amended Complaint, paragraphs 168 through 171, makes no allegations of fact against Defendant; thus, Defendant offers no response thereto. Should the allegations contained in Count VI be deemed to make allegations of fact against Defendant, then all such allegations are denied.

WHEREFORE, having fully answered Count VI of Plaintiffs' Second Amended Complaint, Defendant respectfully prays that this Court enter its Order and dismiss Plaintiffs' Second Amended Complaint, at Plaintiffs' cost, and for such other and further relief as this Court deems just and proper.

## COUNT VII – 42 USC § 1983
### Deliberate Indifference – Failure to Train

Count VII of Plaintiffs' Second Amended Complaint, paragraphs 172 through 182, makes no allegations of fact against Defendant; thus, Defendant offers no response thereto. Should the allegations contained in Count VII be deemed to make allegations of fact against Defendant, then all such allegations are denied.

WHEREFORE, having fully answered Count VII of Plaintiffs' Second Amended Complaint, Defendant respectfully prays that this Court enter its Order and dismiss Plaintiffs' Second Amended Complaint, at Plaintiffs' cost, and for such other and further relief as this Court deems just and proper.

## COUNT VIII
### Wrongful Death

183.    Defendant hereby restates her responses to paragraph 1 through 182 of Plaintiffs' Second Amended Complaint.

28450909.v1

184. Paragraph 184 of Plaintiffs' Second Amended Complaint contains legal conclusions to which no response is required. Should paragraph 184 be deemed to make allegations of fact against Defendant, then all such allegations are denied.

185. Defendant denies the allegations contained in paragraph 185 of Plaintiffs' Second Amended Complaint.

186. Defendant denies the allegations contained in paragraph 186 of Plaintiffs' Second Amended Complaint.

187. Defendant denies the allegations contained in paragraph 187 of Plaintiffs' Second Amended Complaint.

188. Defendant denies the allegations contained in paragraph 188 of Plaintiffs' Second Amended Complaint.

189. Defendant denies the allegations contained in paragraph 189 of Plaintiffs' Second Amended Complaint.

WHEREFORE, having fully answered Count VIII of Plaintiffs' Second Amended Complaint, Defendant respectfully prays that this Court enter its Order and dismiss Plaintiffs' Amended Complaint, at Plaintiffs' cost, and for such other and further relief as this Court deems just and proper.

## COUNT IX
### Negligence

190. Defendant hereby restates her responses to paragraphs 1 through 189 of Plaintiffs' Second Amended Complaint.

191. Defendant denies the allegations contained in paragraph 191 of Plaintiffs' Second Amended Complaint.

192.    Defendant denies the allegations contained in paragraph 192 of Plaintiffs' Second Amended Complaint.

193.    Defendant denies the allegations contained in paragraph 193 of Plaintiffs' Second Amended Complaint.

194.    Defendant denies the allegations contained in paragraph 194 of Plaintiffs' Second Amended Complaint.

195.    Defendant denies the allegations contained in paragraph 195 of Plaintiffs' Second Amended Complaint, including subparagraphs a-g.

196.    Defendant denies the allegations contained in paragraph 196 of Plaintiffs' Second Amended Complaint, including subparagraphs a-g.

197.    Defendant denies the allegations contained in paragraph 197 of Plaintiffs' Second Amended Complaint, including subparagraphs a-h.

198.    Defendant denies the allegations contained in paragraph 198 of Plaintiffs' Second Amended Complaint.

199.    Defendant denies the allegations contained in paragraph 199 of Plaintiffs' Second Amended Complaint.

200.    Defendant denies the allegations contained in paragraph 200 of Plaintiffs' Second Amended Complaint.

201.    Defendant denies the allegations contained in paragraph 201 of Plaintiffs' Second Amended Complaint.

202.    Defendant denies the allegations contained in paragraph 202 of Plaintiffs' Second Amended Complaint.

28450909.v1

WHEREFORE, having fully answered Count IX of Plaintiffs' Second Amended Complaint, Defendant respectfully prays that this Court enter its Order and dismiss Plaintiffs' Second Amended Complaint, at Plaintiffs' cost, and for such other and further relief as this Court deems just and proper.

## COUNT X
### Battery

Count X of Plaintiffs' Second Amended Complaint, paragraphs 203 through 213, makes no allegations of fact against Defendant; thus, Defendant offers no response thereto. Should the allegations contained in Count X be deemed to make allegations of fact against Defendant, then all such allegations are denied.

