IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DORIS ANN SCOTT and ORIEL MOORE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:24-cv-04107-MDH |
| ) | |
| ANNE PRECYTHE, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiffs' Motion to Strike Defendants Justin Davison, Ryan Williams, William Wells, Craig Glatzcak, and Onyewuchi Nkwocha's (collectively "Defendants") Affirmative Defenses. (Doc. 65). Plaintiffs have filed their suggestions in support (Doc. 66), Defendants have filed their suggestions in opposition (Doc. 84), and Plaintiffs have filed their reply. (Doc. 90). The matter is now ripe for adjudication on the merits. For the reasons discussed below, Plaintiffs' Motion to Strike is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

This action arises from the death of a prisoner at the Jefferson City Correctional Center. Plaintiff Doris Ann Scott is a resident of the State of Colorado and the biological mother of Decedent Othel Moore, Jr. Plaintiff Oriel Moore is a resident of the State of Colorado and the biological sister of the Decedent. Defendant Trevor Foley is an employee of the State of Missouri and the Director of the Missouri Department of Corrections ("MDOC"). Defendant Kelly Morriss is an employee of the State of Missouri and the Warden of the Jefferson City Correction Center ("JCCC"). Defendant Centurion of Missouri, LLC is a limited liability company formed under Missouri law that provided health care services at JCCC. Defendant Justin Davison is a resident

1

of Missouri and an employee at the MDOC as the JCCC Corrections Emergency Response Team ("CERT") Field Commander. Defendants Justin M. Leggins, Jacob A. Case, Aaron C. Brown, Gregory H. Varner, Bryanne M. Bradshaw, Ryan Williams, William Wells, Craig Glatzczak, Zachary Kopp, Onyewuchi Nkwocha, and Sean Reynolds are all residents of Missouri and were employed at MDOC as members of a MDOC CERT unit. Defendant Jennifer Long is a resident of Missouri and was an employee of Defendant Centurion of Missouri, LLC.

On December 8, 2023, CERT Defendants initiated cell inspections at JCCC in the housing unit where Decedent was detained. Allegedly Defendants Leggins, Glatczak and Wells entered Decedent's cell. Decedent was removed from his cell with his hands in wrist restraints behind his back. Defendant Leggins allegedly stepped toward Decedent and pepper sprayed him in the face at close range. Defendants Wells and Glatzchak allegedly took Decedent to the ground where Defendant Case administered pepper spray at close range. Decedent was then escorted to the "day room" where Defendant Davison allegedly ordered Decedent to be placed in a wrap restraint device. Decedent was also placed in a spit mask, covering a portion of Decedent's face, including his mouth and nose. It is further alleged Cert Defendants placed a helmet on Decedent and transported him to a "dry cell" where Defendants Koop, Bradshaw, Reynolds, and Nkowcha monitored Decedent. Decedent was alleged to have struggled to breathe for 30 minutes before becoming unresponsive. Defendant Long examined the Decedent before emergency medical services arrived at JCCC. Decedent was later pronounced dead due to positional asphyxiation as the cause of death.

Defendants raise 30 affirmative defenses in their Answer to Plaintiffs' Complaint. (Doc. 16, pages 20-26). Plaintiffs seek to strike 10 of Defendants affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). The Court will take each argument in turn.

2

**STANDARD**

Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading any redundant, immaterial, impertinent, or scandalous matter." A court is given liberal discretion under Rule 12(f), however, motions to strike are viewed with disfavor and rarely granted. *Lucas v. Jerusalem Café*, LLC, 2011 WL 1364075, *1 (W.D.Mo. April 11, 2011); citing *Associated Indem. Corp. v. Small*, 2007 WL 844773 (W.D.Mo. Mar. 19, 2007); *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir.1977). Specifically, a motion to strike directed to affirmative defenses should be granted only when "the affirmative defense is so deficient that it fails to fairly present a question of law or fact which the court ought to hear and that deficiency causes prejudice to the moving party." *Knapp v. FAG Bearings*, 2021 WL 3771793, at *2 (W.D. Mo. Aug. 24, 2021) quoting *Lunsford*, 570 F.2d at 229.

**ANALYSIS**

I.  **Affirmative Defense No. 1**

Defendants' first affirmative defense states "that Plaintiffs' Complaint is vague, conclusory, and without sufficient facts." (Doc. 46, page 59, ¶ 1). Plaintiffs argue that Defendants first affirmative defense fails to articulate a valid defense and amounts to an impermissible conclusory assertion. (Doc. 66, page 5, ¶ 1). Defendants argue even if it is not a proper affirmative defense, the Court need not strike the affirmative defense as striking a party's pleading is an extreme measure that is viewed with disfavor and infrequently granted. (Doc. 84, page 6).

