IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| **DORIS ANN SCOTT and ORIEL MOORE,** | ) ) ) |
| **Plaintiffs,** | ) ) ) |
| v. | ) Case No.: 2:24-cv-04107-MDH ) |
| **TREVOR FOLEY,** in his official and Individual capacity as Director of the Missouri Department of Corrections, et al., | ) ) ) ) ) |
| **Defendants.** | ) |

## ORDER

Before the Court is Defendants Justin Davison, Ryan Williams, William Wells, Craig Glatczak, Zachary Kopp, and Onyewuchi Nkwocha (collectively "Defendants") Motion to Stay Proceedings Pending Criminal Matter (Doc. 99). Defendants filed suggestions in support (Doc. 100), Plaintiffs filed suggestions in opposition (Doc. 107) and Defendants filed a reply (Doc. 114). The motion is now ripe for adjudication on the merits. For the reasons stated herein, Defendants' Motion to Stay Proceedings is **DENIED**.

## BACKGROUND

This action arises from the death of a prisoner at the Jefferson City Correctional Center. Plaintiff Doris Ann Scott is a resident of the State of Colorado and the biological mother of Decedent Othel Moore, Jr. Plaintiff Oriel Moore is a resident of the State of Colorado and the biological sister of the Decedent. Defendant Trevor Foley is an employee of the State of Missouri and the Director of the Missouri Department of Corrections ("MDOC"). Defendant Kelly Morriss is an employee of the State of Missouri and the Warden of the Jefferson City Correction Center ("JCCC"). Defendant Centurion of Missouri, LLC is a limited liability company formed under

1

Missouri law that provided health care services at JCCC. Defendant Justin Davison is a resident of Missouri and an employee at the MDOC as the JCCC Corrections Emergency Response Team ("CERT") Field Commander. Defendants Justin M. Leggins, Jacob A. Case, Aaron C. Brown, Gregory H. Varner, Bryanne M. Bradshaw, Ryan Williams, William Wells, Craig Glatzczak, Zachary Kopp, Onyewuchi Nkwocha, and Sean Reynolds are all residents of Missouri and were employed at MDOC as members of a MDOC CERT unit. Defendant Jennifer Long is a resident of Missouri and was an employee of Defendant Centurion of Missouri, LLC.

On December 8, 2023, CERT Defendants initiated cell inspections at JCCC in the housing unit where Decedent was detained. Allegedly Defendants Leggins, Glatczak and Wells entered Decedent's cell. Decedent was removed from his cell with his hands in wrist restraints behind his back. Defendant Leggins allegedly stepped toward Decedent and pepper sprayed him in the face at close range. Defendants Wells and Glatzchak allegedly took Decedent to the ground where Defendant Case administered pepper spray at close range. Decedent was then escorted to the "day room" where Defendant Davison allegedly ordered Decedent to be placed in a wrap restraint device. Decedent was also placed in a spit mask, covering a portion of Decedent's face, including his mouth and nose. It is further alleged Cert Defendants placed a helmet on Decedent and transported him to a "dry cell" where Defendants Koop, Bradshaw, Reynolds, and Nkowcha monitored Decedent. Decedent was alleged to have struggled to breath for 30 minutes before becoming unresponsive. Defendant Long examined the Decedent before emergency medical services arrived at JCCC. Decedent was later pronounced dead due to positional asphyxiation as the cause of death.

Defendants bring their motion seeking a stay of the civil proceedings against them pending resolution of the criminal cases against Defendants Leggins, Case, Brown and Bradshaw. The Court will proceed to evaluate the merit of Defendants' Motion to Stay.

