IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

DORIS ANN SCOTT and ORIEL MOORE, )
                                                                              )
                Plaintiffs,            )
                                                 )
                      v.                              ) Case No. 2:24-CV-04107-MDH
                                                   )
CENTURION OF MISSOURI, LLC, et al.,  )
                                                 )
               Defendants.           )

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR UNOPPOSED
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
[Pursuant to F.R.C.P. 15(a)(2); L.R. 15.1]**

Plaintiffs Doris Ann Scott and Oriel Moore ("Plaintiffs") state the following in support of their Motion for Leave to File their Third Amended Complaint:

### I.    BACKGROUND

1.    Plaintiffs filed their Complaint on or about June 28, 2024, against Defendants Anne Precythe, Doris Falkenrath, Justin Leggins, Jacob Case, Aaron Brown, Gregory Varner, and Bryanne Bradshaw alleging violations of 42 U.S.C. § 1983 and state law claims. (Doc. #1.)

2.    On or about October 24, 2024, Plaintiffs filed a First Amended Complaint to add parties after receiving a limited number of documents from the Missouri Department of Corrections concerning its investigation into the death of Othel Moore, Jr. Based on that information, Plaintiffs added Missouri Department of Corrections employees Trevor Foley, Kelly Morriss, Ryan Williams, William Wells, Craig Glatczak, Zachary Kopp, Onyewuchi Nkwocha and Sean Reynolds, as well as the medical defendants Centurion of Missouri, LLC and Centurion employee Jennifer Long. Due to uncertainty at the time regarding the proper *Monell* defendants, Plaintiffs dismissed

Missouri Department of Corrections employees Anne Precythe and Doris Falkenrath by amendment. (Doc. #9).

3. After Plaintiffs filed the First Amended Complaint, counsel for Defendants Foley and Morriss informed Plaintiffs' counsel that Anne Precythe and Doris Falkenrath were, in fact, the proper *Monell* defendants and should not have been dismissed. At all relevant times, Precythe served as Director of the Missouri Department of Corrections, and Falkenrath was the Warden of the Jefferson City Correctional Facility.

4. Out of an abundance of caution, Plaintiffs' counsel requested that Defendants Foley and Morriss provide affidavits detailing their employment status at the time of Mr. Moore's death, which defense counsel agreed to produce.

5. In the meantime, pursuant to the Court's April 8, 2025 Order (Doc. #105), which sustained, without prejudice, Defendants Foley and Morriss' Motion to Dismiss Count XV – Negligent Retention of Private Contractor, Plaintiffs filed a Second Amended Complaint on April 24, 2025.

6. During this same timeframe, defense counsel produced affidavits from Defendants Kelly Morriss and Trevor Foley outlining their respective roles within the Missouri Department of Corrections at the time of Othel Moore, Jr.'s death.

7. Plaintiffs' counsel acknowledged the affidavits and agreed to dismiss Kelly Morriss from the lawsuit via amendment. However, Plaintiffs did not agree to dismiss Trevor Foley, as he had assumed the role of Director of the Missouri Department of Corrections from Anne Precythe shortly before Mr. Moore's death and would therefore remain a defendant.

8. Plaintiffs also agreed to seek leave to amend in order to rename Anne Precythe and Doris Falkenrath as defendants. However, before doing so, Plaintiffs'

counsel requested that defense counsel respond to Plaintiffs' outstanding discovery requests so that Plaintiffs could evaluate the potential involvement of other defendants and claims, with the goal of avoiding multiple amendments and thereby conserving judicial resources.

9. To that end, defense counsel agreed to provide Rule 26(a) disclosures and responsive documents. However, after repeated delays, Plaintiffs sought a pre-motion discovery conference with the Court and requested an order compelling Defendants to comply with their discovery obligations.

10. On June 23, 2025, the Court held a conference and ordered Defendant Foley to produce the Rule 26(a) disclosures and respond to Plaintiffs' First Requests for Production of Documents on or before July 7, 2025, and to provide his interrogatory responses to Plaintiff's first set of discovery requests on or before July 23, 2025. (Doc. #136).

11. Despite that order, Defendant Foley failed to comply, and, aside from an untimely and limited document production on Friday, July 18, 2025, Defendant Foley's Rule 26(a) and written responses to Plaintiffs' First Requests for Production of Documents and First Set of Interrogatories remains outstanding. *See* Plaintiff's Motion to Compel (Doc. #140).

12. Under the Court's current Scheduling Order (Doc. #73), any motion to join additional parties or amend the pleadings must be filed on or before August 4, 2025.

13. Prior to filing this motion, Plaintiffs' counsel conferred with defense counsel for all defendants. No party objected to the requested amendment.

