**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| **DORIS ANN SCOTT and ORIEL MOORE,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) **Case No.2:24-CV-04107-MDH** |
| | ) |
| **CENTURION OF MISSOURI, LLC, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFFS' MOTION FOR ATTORNEY'S FEES**

Plaintiffs, Doris Ann Scott and Oriel Moore, respectfully submit this Motion for Attorney's Fees and Costs pursuant to Federal Rule of Civil Procedure 37(a)(5) and the Court's Order directing Plaintiffs to file their fee submission in connection with their successful Motion to Compel. (Doc. 143).

In that Order, the Court found that Defendant Foley failed to comply with the Court's June 23, 2025, discovery Order and failed to serve Rule 26(a)(1) disclosures, responses to Plaintiffs' First Requests for Production, or interrogatory responses by the deadlines ordered. *Id.* As a result—and in accordance with Rule 37(a)(5)—the Court ordered Plaintiffs to submit their attorney's fees and expenses incurred in bringing the Motion to Compel. Plaintiffs now do so.

**I.     Plaintiffs' requested attorneys' fees represent a reasonable lodestar under Rule 37(a)(5).**

Under Rule 37(a)(5)(A), when a motion to compel is granted, "the court must … require the party … whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless one of three narrow exceptions applies. None does here. Defendant Foley did not act substantially justified; he directly violated a prior Court order, and he did not oppose the Motion to Compel.

1

The lodestar method—reasonable hours multiplied by a reasonable hourly rate—governs the calculation of fees awarded under Rule 37. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Plaintiffs' counsel's hourly rate and the hours expended in preparing, finalizing, and filing the Motion to Compel are reasonable and well supported.

### A. Counsel's hourly rate is reasonable.

Several years ago, in *Toigo v. Department of Health & Senior Services*, Judge Nanette Laughrey awarded Mr. Stelter-Embry an hourly rate of $325 in a successful dormant Commerce Clause civil rights action. *See* Judge Laughrey's Order at 5 (awarding "a rate of $325 … for Mr. Stelter-Embry's time"). That order is significant here because it identifies the prevailing market rates for constitutional litigators in Missouri and explains the framework for determining where Mr. Stelter-Embry's rate fits within that market.

In her order, Judge Laughrey surveyed comparable fee awards and noted that courts frequently approved hourly rates between $425 and $450 for experienced civil-rights litigators handling complex constitutional litigation. For example:

- *Chestnut v. Wallace*, 2020 WL 5801041, at 3 (E.D. Mo. Sept. 29, 2020) (approving $450 for attorney with 38+ years' experience),
- *Holland v. City of Gerald*, 2013 WL 1688300, at 4 (E.D. Mo. Apr. 18, 2013) (approving $450 for attorneys with 30+ years' experience), and
- *Republican Party of Minn. v. White*, 456 F.3d 912 (8th Cir. 2006) (approving $400–$425 for First Amendment specialists).

Judge Laughrey concluded that because those attorneys had more experience, the appropriate rate at that earlier time was $325. Today, however, circumstances have materially changed:

1. Mr. Stelter-Embry's experience level is now higher than at the time Judge Laughrey set his rate. He has now litigated multiple federal constitutional and civil rights matters—including *Toigo*, this case, and numerous § 1983 wrongful death cases—at a more advanced stage of his career.
2. Judge Laughrey's own framework places the current reasonable rate for an attorney of his skill and experience in the $425 range. Her order identifies $425–$450 as the standard range for experienced civil-rights litigators. At the time, Mr. Stelter-Embry's level of experience placed him below that tier; today, it places him squarely within it.

2

Accordingly, a $425 hourly rate is well supported by Eighth Circuit authority, by Judge Laughrey's detailed market analysis, and by the demonstrable growth in counsel's experience since that award.

**B. The hours expended were necessary and reasonable.**

Plaintiffs request compensation for the time necessarily spent preparing the Motion to Compel, including review of Defendant Foley's non-compliance, drafting the motion and suggestions in support, preparing exhibits, and engaging in communications with opposing counsel and the Court required before filing. A detailed billing record is attached as Exhibit A.

**C. Computation of the lodestar.**

The lodestar calculation is straightforward:

- Hourly rate: $425

- Compensable hours: 7.3

- Total lodestar: $3,102.50

These fees were incurred solely because Defendant Foley disregarded both his obligations under the Federal Rules and the Court's June 23, 2025, discovery Order. No reduction is warranted. Plaintiffs achieved complete success on the Motion to Compel, and the Court's Order confirms that Defendant Foley's conduct necessitated the motion.

For the foregoing reasons, Plaintiffs respectfully request an award of attorney's fees in the amount of $3,102.50.

*Respectfully submitted,*

/s/ *Ben Stelter-Embry*
Ben Stelter-Embry       MO #65404
EMBRY LAW, LLC
801 W. 47th St., Suite 401
Kansas City, MO 64112
P. (913) 231-9396
ben@embry-law.com

3

/s/ *Andrew M. Stroth*
Andrew M. Stroth
ACTION INJURY LAW GROUP
22 W. Washington Street, #1600
Chicago, IL 60602
P. (844) 878-4529
astroth@actioninjurylawgroup.com

/s/ *Steven Hart*
Steven Hart
James Ormond
HART MCLAUGHLIN & ELDRIDGE, LLC
22 W. Washington Street, #1600
Chicago, IL 60602
P. (312) 955-0545
shart@hmelegal.com
jormond@hmelegal.com

/s/ *Larry Disparti*
Larry Disparti
DISPARTI LAW, LLC
121 W. Wacker Drive, Suite 2300
Chicago, IL  60601
P: (312) 506-5511
ldisparti@dispartilaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

/s/ *Ben Stelter-Embry*
**Attorney for Plaintiff**

4