# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| DORIS ANN SCOTT AND ORIEL MOORE, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )    Case No. 2:24-cv-04107-MDH |
| | ) |
| TREVOR FOLEY, in his official and individual capacity as DIRECTOR of the MISSOURI DEPARTMENT OF CORRECTIONS, et al., | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant Long's Motion to Dismiss *Counts III, VIII, IX, XII and XIII of Plaintiff's Third Amended Complaint*. (Doc. 157). Plaintiffs have filed suggestions in opposition (Doc. 166) and Defendant Long has replied (Doc. 167). Thus, the motion is now ripe for adjudication.

Defendant Long argues Plaintiffs' Third Amended Complaint does not allege sufficient facts to demonstrate that Defendant Long was deliberately indifferent to Othel Moore's serious medical needs, Plaintiffs lack standing to bring claims under R.S.Mo. § 537.020, and causes of action against health care providers like Defendant Long for the alleged failure to render health care services are limited to a statutory cause of action pursuant to R.S.Mo. § 538.210 which is not pled in Plaintiff's Third Amended Complaint. Plaintiffs argue they sufficiently plead facts, adequately plead claims for negligence and emotional distress, and have standing to bring their claims. For reasons herein, Defendant's Motion is **GRANTED in part and DENIED in part**.

## BACKGROUND

This case arises out of events that took place in a Missouri Department of Corrections facility, Jefferson City Correctional Center ("JCCC") on December 8, 2023. Othel Moore, Jr. was an inmate at JCCC on that date. The MDOC Corrections Emergency Response Team ("CERT") is a tactical squad trained to handle disturbances and emergency situations within correctional facilities. In the early morning hours of December 8, 2023, the CERT unit initiated unscheduled, random cell inspections at JCCC in the Housing Unit 7 B-Wing where Moore was detained. At approximately 7:32 a.m., the CERT unit extracted Moore from his cell with his hands in restraints. The encounter escalated and Moore was pepper sprayed and escorted to the "day room" where he would be placed in a WRAP restraint device. After the WRAP restraint was in place, Moore began spitting on the floor because of the pepper spray in his mouth. At that point, a spit hood was placed over his head, and then a helmet. Plaintiffs allege severe respiratory distress was obvious.

After the helmet was placed, Moore was transported into a "dry cell" in Housing Unit 8. Moore was placed in the cell at 7:50 a.m. Around 8:13 a.m., Moore stopped moving. Ten minutes later, Defendant Officer Bradshaw, accompanied by Defendant Long, unlocked the cell and checked on Moore. Defendant Long was not a member of the CERT unit. Defendant Long was a licensed practical nurse employed by Centurion of Missouri, LLC. Her first interaction with Moore was after 8:20 a.m. that day when she went to check on Moore.

Defendant Long attempted multiple times to assess Moore's condition while he was restrained in the WRAP device. She adjusted his spit mask and head, but his head repeatedly fell limp, showing no voluntary movement. Long checked for a pulse in his feet and neck, administered a sternum rub, and tried to use a pulse oximeter, but Moore remained unresponsive. His hands were inaccessible due to their positioning, and his body showed no reaction to stimuli. At 8:25 a.m., Long exited the cell while Defendant Bradshaw remained nearby. Over two minutes later,

other officers entered and also attempted a sternum rub, with no response. A strap was released, causing Moore's upper body to fall back, and he was wheeled out still restrained. By 8:29 a.m., Moore was taken to the Emergency Room and removed from the WRAP device. He was declared dead later that morning.

Plaintiffs allege Long violated MDOC policy by failing to signal a "Code 16" in which medical staff are notified of a medical emergency. Investigation found that Long and officers were aware that Moore was unresponsive but failed to take appropriate action. (Doc. 152 at ¶ 91).

## STANDARD OF REVIEW

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

I. **Count III – 42 USC § 1983 – Eighth Amendment – Deliberate Indifference**

Count III is based on violations of 42 U.S.C. § 1983 stemming from Defendant Long allegedly exhibiting deliberate indifference to the health and safety of Moore, by failing to take appropriate actions despite knowing the serious risks involved. (Doc. 152 at ¶133).

To prevail on an Eighth Amendment claim for deprivation of medical care a Plaintiff must show that the prison official was deliberately indifferent to the inmate's serious medical needs. *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). This requires a two-part showing that (1) the inmate suffered from an objectively serious medical need, and (2) the prison official knew of the need yet deliberately disregarded it. *Id*.

Defendant Long argues Plaintiffs' allegations fail to establish deliberate indifference to Moore's condition. She argues Plaintiffs' allegations state that multiple defendants, but not Defendant Long, watched Moore's condition deteriorate without initiating a "Code 16." (Doc. 152 at ¶¶ 64-65). Moreover, when Defendant Long did come onto the scene, Plaintiffs' Petition demonstrates that Defendant Long attempted to perform assessments on Moore, including checking for responsiveness, checking his pulse, administering a sternum rub, attempting to place a pulse oximeter, and placing her hand on his neck. (Doc. 152 at ¶¶ 67-73). Plaintiffs argue that Defendant Long's conduct meets the objective and subjective criterion for deliberate indifference.