WHEREFORE, having fully answered Count X of Plaintiffs' Second Amended Complaint, Defendant respectfully prays that this Court enter its Order and dismiss Plaintiffs' Second Amended Complaint, at Plaintiffs' cost, and for such other and further relief as this Court deems just and proper.

## COUNT XI
### Assault

Count XI of Plaintiffs' Second Amended Complaint, paragraphs 214 through 224, makes no allegations of fact against Defendant; thus, Defendant offers no response thereto. Should the allegations contained in Count XI be deemed to make allegations of fact against Defendant, then all such allegations are denied.

WHEREFORE, having fully answered Count XI of Plaintiffs' Second Amended Complaint, Defendant respectfully prays that this Court enter its Order and dismiss Plaintiffs' Second Amended Complaint, at Plaintiffs' cost, and for such other and further relief as this Court deems just and proper.

28450909.v1

## COUNT XII
## Intentional Infliction of Emotional Distress

225.    Defendant hereby restates her responses to paragraphs 1 through 224 of Plaintiffs' Second Amended Complaint.

226.    Defendant denies the allegations contained in paragraph 226 of Plaintiffs' Second Amended Complaint.

227.    Defendant denies the allegations contained in paragraph 227 of Plaintiffs' Second Amended Complaint.

228.    Defendant denies the allegations contained in paragraph 228 of Plaintiffs' Second Amended Complaint.

229.    Defendant denies the allegations contained in paragraph 229 of Plaintiffs' Second Amended Complaint.

230.    Defendant denies the allegations contained in paragraph 230 of Plaintiffs' Second Amended Complaint.

231.    Defendant denies the allegations contained in paragraph 231 of Plaintiffs' Second Amended Complaint.

WHEREFORE, having fully answered Count XII of Plaintiffs' Second Amended Complaint, Defendant respectfully prays that this Court enter its Order and dismiss Plaintiffs' Second Amended Complaint, at Plaintiffs' cost, and for such other and further relief as this Court deems just and proper.

## COUNT XIII
## Negligent Infliction of Emotional Distress

232.    Defendant hereby restates her responses to paragraph 1 through 231 of Plaintiffs' Second Amended Complaint.

19

233.     Defendant denies the allegations contained in paragraph 233 of Plaintiffs' Second Amended Complaint.

234.     Defendant denies the allegations contained in paragraph 234 of Plaintiffs' Second Amended Complaint.

235.     Defendant denies the allegations contained in paragraph 235 of Plaintiffs' Second Amended Complaint.

236.     Defendant denies the allegations contained in paragraph 236 of Plaintiffs' Second Amended Complaint.

237.     Defendant denies the allegations contained in paragraph 237 of Plaintiffs' Second Amended Complaint.

238.     Defendant denies the allegations contained in paragraph 238 of Plaintiffs' Second Amended Complaint.

WHEREFORE, having fully answered Count XIII of Plaintiffs' Second Amended Complaint, Defendant respectfully prays that this Court enter its Order and dismiss Plaintiffs' Second Amended Complaint, at Plaintiffs' cost, and for such other and further relief as this Court deems just and proper.

## COUNT XIV
### Negligent Training/Supervision

Count XIV of Plaintiffs' Second Amended Complaint, paragraphs 239 through 245, make no allegation of fact against Defendant; thus, Defendant offers no response thereto. Should the allegations contained in Count XIV be deemed to make allegations of fact against Defendant, then all such allegations are denied.

WHEREFORE, having fully answered Count XIV of Plaintiffs' Second Amended Complaint, Defendant respectfully prays that this Court enter its Order and dismiss Plaintiffs'

28450909.v1

Second Amended Complaint, at Plaintiffs' cost, and for such other and further relief as this Court deems just and proper.

<strong><u>COUNT XV</u></strong><br><strong><u>Negligent Retention of Private Contractor</u></strong>

Count XV of Plaintiffs' Second Amended Complaint, paragraphs 246 through 265, make no allegations of fact against Defendant; thus, Defendant offers no response thereto. Should the allegations contained in Count XV be deemed to make allegations of fact against Defendant, then all such allegations are denied.

WHEREFORE, having fully answered Count XV of Plaintiffs' Second Amended Complaint, Defendant respectfully  prays that this Court enter its Order and dismiss Plaintiffs' Second Amended Complaint, at Plaintiffs' cost, and for such other and further relief as this Court deems just and proper.

<strong><u>JURY TRIAL DEMANDED</u></strong>

<strong><u>ADDITIONAL AND AFFIRMATIVE DEFENSES</u></strong>

1.      For further answer and defense, Counts IX, XII, and XIII fail to state a claim upon which relief can be granted because Plaintiffs lack standing to bring claims under R.S.Mo. § 537.020.