"A defendant must, at a minimum, give fair notice to the opposing party because *Twombly* 'did not abrogate the notice pleading standard.'" *Jennings v. Nash*, No. 6:18-CV-03261-NKL, 2019 WL 286750, at *3 (W.D. Mo. Jan. 22, 2019) (quoting *Hamilton v. Palm*, 621 F.3d 816, 817

3

(8th Cir. 2010)). However, the level of detail required to provide notice varies depending upon the defense asserted. *Id*. "[T]he relevant question is whether merely stating an affirmative defense gives notice or something more is needed." *Id*.

Here, Defendants give no additional information as to what in Plaintiffs' Complaint is vague, conclusory, and without sufficient facts. The Defendants' first affirmative defense is merely conclusory statements that fail to give Plaintiffs any notice of what is specifically vague, conclusory or without sufficient facts within the Complaint. As such, the affirmative defense is improper. For the reasons stated, Plaintiffs' Motion to Strike Defendants' First Affirmative Defense is **GRANTED**.

II. **Affirmative Defense No. 3**

Defendants' third affirmative defense states "that Plaintiffs' Complaint fails to state a claim upon which relief can be granted." (Doc. 46, page 59–60, ¶ 3). Plaintiff argues the assertion of a failure to state a claim is not a proper defense. (Doc. 66, page 5, ¶ 2). Defendants argue even if it is not a proper affirmative defense, the Court need not strike the affirmative defense as striking a party's pleading is an extreme measure that is viewed with disfavor and infrequently granted. (Doc. 84, page 6).

"Failure to state a claim is an improper affirmative defense; such an assertion is appropriate as a motion to dismiss." *Jennings v. Nash*, No. 6:18-CV-03261-NKL, 2019 WL 286750, at *4 (W.D. Mo. Jan.22, 2019). *See also* Fed. R. Civ. P. 8(c)(1), 12(b); *Celebrity Signatures Int'l, Inc. v. HairTech Int'l, Inc.*, No. 10-00939-CV-W-GAF, 2011 WL 13234158, at *3 (W.D. Mo. May 3, 2011) (striking defense of failure to state a claim as an "improper affirmative defense").

4

Here, Defendants' third affirmative defense is improper. This claim is better suited as a motion under Federal Rule of Civil Procedure Rule 12(b)(6). The appropriate time to have raised a motion to dismiss for failure to state a claim was before filing the answer to the Complaint. *See* Fed. R. Civ. P. 12(b). Defendants cannot seek a failure to state a claim upon which relief can be granted as an affirmative defense when the proper time to assert the motion has passed. For the reasons stated, Plaintiffs' Motion to Strike Defendants' Third Affirmative Defense is **GRANTED**.

### III. Affirmative Defense No. 5

Defendants fifth affirmative defense states "that Plaintiffs' Complaint is frivolous within the meaning of 28 U.S.C. Section 1915(d) as Plaintiffs have no reasonable likelihood of success on the merits." (Doc. 46, page 60, ¶ 5). Plaintiffs argue 28 U.S.C. Section 1915(d) authorizes district courts to allow poor plaintiffs to file suit and is entirely inapplicable to Plaintiffs' First Amended Complaint. (Doc. 66, page 5, ¶ 3). Defendants argue that the language of 28 U.S.C. § 1915(e) does not limit itself to inmates who have not paid a filing fee, and that 28 U.S.C. § 1915(e)(2)(B) provides grounds for dismissal without reference to indigent status. (Doc. 84, pages 6–7).

28 U.S.C. § 1915 governs proceedings in forma pauperis. "The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases." 28 U.S.C. § 1915(d).

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that … the action or appeal is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Here, Plaintiffs are correct that 28 U.S.C. § 1915 is inapplicable to the case at hand. Plaintiffs filed their Complaint and paid the filing fee associated. (Doc. 1). Plaintiffs did not file, nor proceed, in forma pauperis. Thus, the United States Code provision Defendants cite arguing that Plaintiffs' claims are frivolous are inapplicable to the case at hand. If the matter is ultimately determined frivolous by the Court, Defendants are free to file a motion for sanctions at that time. For the reasons stated, Plaintiffs' Motion to Strike Defendants' Fifth Affirmative Defense is **GRANTED**.