**STANDARD**

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id*. at 254-55. "Justice must be done in both criminal and civil litigation. The rights of a defendant in a criminal case must, of course, be protected. But this does not mandate a complete disregard for the rights of civil litigants." *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1213 (8th Cir. 1973). "A stay of a civil trial until factually related criminal proceedings are concluded is sometimes warranted. However, a civil defendant cannot hide behind a blanket invocation of the Fifth Amendment privilege." *Koester v. American Republic Invs., Inc.*, 11 F.3d 818, 823 (8th Cir. 1993). "Therefore, to warrant a stay, a defendant must make a strong showing either that the two proceedings are so interrelated that he cannot protect himself at the civil trial by selectively invoking his Fifth Amendment privilege, or that the two trials will so overlap that effective defense of both is impossible." *Id*.

**ANALYSIS**

I. **Motion to Stay Proceedings**

Defendants argue that if an adverse inference against one of the criminally charged defendants from an invocation of Fifth Amendment privilege establishes that one or more of these defendants engaged in an unconstitutional act, this would directly impact and implicate the defense

3

of Defendants. Plaintiffs argue that the Court already held that Plaintiffs may proceed with discovery on topics already addressed in those voluntary statements by the criminally charged defendants. Thus, it materially narrows the scope of any potential Fifth Amendment objections in the case. Additionally, Plaintiffs argue that the Eighth Circuit has consistently held that a civil defendant cannot rely on the mere possibility of a co-defendant asserting the Fifth Amendment to justify a stay.

"[A] stay of a civil case to permit conclusion of a related criminal prosecution has been characterized as an extraordinary remedy." *Aldridge v. City of St. Louis, Missouri*, No. 4:18-CV-1677 CAS, 2020 WL 223928, at *3 (E.D. Mo. Jan. 15, 2020) (quoting *Liggins v. Cohen*, 4:16-CV-413 AGF, slip op. at 3 (E.D. Mo. Mar. 8, 2018)). The decision whether to say civil litigation in deference to parallel criminal proceedings is discretionary and requires the Court to "assess and balance the nature and substantiality of the injustices claimed on either side." *Id*. (quoting *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1214-15 (8th Cir. 1973)). The Eighth Circuit has not specified a set of factors to analyze whether a stay is necessary in light of parallel criminal proceedings. *Id*. However, district courts in the Eighth Circuit have generally considered the following factors adopted by the Ninth Circuit:

> (1) The interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases and the efficient use of judicial resources; (4) the interests of person not parties to the civil litigation and (5) the interest of the public in the pending civil and criminal litigation.

*White v. Feaman*, 2018 WL 5831261, at *2 (E.D. Mo. Nov. 7, 2018) (quoting *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 325 (9th Cir. 1995)). The Court will examine each factor as it relates to the current action.

a. **Interest of Plaintiffs**

Defendants argue that a stay will not unduly prejudice Plaintiffs because the evidence is durable, and the criminal case may streamline issues. Specifically, Defendants state the requested stay would be finite; there is minimal danger of lost evidence; the alleged injury is not ongoing; Plaintiffs are limited to monetary damages; the evidence will not degrade with a temporary stay; and a stay may result in simplified discovery. Plaintiffs argue they would suffer prejudice and unnecessary delay if proceedings were paused.

The Court in its prior orders on April 3, 2025, and April 8, 2025, declined to stay proceedings for Defendants Leggins, Case and Bradshaw based upon a finding that the state criminal cases have yet to be set for trial and that Plaintiff would suffer prejudice and unnecessary delay by a stay of proceedings against those defendants. According to records available on Missouri Case.net, the state criminal cases are still not set for either Defendant Leggins,[1] Defendant Case,[2] or Defendant Bradshaw.[3] The Court finds that Plaintiffs would suffer prejudice and unnecessary delay by a stay of proceedings in this case. For the reasons stated, the Court finds this factor weights against a stay of proceedings.

b.  **Burden on Defendants**

Defendants argue that if the civil case proceeds while the criminal case is ongoing, Defendants will be severally disadvantaged in discovery. Defendants argue that their co-defendants' refusal to testify or produce documents may leave them unable to obtain exculpatory evidence or rebut allegations effectively. Additionally, Defendants argue they have no ability to obtain an inference favorable to their interests if they are unable, by criminally charged defendants Fifth Amendment refusal to testify, or to obtain evidence in their case. Plaintiffs argue that this

---

[1] *See* 24AC-CR00884-01 – ST v. Justin M Leggins.
[2] *See* 24AC-CR00881-01 – ST v. Jacob A Case.
[3] *See* 24AC-CR00882-01 – ST v. Bryanne M Bradshaw.