## II. ARGUMENT & AUTHORITIES

3

Rule 15(a)(2) of the Federal Rules of Civil Procedure states, in relevant part, that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this rule, the decision to allow amendments to pleadings falls within the sound discretion of the trial court. "Denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dep't.* 241 F.3d 992, 995 (8th Cir. 2001). Each of these factors weighs in favor of granting Plaintiffs' Motion for Leave to File their Second Amended Complaint.

**A.   It Would Not Be Futile to Permit the Amendment.**

This Court should grant Plaintiffs leave to amend because the proposed amendment is not futile. Plaintiffs seek to correct by properly identifying the appropriate Missouri Department of Corrections defendants: Anne Precythe, Doris Falkenrath, and Kelly Morriss. Allowing the amendment will ensure that the proper parties are named in this lawsuit and that the claims are directed at those with relevant authority and responsibility. Accordingly, this factor weighs strongly in favor of granting leave to amend.

**B.   There is No Undue Delay.**

While there has been some delay, "[d]elay alone is not a reason in and of itself to amend; the delay must have resulted in unfair prejudice to the party opposing the amendment." *Sanders v. Clemco Indus.*, 823 F.2d 214, 217 (8th Cir. 1987). Plaintiffs' counsel in multiple discussions with defense counsel for Defendants Foley and Morriss regarding Plaintiffs' intent to amend the complaint after receiving discovery responses

4

Case 2:24-cv-04107-MDH    Document 142    Filed 08/04/25    Page 4 of 7

and documents. The purpose was to allow Plaintiffs to fully evaluate any other potential defendants and claims and avoid multiple amendments.

Defense counsel agreed to provide the necessary responses and disclosures; however, after repeated delays, this Court eventually ordered Defendant Foley to produce the requested materials by July 7, 2025. (Docs. #136). Defendant Foley failed to comply with that order, and the discovery remains outstanding. *See* Doc. #140, Plaintiffs' Motion to Compel.

Plaintiffs now seek leave to amend based on the best information currently available– information that should have been produced months earlier. Under these circumstances, any delay is attributable to Defendant Foley's failure to meet his discovery obligations, not to any lack of diligence on Plaintiffs' part. Therefore, this factor also weighs in favor of granting leave to amend. *See United States v. Vorachek*, 563 F.2d 884, 885 (8th Cir. 1977) (eleven-month delay in filing amended complaint not sufficient grounds for denying leave to amend absent any prejudicial effect).

**C.     There is No Prejudice to Plaintiff by Allowing the Amendment.**

No prejudice will result from granting Plaintiffs' motion for leave to amend. The burden rests on the party opposing the amendment to show specific prejudice. *Sanders*, 823 F.2d at 217. Here, Defendants cannot demonstrate any unfair prejudice arising from the proposed, which seeks to clarify the proper parties based on recently confirmed information. Because the amendment does not introduce new claims or surprise the parties, this factor weighs heavily in favor of Plaintiffs.

**D.     There is No Bad Faith.**

There is no bad faith on the part of Plaintiffs'. Throughout this litigation, Plaintiffs have acted with transparency and diligence. They sought to avoid piecemeal amendments

5

by deferring their request until they received the discovery that Defendants had agreed to produce. Only after Defendants failed to comply with the Court's order compelling production of critical disclosures and documents (Docs. #136, #140) did Plaintiffs proceed with this motion – despite being prejudiced by that noncompliance. Plaintiffs further demonstrated good faith by conferring with defense counsel before filing. This motion is not brought for strategic advantage, but to ensure that the proper parties are named based on the best information currently available. Accordingly, the fourth and final factor also weighs in favor of granting leave to amend.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that this Court grant their motion for leave to file their Third Amended Complaint and concurrently allow Plaintiffs to file their Third Amended Complaint, which is attached to the motion as Exhibit 1.

*Respectfully submitted,*

/s/ Ben Stelter-Embry
Ben Stelter-Embry   MO #65404
EMBRY LAW, LLC
801 W. 47th St., Suite 219
Kansas City, MO 64112
P. (913) 231-9396
ben@embry-law.com

/s/ Andrew M. Stroth
Andrew M. Stroth
ACTION INJURY LAW GROUP
22 W. Washington Street, #1600
Chicago, IL 60602
P. (844) 878-4529
astroth@actioninjurylawgroup.com

/s/ Steven Hart

6

Steven Hart
James Ormond
HART MCLAUGHLIN & ELDRIDGE, LLC
22 W. Washington Street, #1600
Chicago, IL 60602
P. (312) 955-0545
shart@hmelegal.com
jormond@hmelegal.com

/s/ Larry Disparti
Larry Disparti
DISPARTI LAW, LLC
121 W. Wacker Drive, Suite 2300
Chicago, IL 60601
P: (312) 506-5511
ldisparti@dispartilaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this 4th day of August, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

/s/ *Ben Stelter-Embry*
**Attorney for Plaintiff**