At the motion to dismiss stage, viewing in a light most favorable to the Plaintiffs, the Court finds that Plaintiffs allege facts sufficient to state a claim for deliberate indifference. Plaintiffs allege, "[t]he investigation found that they (Defendant Long and others) were all aware that Moore was unresponsive but failed to take appropriate action." (Doc. 152 at ¶91). Accepting that allegation as true, Plaintiffs have alleged sufficient facts to state a claim for deliberate indifference at the motion to dismiss stage. Defendant Long's Motion to Dismiss Count III – Deliberate Indifference is **DENIED.**

## II. Count VIII – Wrongful Death

Count VIII is based on wrongful death pursuant to R.S.Mo. § 537.080(1) stemming from Defendant Long's conduct outlined above. Defendant Long argues that Plaintiffs' allegations fail to allege facts supporting a claim that Defendant Long directly caused or directly contributed to cause Othel Moore's Death.

To establish a claim for wrongful death, a plaintiff must show that, but for the defendant's actions or inactions, the decedent would not have died. *Sundermeyer v. SSM Reg'l Health Servs.*, 271 S.W.3d 552, 554 (Mo. 2008). To show causation, a plaintiff must show that the negligence of the defendant "directly caused" or "directly contributed to cause" the death. *Rhoden v. Missouri Delta Med. Ctr.*, 621 S.W.3d 469, 484 (Mo. 2021). That is, the defendant's negligence must be the proximate cause of the decedent's death. *Kivland v. Columbia Orthopaedic Grp., LLP*, 331 S.W.3d 299, 309 (Mo. 2011). Proximate cause is a question for the court, and it requires plaintiffs to establish by evidence that the death suffered was "the natural and probable consequence of defendant's conduct." *Id*. (citations omitted). If this evidence is not offered or is insufficient, plaintiffs have not made a submissible case. *Id*.

Defendant Long argues Plaintiffs do not allege facts establishing that Defendant Long's alleged negligence or deliberate indifference was the proximate cause of Othel Moore's death. Plaintiffs argue Defendant Long arrived at a pivotal moment, with Othel Moore's condition rapidly deteriorating, yet that decline may have been redeemable if he had received medical care.

At the motion to dismiss stage, viewing in a light most favorable to the Plaintiff, the Court finds that Plaintiffs have alleged sufficient facts to state a claim that Defendant Long's alleged negligence or deliberate indifference was the proximate cause of Othel Moore's death. Plaintiffs

have alleged facts that show a delay in medical attention while Othel Moore was deteriorating rapidly. (Doc. 152 at ¶¶ 67-74, 91). Accepting those facts as true, Defendant Long's Motion to Dismiss Count VIII – Wrongful Death is **DENIED.**

### III. Count IX, XII, and XIII – Negligence, IIED, and NIED Standing

Count IX is based on negligence stemming from Defendant Long's conduct, Count XII is based on Intentional Infliction of Emotional Distress, and Count XIII is based on Negligent Infliction of Emotional Distress. Defendant Long argues that neither plaintiff has been appointed as the personal representative of Othel Moore by the probate division of the circuit court. As such, Plaintiffs lack standing to bring claims under R.S.Mo. § 537.020. Plaintiffs argue that they bring their claims under R.S.Mo. § 537.080, the wrongful death statute, rather than R.S.Mo. § 537.020, the survivorship statute because the acts alleged in this case resulted in death. They argue the wrongful death statute allows surviving family members to bring a tort claim "[w]henever the death of a person results from any act" that would have entitled the deceased to recover damages "if death had not ensued." R.S.Mo §537.080.1.

The Court finds Negligence, NIED, and IIED are claims that Decedent could have asserted had he survived, not a wrongful death claim, and thus must be brought pursuant to R.S.Mo. § 537.020. As Plaintiffs are not Decedent's personal representative and none have been appointed as plaintiff ad litem, at this time, Plaintiffs lack standing to bring the Negligence, NIED, and IIED claims. However, the claims will be dismissed without prejudice. Plaintiffs may amend the pleadings or, alternatively, seek appointment as personal representatives. For the reasons stated herein, Defendant Long's Motion to Dismiss Counts IX, XII, and XIII is **GRANTED**. Counts IX, XII, and XIII are hereby dismissed without prejudice as to all Defendants.

## CONCLUSION

For the reasons stated herein, Defendant Long's Motion to Dismiss is **GRANTED** in part and **DENIED** in part. The Motion to Dismiss Counts III and VIII as to Defendant Long is **DENIED**. The Motion to Dismiss Counts IX, XII, and XIII is **GRANTED**. Counts IX, XII, and XIII are hereby dismissed *without prejudice* as to all Defendants.[1]

**IT IS SO ORDERED**.

DATED: January 29, 2026

                                                       */s/ Douglas Harpool*
                                                      **DOUGLAS HARPOOL**
                                                      **UNITED STATES DISTRICT JUDGE**

---

[1] As the Court finds that Plaintiffs currently lack standing to bring Counts IX, XII, and XIII against any defendant, these claims are dismissed without prejudice as to all Defendants.