2.      For further answer and defense, Count IX fails to state a claim upon which relief can be granted against Defendant because Defendant is a health care provider and R.S.Mo. § 538.210 limits causes of action against health care providers for the alleged failure to render health care services to a statutory cause of action that is not pleaded in Count IX.

3.      For further answer and defense, Counts XII and XIII fail to state a claim upon which relief can be granted because Plaintiffs' Second Amended Complaint fails to allege sufficient facts demonstrating that either or both plaintiffs were in the zone of danger.

21

4. For further answer and defense, Count III fails to state a claim upon which relief can be granted against Defendant because Plaintiffs' Second Amended Complaint fails to plead sufficient facts demonstrating that Defendant was deliberately indifferent to Othel Moore's serious medical needs.

5. For further answer and defense, Count VIII fails to state a claim upon which relief can be granted against Defendant because Plaintiffs' Second Amended Complaint fails to plead sufficient facts demonstrating that Defendant directly caused or directly contributed to cause Othel Moore's death.

6. For further answer and defense, Counts VIII, IX, XII, and XIII, Defendant intends to rely upon the rights and benefits of R.S.Mo. Chapter 538, including all subparts and amendments thereto, including, but not limited to, the damage caps set forth in § 538.210 and the prohibition on post-judgment interest pursuant to § 538.300.

7. For further answer and defense, as to Counts VIII, IX, XII, and XIII, Defendant requests an apportionment of fault among all parties to this suit and among all tortfeasors who might settle with Plaintiffs. Should there be no apportionment of fault with settling defendants, then Defendant seeks a reduction/credit for any settlement monies received by Plaintiff from any tortfeasor under R.S.Mo. § 537.060.

8. In further answer and affirmative defense, as to Counts VIII, IX, XII, and XIII, Defendant states that any injuries suffered by Plaintiffs and/or the death of Othel Moore, the fact of which is expressly denied by Defendant, were the direct or proximate result of the conduct person for which Defendant cannot be liable.

9. In further answer and defense, as to Counts VIII, IX, XII, and XIII, Defendant requests the limitations on joint and several liability found in R.S.Mo. § 537.067.

28450909.v1

SANDBERG PHOENIX & von GONTARD P.C.

By: */s/ Edna Besic*
Dennis S. Harms, #58937
Edna Besic, #76991
701 Market Street, Suite 600
St. Louis, MO 63101-1826
314-231-3332
314-241-7604 (Fax)
dharms@sandbergphoenix.com
ebesic@sandbergphoenix.com
*Attorneys for Defendant Jennifer Long*

## Certificate of Service

I hereby certify that on this 5th day of April 2025, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Andrew M. Stroth
Action Injury Law Group
astroth@actioninjurylawgroup.com

Steven Hart
James Ormond
Hart McLaughlin & Eldridge, LLC
shart@hmelegal.com
jormond@hmelegal.com

Larry Disparti
Disparti Law, LLC
ldisparti@dispartilaw.com

Ben Stelter-Embry
Embry Law, LLC
ben@embry-law.com
*Attorneys for Plaintiffs*
*Doris Ann Scott and Oriel Moore*

J. Thaddeus Eckenrode
Beverly Garland
Eckenrode-Maupin
jte@eckenrode-law.com
blg@eckenrode-law.com
*Attorneys for Defendant Centurion of Missouri, LLC*

23

Kevin M. Smith
MO Attorney General's Office – KC
Deputy Chief Counsel – Litigation
Kevin.Smith@ago.mo.gov
*Attorney for Defendants Trevor Foley and Kelly Morriss*

Scott R. Pool
Joseph P. Bjork
Gibbs Pool and Turner, P.C.
pool@gptlaw.net
cc:  Kelly Maxwell, kelly@gptlaw.net
*Attorney for Defendants Justin Davison, Ryan Williams,*
*William Wells, Craig Glatczak, Onywuchi Nkwocha*
*and Zachary Kopp*

Ryan Bertels
Schreimann, Rackers & Francka, L.L.C.
rb@srfblaw.com
*Attorney for Defendants Justin Leggins, Jacob Case,*
*Aaron Brown, and Gregory Varner*

Theresa A. Otto
Jennifer Donnelli
Stephanie Burton
Baty Otto Scheer P.C.
totto@batyotto.com
jdonnelli@batyotto.com
sburton@batyotto.com
*Attorneys for Defendant Bryanne M. Bradshaw*

*/s/ Edna Besic* _____

28450909.v1