### IV. Affirmative Defense No. 6

Defendants' sixth affirmative defense states "that [Defendants are] protected from liability and suit under the doctrines of qualified, absolute, judicial, and official immunity." (Doc. 46, page 60, ¶ 6). Plaintiffs argue Defendants' sixth affirmative defense provides no support for its claims and that such vague affirmative defenses are insufficient as a matter of law. (Doc. 66, pages 5-6, ¶ 4). Defendants argue Plaintiffs have pled all necessary facts for the state-law claims alleged in the Amended Complaint to be barred by Official Immunity: that Certain Defendants were employees of a state entity acting within the scope of their employment of all acts alleged in the Amended Complaint. (Doc. 84, page 7).

"A defendant must, at a minimum, give fair notice to the opposing party because *Twombly* 'did not abrogate the notice pleading standard.'" *Jennings v. Nash*, No. 6:18-CV-03261-NKL, 2019 WL 286750, at *3 (W.D. Mo. Jan. 22, 2019) (quoting *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010)). However, the level of detail required to provide notice varies depending upon the defense asserted. *Id*. "[T]he relevant question is whether merely stating an affirmative defense gives notice or something more is needed." *Id*.

6

Here, Defendants have not provided the level of detail required to provide notice as to parts of their sixth affirmative defense. There are no details, whether in the Complaint or Answer, that would put the Plaintiff on notice that absolute or judicial immunity are relevant defenses within the action. In order to successfully provide notice, more detail is required for these claims than what has been provided. To that extent, the Court will strike absolute, and judicial immunity from the sixth affirmative defense. However, the level of detail required regarding qualified and official immunity is sufficient. Read in conjunction with the Complaint, it is clear that these defenses rest on the factual assertion that Defendants were at all relevant times employed by the Missouri Department of Corrections. Their basis is apparent from their assertion and provides Plaintiffs with notice of the defense asserted. For the reasons stated, Plaintiffs' Motion to Strike Defendants' Sixth Affirmative Defense is **GRANTED** as to absolute and judicial immunity and **DENIED** as to qualified and official immunity.

## V.     Affirmative Defense No. 8

Defendants eighth affirmative defense states "Plaintiffs' claims are premature as Plaintiffs' Decedent did not exhaust all available administrative remedies, including grievance procedures, such that Plaintiffs and Plaintiffs' Decedent have not complied with conditions precedent to suit under the Prison Litigation Reform Act." (Doc. 46, page 60, ¶ 8). Plaintiffs argue that the Prison Litigation Reform Act ("PLRA") requires exhaustion only when administrative procedures are available to the prisoner. (Doc. 66, page 6, ¶ 5). Plaintiffs state the PLRA exhaustion requirement does not apply to a plaintiff who is deceased at the time the complaint is filed, as such an individual is no longer considered a prisoner for purposes of the PLRA. *Id*. Plaintiffs argue then that the PLRA exhaustion requirement is inapplicable. *Id*. Defendants argue that Plaintiffs' position is not a settled issue within the Eighth Circuit. (Doc. 84, page 8). Defendants assert that for any of the

7

claims predating the Decedent's death, a Court's determination is needed that Decedent could have timely initiated the grievance process with respect to his claims before the Court may dismiss pleadings asserting these claims, and by extension of the same reasoning, before the Court may dismiss the pleading of an affirmative defense. *Id*.

42 U.S.C. § 1997e governs the procedure for suits by prisoners under the PLRA. Specifically, 42 U.S.C. § 1997e(a) states "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). "Under [the PLRA], the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies. An inmate … must exhaust available remedies, but need not exhaust unavailable ones." *Smith v. Andrews*, 75 F. 4th 805, 808–09 (8th Cir. 2023) (citing *Ross v. Blake*, 578 U.S. 642, 136 S.Ct. 1850, 195 L.Ed.2d 117 (2016)). As such, the PLRA provides a threshold question that the district court must answer before proceeding: what remedies were available? *Id*. Under the PLRA, only a plaintiff's failure to exhaust an available remedy can bar his claim. *Id*.

Here, each Count that lists Defendants is directly tied to the underlying incident that caused the death of Decedent. At no point in time would there have been an opportunity for Decedent to pursue an administrative remedy based on the underlying incident. Decedent remedies were unavailable to him. Thus, the Court finds to the extent Defendants are attempting to invoke the

8

PLRA as an affirmative defense, it is inapplicable in this matter. For the reasons stated, Plaintiffs' Motion to Strike Defendants' Eighth Affirmative Defenses is **GRANTED**.