Court found that Defendants Leggins, Case and Bradshaw had waived the Fifth Amendment as to their prior statements and failed to show that discovery posed a serious risk of self-incrimination.

There is no dispute that the criminal prosecution and civil case arise out of the same facts and involve nearly identical issues and witnesses. Defendants Leggins, Case, Brown and Bradshaw have been indicted and a "stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct." *Aldridge v. City of St. Louis, Missouri*, No. 4:18-CV-1677 CAS, 2020 WL 223928, at *4 (E.D. Mo. Jan. 15, 2020) (quoting *S.E.C. v. Gerhardt*, 2007 WL 1452236, at *2 (E.D. Mo. May 15, 2007)). However, the Court has already found that Defendants Leggins, Case and Bradshaw have already waived their Fifth Amendment right against self-incrimination as to the topics they have already voluntarily discussed. Further, Defendants have not been indicted and thus a stay is less appropriate for these Defendants. Therefore, the Court finds there is minimal prejudice to Defendants in proceeding with discovery in this case. The Court finds this factor weighs against a stay of proceedings.

c. **Convenience of the Court**

Defendants argue that a stay of this civil case pending resolution of the parallel criminal matter will allow this Court, and the parties, the benefit from the findings and discovery work revealed in the criminal process. Additionally, Defendants argue that the resolution criminal case might reduce the scope of discovery in this civil case or otherwise simplify the issues. Plaintiffs argue that there is convenience of the court in the forward momentum of this proceeding and discovery should proceed.

Given the facts and circumstances of this case the Court finds that giving Defendants a partial stay would not require the expenditure of significant judicial resources and could potentially simplify the issues or resolve liability questions in the civil proceedings. *See e.g., Ruszczyk v. Noor*,

2018 WL 4759838, at *5 (finding stay in case where there was substantial overlap between criminal proceedings and Section 1983 civil claims against same defendant would conserve judicial resources, would likely lead to relevant discovery for the civil proceedings, and could possibly simplify the issues or resolve liability questions in the civil proceedings.). The Court finds this factor weighs slightly in favor of staying the proceedings.

### d. Interests of Persons Not Parties to the Civil Litigation and the Public

Defendants argue that the interests of third parties and the public in this litigation does not weight against a stay pending the resolution of the parallel criminal matter. In support, Defendants argue that Plaintiffs seek damages through this suit, not injunctive relief, and injunctive relief is not available through the Missouri Wrongful Death Statute under which Plaintiffs bring their claim. Plaintiffs argue the public interest in timely adjudication of serious constitutional claims involving allegations of deadly force, systemic failure ins a correctional facility, and institutional deliberate indifference under *Monell*.

The Court finds that with respect to interests of persons not parties to the civil litigation the Court finds this factor neutral. Regarding the interest of the public the Court recognizes the public interest in the prompt resolution of this civil matter. *See e.g., Ruszczyk v. Noor*, 2018 WL 4759838, at *6. The Court finds that the fifth factor to weigh against a stay of proceedings.

### CONCLUSION

The Court having assessed the five factors for a stay of proceedings in an interrelated civil and criminal case find a stay of proceedings is not warranted. For the reasons stated, Defendants Motion to Stay Proceedings as to Defendants Davison, Williams, Wells, Glatczak, Kopp, and Nkwocha is **DENIED**.

**IT IS SO ORDERED**.

DATED: June 30, 2025 </u>/s/ Douglas Harpool</u>
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**