VI.     **Affirmative Defense No. 9**

Defendants' ninth affirmative defense states "Defendants did not violate the United States Constitution or any statutory right with regard to Decedent." (Doc. 46, page 60, ¶ 9). Plaintiffs argue that Defendants' ninth affirmative defense is a blanket denial of liability and does not set forth any specific allegations to support the defense. (Doc. 66, page 7, ¶ 6). Defendants argue even if it is not a proper affirmative defense, the Court need not strike the affirmative defense as striking a party's pleading is an extreme measure that is viewed with disfavor and infrequently granted. (Doc. 84, page 6).

Federal Rule of Civil Procedure 8(b)(1)(A) provides, "In responding to a pleading, a party must: … state in short and plain terms its defenses to each claim asserted against it.[.]" Federal Rule of Civil Procedure 8(c)(1) list a number of affirmative defenses and provides, "in responding to a pleading, a party must affirmatively state any avoidance or affirmative defenses[.]" Not all defenses are affirmative defenses. "If the defenses involved is one that merely negates an element of the plaintiff's prima facie case … it is not truly an affirmative defense and need not be pleaded despite rule 8(c)." *Eaton Veterinary Pharm., Inc. v. Wedgewood Vill. Pharmacy, Inc.*, No. 4:15-CV-687-SRB, 2016 WL 7200805, at *2 (W.D. Mo. Mar. 4, 2016) (quoting *Sanden v. May Clinic*, 495 F.2d 221, 224 (8th Cir. 1974)).

Here, Defendants' ninth affirmative defense that "Defendants did not violate the United States Constitution or any statutory right with regard to Decedent" is merely a conclusory statement that attempts to negate an element of the Plaintiff's prima facie case. It is not truly an

affirmative defense and not necessary to be pleaded despite rule 8(c). For the reasons stated, Plaintiffs' Motion to Strike Defendants Ninth Affirmative Defense is **GRANTED**.

VII. **Affirmative Defense No. 18**

Defendants' eighteenth affirmative defense states "that in the event Plaintiffs are entitled to, or is awarded any damages, Plaintiffs are not entitled to any recovery for mental or emotional injury for the reasons set forth in the Prison Litigation Reform Act and 42 U.S.C. § 1997(e)e." (Doc. 46, page 62–63, ¶ 18). Plaintiffs argue this provision is inapplicable to the present case and that the cited code section limits recovery only when no physical injury is present, which does not apply in this case. (Doc. 66, page 7, ¶ 7). Defendants argue that the causes of action alleged by Plaintiffs belonged first to Decedent, an inmate under obligations, where possible, to seek administrative redress for prison conditions before suit may be filed. (Doc. 84, pages 8–9). Defendants thus assert for any alleged cause of action which did not result in a physical injury to Decedent, who was a prisoner at all times covered by the Amended Complaint, 42 U.S.C. § 1997(e)e, should apply to bar recovery for mental or emotional injury suffered while in custody. *Id*.

42 U.S.C. § 1997e(e) limits the recovery a prisoner for mental or emotional injury. It states "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act[.]" 42 U.S.C. § 1997e(e).

Here, the Court has already stated that the PLRA as it pertains to Decedent is inapplicable as there was no available administrative remedy that was possible during or immediately after the underlying incident which caused his death. Further, Plaintiff is correct that 42 U.S.C. § 1997e(e)

10

is inapplicable as Plaintiffs' Complaint specifically allege a physical injury. Plaintiffs allege in their counts for intentional infliction of emotional distress and negligent infliction of emotional distress "[a]s a direct and proximate result of Defendants' conduct, [Decedent] suffered severe physical injuries, extreme pain and suffering, emotional distress, humiliation, mental anguish, and untimely death." (Complaint ¶¶ 230 and 237). For the reasons stated, Plaintiffs' Motion to Strike Defendants' Eighteenth Affirmative Defense is **GRANTED**.

### VIII. Affirmative Defense No. 27

Defendants' twenty-seventh affirmative defense states "Defendants reserve the right to introduce evidence on any other defense that may become appropriate through discovery or independent investigation." (Doc. 46, page 67, ¶ 27). Plaintiffs argue that a party cannot reserve the right to amend its answer once an affirmative defense is discovered. (Doc. 66, page 7, ¶ 8). Plaintiffs further argue that when pleading an affirmative defense, a Defendant must provide sufficient notice demonstrating that there is some plausible, factual basis for the defenses, which Plaintiffs state was not done here. *Id*. Defendants argue that this defense properly fulfills one of the key purposes of affirmative defense pleadings, which is to provide Plaintiffs fair notice of certain Defendants' intention to introduce other defenses as they become relevant to the discovered facts of the case by appropriate pleadings. (Doc. 84, page 9).

Affirmative defenses not pled but that come to light during discovery "are not automatically incorporated into an answer, and a party cannot 'reserve the right' to amend its answer once an affirmative defense is discovered. *Jennings v. Nash*, No. 6:18-CV-03261-NKL, 2019 WL 286750, at *4 (W.D. Mo. Jan. 22, 2019). Amendments to pleadings, including amendments to a Defendant's answer to include additional affirmative defenses, are subject to

11

Federal Rule of Civil Procedure 15. As such, Defendants' affirmative defense is not proper and should be exercised by virtue of Federal Rule of Civil Procedure 15 if such discovery warrants the answer to be amended rather than trying to assert it within an affirmative defense. For the reasons stated, Plaintiffs' Motion to Strike Defendants' Affirmative Defense No. 27 is **GRANTED**.

## IX. Affirmative Defense No. 29

Defendants twenty-ninth affirmative defense states "that Plaintiffs' claims are subject to dismissal for failure to exhaust all available remedies." (Doc. 46, page 68, ¶ 29). Plaintiffs argue, like affirmative defense No. 8, that no administrative exhaustion is required by the PLRA. (Doc. 66, page 8, ¶ 9). Defendants argue that Plaintiffs' position is not a settled issue within the Eighth Circuit. (Doc. 84, page 8). Defendants asset that for any of the claims predating the Decedent's death, a Court's determination is needed that Decedent could have timely initiated the grievance process with respect to his claims before the Court may dismiss pleadings asserting these claims, and by extension of the same reasoning, before the Court may dismiss the pleading of an affirmative defense that Plaintiffs have not exhausted administrative relief required by the PLRA. *Id*.

As stated earlier, at no point in time would there have been an opportunity for Decedent to pursue an administrative remedy based on the underlying incident. Decedent remedies were unavailable to him. Thus, the Court finds to the extent Defendants are attempting to invoke the PLRA as an affirmative defense, it is inapplicable in this matter as to Defendants. For the reasons stated, Plaintiffs' Motion to Strike Defendants' Twenty-Ninth Affirmative Defense is **GRANTED**.

## X. Affirmative Defense No. 30

Lastly, Defendants' thirtieth affirmative defense states "Plaintiffs' Complaint should be dismissed for lack of subject matter jurisdiction." (Doc. 46, page 68, ¶ 30). Plaintiffs argue that Defendants have not set forth an affirmative defense and motion practice is the proper procedure to address such an assertion. (Doc. 66, page 8, ¶ 10). Defendants argue that since lack of subject matter jurisdiction cannot be waived, it is of no benefit to Plaintiffs to strike this defense. (Doc. 84, page 10).

"[L]ack of subject matter jurisdiction cannot be waived, so the failure to include it as an affirmative defense would be of no effect. *Sch. Of the Ozarks, Inc. v. Greatest Generations Found., Inc.*, No. 10-3499-CV-S-ODS, 2011 WL 1337406, at *2 (W.D. Mo. Apr. 7, 2011). The proper approach to claiming lack of subject matter jurisdiction is through a Federal Rule of Civil Procedure 12(b) motion. *Id*.

Here, Defendants' thirtieth affirmative defense is improper. If Defendants truly believe that the Court lacks subject matter jurisdiction the proper avenue to assert their argument in a 12(b) motion. To put their argument as an affirmative defense does nothing to further the claim and since the claim can be filed at anytime throughout the course of this action, it is not a true affirmative defense. For the reasons stated, Plaintiffs' Motion to Strike Defendants' Thirtieth Affirmative Defense is **GRANTED**.

## CONCLUSION

For the reasons discussed above, Plaintiffs' Motion to Strike is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs' Motion to Strike Defendants' Affirmative Defenses Nos. 1, 3, 5, 8, 9, 18, 27 and 30 as contained in Defendants' Answer are **GRANTED** and are hereby stricken. Plaintiffs' Motion to Strike Defendants' Affirmative Defense No. 6 as it relates absolute

and judicial immunity is **GRANTED** and are hereby stricken. Plaintiffs' Motion to Strike Defendants' Affirmative Defense No. 6 as it relates to qualified and official immunity is **DENIED**.

**IT IS SO ORDERED**.

DATED: May 13, 2025

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**
