IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| **DORIS ANN SCOTT, *et al.*,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:24-cv-04107-MDH** |
| | ) | |
| **TREVOR FOLEY, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Before the Court is Defendants Foley and Precythe's Motion for Judgment on the Pleadings. (Doc. 191). Also before the Court is Defendant Falkenrath's Motion for Judgment on the Pleadings. (Doc. 198). Defendants Foley and Precythe filed Suggestions in Support (Doc. 192), Plaintiffs filed Suggestions in Opposition (Doc. 195), and Defendants filed a reply (Doc. 201). Likewise, Defendant Falkenrath filed Suggestions in Support of her motion (Doc. 198), Plaintiffs filed Suggestions in Opposition (Doc. 202), and Defendant filed a reply (Doc. 203). The motions are now ripe for adjudication on the merits. For the reasons stated herein, Defendants Foley and Precythe's Motion for Judgment on the Pleadings is **GRANTED** as to Count V and **DENIED** as to Counts VI, VII, VIII, XIV, and XV. Defendant Falkenrath's Motion for Judgment on the Pleadings is **GRANTED** as to Count V and **DENIED** as to Counts VI, VII, VIII, XIV, and XV.

**BACKGROUND**

This case arises out of events that took place in Jefferson City Correctional Center ("JCCC"), a Missouri Department of Corrections ("MDOC") facility, on December 8, 2023. Othel Moore, Jr. was an inmate at JCCC on that date. Defendant Trevor Foley is the current Director of

MDOC. Defendant Anne Precythe was his predecessor. Defendant Doris Falkenrath was the warden of JCCC on December 8, 2023. Plaintiffs' operative complaint asserts fifteen counts, seven of which are directed at Defendants Precythe and Foley, spanning federal § 1983 theories and state-law torts. Plaintiffs assert seven counts against Defendant Falkenrath also alleging federal § 1983 theories and state-law torts. Claims against all three Defendants concern a use of force incident against Othel Moore, Jr. and the circumstances surrounding his subsequent death on December 8, 2023.

The MDOC Corrections Emergency Response Team ("CERT") is a tactical squad trained to handle disturbances and emergency situations within correctional facilities. Plaintiffs' pleading asserts that in the early morning hours of December 8, 2023, the CERT unit initiated unscheduled, random cell inspections at JCCC in the Housing Unit 7 B-Wing where Moore was detained. Assuming the facts pled are accurate, the CERT unit extracted Moore from his cell with his hands restrained behind his back at approximately 7:32 a.m. They then pepper sprayed Moore in the face. On their way to the stairs, officers slammed his head onto the concrete floor and then pepper sprayed him in the face a second time. They escorted Moore to the "day room," where they placed him in a WRAP restraint device. Plaintiffs further assert that after the WRAP restraint was in place, Moore began spitting on the floor because of the pepper spray in his mouth. Officers placed a spit hood over his head and then a helmet. Plaintiffs allege that severe respiratory distress was obvious. After the helmet was placed, Moore was transported into a "dry cell" in Housing Unit 8. Officers locked the cell door at 7:50 a.m. Around 8:13 a.m., Moore stopped moving.

Plaintiffs state he sat partially reclined but hunched forward, unable to move, for more than thirty minutes without any medical check-in. According to Plaintiffs, several officers occasionally peered through the cell window as Moore pled for help. They took no action. He was declared

dead later that morning. Othel Moore, Jr.'s cause of death was "positional asphyxia with aspiration of gastric contents [vomit]." The medical examiner classified it as a homicide.

Plaintiffs, Moore's mother and sister, allege that this series of events and violations was the direct result of unconstitutional policies and procedures at JCCC, plus an ongoing pattern of insufficient staff and intentionally neglectful behavior. They also contend that because of Defendants Foley and Precythe's involvement in and knowledge of MDOC unconstitutional policies, executed at JCCC prior to and on December 8, 2023, all of Plaintiffs' claims against them survive. Likewise, Plaintiffs argue that because of Defendant Falkenrath's direct involvement in and knowledge of unconstitutional policies at JCCC, which resulted in Othel Moore, Jr.'s death on December 8, 2023, all of Plaintiffs' claims against Defendant Falkenrath survive.

## STANDARD

A party may file a motion for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). The same legal standard used to evaluate a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) applies to a motion for judgment on the pleadings. *See Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012). When determining whether a complaint states a facially plausible claim, a district court accepts the factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *See Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). Factual allegations must "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Legal conclusions couched as factual allegations may be disregarded. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ANALYSIS

The Court first gives an overview of Defendants' respective arguments. It then addresses the federal claims brought against both sets of Defendants before doing the same for the state claims.

## I. **Defendants' Arguments**

Defendants Foley and Precythe argue that (1) to the extent Defendant Precythe can be held liable for events that occurred while she was no longer an employee of MDOC, judgment on the pleadings is warranted because sovereign immunity bars Plaintiffs' official-capacity § 1983 claims against Defendants Foley and Precythe; (2) official immunity bars Plaintiffs' state-law wrongful death and negligence-based claims against Defendants Foley and Precythe; (3) Plaintiffs lack standing; (4) Plaintiffs' *Monell* theories are not actionable against Defendants Foley and Precythe and otherwise fail; (5) the operative pleading does not plausibly allege deliberate indifference and supervisory liability; and (6) qualified immunity disposes of Counts VI and VII.

Defendant Falkenrath argues that judgment on the pleadings is warranted because (1) *Monell* claims do not apply to either state entities or individuals; (2) plaintiffs lack standing to pursue injunctive and declaratory relief; (3) allegations of unconstitutional policy, practice, or custom are insufficient to state a claim; (4) allegations of supervisory liability and failure to train are insufficient to state a claim; (5) Defendant Falkenrath is entitled to qualified immunity; (6) Plaintiffs' wrongful death claim does not survive; (7) Ms. Moore is not a proper plaintiff; (8) Defendant Falkenrath is not liable for the negligent acts of other Defendants; (9) Defendant Falkenrath is entitled to official immunity on state law negligence claims; and (10) Defendant Falkenrath does not have the authority to retain contractors.

## II. **Federal Claims**

### A. Count V – 42 U.S.C. § 1983 – Unconstitutional Policy of Deliberate Indifference (*Monell*)

Count V – Unconstitutional Policy of Deliberate Indifference (*Monell*) brings claims under 42 U.S.C. § 1983. Plaintiffs allege MDOC had a policy, practice, and/or custom of permitting their officers, specifically CERT, to use excessive and disproportionate force against inmates without just cause or provocation. Additionally, Plaintiffs contend Defendants Foley, Precythe, and Falkenrath had a policy, pattern, and/or practice of understaffing JCCC with correctional officers and/or medical and nursing staff; and such policy, pattern, and/or practice resulted in regular, systemic understaffing at JCCC in relevant respects. Count V seeks declaratory and injunctive relief as well as costs and attorneys' fees against Foley, Precythe, and Falkenrath. Count V is brought against these Defendants in their official capacities only.

Defendants state that former director Precythe resigned from her role at MDOC on December 5, 2023, three days before the death of Othel Moore, Jr., and cannot effectuate any policy change or oversee the enforcement of any court-ordered injunction on behalf of the department. Fed. R. Civ. P. 25(d) provides that upon separation from office, "[t]he officer's successor is automatically substituted as a party." For these reasons, Defendant Precythe shall be **DISMISSED** from Count V of Plaintiffs' Third Amended Complaint to the extent Plaintiffs seek injunctive and declaratory relief from Precythe.

#### *i. Defendant Foley*

##### 1. <u>Sovereign Immunity</u>

Defendant Foley argues that actions against state officials acting in their official capacity are proscribed by sovereign immunity. Plaintiffs counter that a state official, when sued for

injunctive relief, is not protected by sovereign immunity because official-capacity actions for prospective relief are not treated as actions against the State.

Federal actions against the State of Missouri and its agencies are proscribed by Eleventh Amendment immunity in the absence of their consent to the same. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984).[1] Official-capacity claims against state officials are claims against the State, and because states are not persons under § 1983, Eleventh Amendment immunity bars these claims. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 71 (1989). However, official-capacity claims for injunctive relief are seen as suits against a person under § 1983 because "official-capacity actions for prospective relief are not treated as actions against the State." *Id.* at 71, n. 10 (internal quotation marks and citation omitted).

At all relevant times, Defendant Foley was a state official performing official duties for the Missouri Department of Corrections. Further, Defendant Foley, as a state official acting in his official capacity, has not consented to this suit or otherwise indicated an intent to submit to this Court's jurisdiction. *See McKlintic v. 36th Jud. Cir. Ct.*, 508 F.3d 875, 877 (8th Cir. 2007) (requiring a state's voluntarily invocation of federal jurisdiction or clear declaration of intent to submit itself to federal jurisdiction). To the extent Plaintiffs seek monetary relief from Defendant Foley in his official capacity, Eleventh Amendment immunity bars such relief because a suit against a defendant in his official capacity is a suit against the State. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

**2. <u>Mootness and Standing</u>**

[1] While courts in other districts may, and the parties in this case do, refer to this immunity as "sovereign immunity," the immunity derives from the Eleventh Amendment to the U.S. Constitution; therefore, this Court will refer to it as "Eleventh Amendment immunity."

Defendant Foley further argues that any claim for injunctive relief in Plaintiffs' Count V is moot because Othel Moore, Jr. is deceased. Plaintiffs respond that their request for prospective injunctive relief is not moot because it is based on the same conduct that caused his death and seeks to ensure that those unconstitutional policies and practices are discontinued so that other inmates are not subjected to the same fatal risk. Defendant Foley also contends that Plaintiffs lack standing to bring a claim for injunctive relief on behalf of a class of persons, such as other institutionalized persons at JCCC or elsewhere within MDOC, because a class action is only permissible if the named plaintiff(s) have standing.

"A 'deceased' is not a 'person' for the purposes of 42 U.S.C. §§ 1983 and 1985, nor for the constitutional rights which the Civil Rights Act serves to protect." *A.A. ex rel. Grady v. City of Florissant*, No. 4:15–CV–523 (CEJ), 2015 WL 5561830, at *4 (E.D. Mo. Sept. 21, 2015) (quoting *Guyton v. Phillips*, 606 F.2d 248, 250 (9th Cir. 1979) (external quotations omitted). A claim cannot be brought on behalf of someone who is deceased regarding violation of his constitutional rights that happened after he passed away. *Id.* (citing *Guyton v. Phillips*, 606 F.2d 248, 250 (9th Cir. 1979)). Moore died prior to the filing of this lawsuit and is no longer subject to any alleged unconstitutional policy, practice, or custom at JCCC of which Defendant Foley has any control. Therefore, Plaintiffs lack standing for injunctive relief because there is no reasonable expectation that the wrong will be repeated against Moore.

A class action may only go forward if the named plaintiff(s) have standing. *Sims v. Kahrs Law Offices, P.A.*, No.: 4:24-CV-00347, 2025 WL 3724927, at *2 (W.D. Mo. Feb. 3, 2025); *see also Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999). Plaintiffs lack standing as to prospective injunctive relief for Moore, and thus they cannot assert relief on behalf of a class.

**3. <u>Grounds for Dismissal of Count V as to Defendants Foley and Precythe</u>**

To the extent Plaintiffs seek monetary relief from Defendant Foley in his official capacity, Eleventh Amendment immunity bars such relief. Plaintiffs lack standing for injunctive relief because Moore, as decedent, cannot benefit from any injunctive relief granted because there is no reasonable expectation that the wrong will be repeated. Since Plaintiffs lack standing for injunctive relief, they cannot assert relief on behalf of a class. Therefore, Defendant Foley's Motion for Judgment on the Pleadings as to Count V – Unconstitutional Policy of Deliberate Indifference (*Monell*) is **GRANTED**. Count V against Defendant Foley is hereby **DISMISSED WITHOUT PREJUDICE**.[2]

***ii. Defendant Falkenrath***

In support of her Motion for Judgment on the Pleadings as to Count V, Defendant Falkenrath brings forth arguments similar to those brought by Defendant Foley. The reasoning stated above as to Defendant Foley applies equally to Defendant Falkenrath as the former warden of JCCC. To the extent Plaintiffs seek monetary relief from Defendant Falkenrath in her official capacity, Eleventh Amendment immunity bars such relief. Plaintiffs lack standing for injunctive relief because Moore, as decedent, cannot benefit from any injunctive relief granted as there is no reasonable expectation that the wrong will be repeated. Because Plaintiffs lack standing for injunctive relief, Plaintiffs cannot assert relief on behalf of a class. Therefore, Defendant Falkenrath's Motion for Judgment on the Pleadings as to Count V – Unconstitutional Policy of

[2] Since the Court dismisses Count V against Defendant Foley on these grounds and Defendant Precythe was dismissed from this claim above, the Court does not reach Defendants Foley and Precythe's arguments regarding failure to state a claim and *Monell* liability.

Deliberate Indifference (*Monell*) is **GRANTED**. Count V against Defendant Falkenrath is hereby **DISMISSED WITHOUT PREJUDICE**.[3]

### B. Counts VI and VII – 42 U.S.C. § 1983 – Supervisory Liability and Deliberate Indifference – Failure to Train

Count VI – Supervisory Liability alleges claims under 42 U.S.C. § 1983 against Defendants Foley, Precythe, and Falkenrath in their individual capacities. Count VII – Deliberate Indifference – Failure to Train additionally alleges claims under 42 U.S.C. § 1983 against Defendants Foley, Precythe, and Falkenrath in their individual capacities. Defendants argue these claims are barred by qualified immunity. Plaintiffs argue qualified immunity does not protect supervising officials who were on notice of a pattern of unconstitutional conduct and were deliberately indifferent to or authorized the conduct.

"[V]icarious liability is inapplicable to [42 U.S.C.] § 1983 suits." *Marsh v. Phelps Cty.*, 902 F.3d 745, 754 (8th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Rather, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) (internal quotations and citation omitted). "[A] supervising officer can be liable for an inferior officer's constitutional violation only if [the supervising officer] directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (internal quotations and citation omitted); *see also Morris v. Cradduck*, 954 F.3d 1055, 1060 (8th Cir. 2020) ("To state a claim against a supervisor, a plaintiff must show that the supervising official, through his own individual actions, violated the Constitution."). In suits against supervising officials for failure to train or supervise an inferior officer, supervising officials are

[3] Since the Court dismisses Count V against Defendant Falkenrath on these grounds, the Court does not reach Defendant Falkenrath's arguments regarding qualified immunity and failure to state a claim.

"entitled to qualified immunity unless plaintiff proves that the supervisor (1) received notice of a pattern of unconstitutional acts committed by a subordinate, and (2) was deliberately indifferent to or authorized those acts." *Marsh v. Phelps Cty.*, 902 F.3d at 754 (quoting *Krigbaum*, 808 F.3d at 340) (internal quotation marks omitted). "This rigorous standard requires proof that the supervisor had notice of a pattern of conduct by the subordinate that violated a clearly established constitutional right." *Krigbaum*, 808 F.3d at 340.

***i. Defendants Foley and Precythe***

Plaintiffs contend they have plausibly alleged that Defendants Foley and Precythe turned a blind eye to MDOC employees' conduct as it relates to unconstitutional use of force and medical assistance policies regularly executed at JCCC. Defendants Foley and Precythe respond that Plaintiffs have not identified any prior incidents where an inmate was injured as a result of excessive force and failure to provide medical assistance. Plaintiffs point out that discovery remains ongoing and depositions of Defendants and others have not yet occurred.

At this stage, accepting all well-pleaded facts as true and drawing every reasonable inference in Plaintiffs' favor, it is plausible that Defendants, as MDOC Directors, at the very least turned a blind eye to their subordinates' unconstitutional acts carried out pursuant to the unconstitutional policies sanctioned by Defendants. As such, Judgment on the Pleadings as to qualified immunity is not proper at this time. Defendants Foley and Precythe's Motion as to Counts VI – Supervisory Liability and VII – Deliberate Indifference – Failure to Train is hereby **DENIED**.

***ii. Defendant Falkenrath***

Plaintiffs likewise contend they have plausibly alleged that Defendant Falkenrath turned a blind eye to her subordinates' conduct as it relates to unconstitutional use of force and medical assistance practices at JCCC. Defendant Falkenrath argues that Plaintiffs do not assert any facts showing how Defendant Falkenrath participated in the use of force against Moore, that she gave any directions to anyone to engage in the use of force, or that she had knowledge of and acquiesced in the use of force. Plaintiffs counter that it is plausible Defendant Falkenrath was on notice of a pattern of unconstitutional polices as JCCC Warden.

At this stage, accepting all well-pleaded facts as true and drawing every reasonable inference in Plaintiffs' favor, it is plausible that Defendant Falkenrath, as the warden of JCCC at the time of the incident, at the very least turned a blind eye to her subordinates' unconstitutional acts carried out pursuant to the unconstitutional policies she sanctioned. As such, Judgment on the Pleadings as to qualified immunity is not proper at this time. Defendant Falkenrath's Motion as to Counts VI – Supervisory Liability and VII – Deliberate Indifference – Failure to Train is hereby **DENIED**.[4]

## III. <u>State Claims</u>

### A. Counts VIII, IX, XIV, and XV – Wrongful Death, Negligence, Negligent Training/Supervision, and Negligent Retention of Private Contractor

Plaintiffs' Counts VIII – Wrongful Death and IX – Negligence allege state law claims against Defendants Foley, Precythe, and Falkenrath in their individual capacities. Counts XIV – Negligent Training/Supervision and XV – Negligent Retention of Private Contractor bring state law claims against only Defendants Precythe and Falkenrath in their individual capacities. Defendants Foley and Precythe argue that their conduct was discretionary and lacked malice, and

[4] Since the Court denies Defendant Falkenrath's Motion as to Counts VI and VII on these grounds, the Court does not reach Defendant Falkenrath's argument regarding failure to state a claim.

thus they are entitled to official immunity on all four counts. Defendant Falkenrath contends she is entitled to official immunity as to Counts IX, XIV, and XV. Plaintiffs argue each specific act of which they complain that was carried out by Defendants Foley and Precythe can be categorized as either discretionary and performed with malice or as ministerial, and that neither category entitles Defendants to official immunity. Plaintiffs further assert that Defendant Falkenrath acted with malice in her discretionary conduct; therefore, she is not entitled to official immunity.

"Official immunity protects public officials sued in their individual capacities from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts." *State ex rel. Helms v. Rathert*, 624 S.W.3d 159, 163 (Mo. 2021) (quotation marks and citation omitted). The doctrine of official immunity provides immunity from suit and not just judgment. *State ex rel. Barron v. Beger*, 655 S.W.3d 356, 360 (Mo. 2022) (quoting *Helms*, 624 S.W.3d at 163).

In Missouri, a narrow exception to official immunity applies when a public officer fails to perform a ministerial duty required by statute or regulation. *State ex rel. Alsup v. Kanatzar*, 588 S.W.3d 187, 191 (Mo. 2019). However, this exception does not apply to discretionary acts. *Southers v. City of Farmington*, 263 S.W.3d 603, 610 (Mo. 2008). "A discretionary act requires the exercise of reason in the adaptation of means to an end and discretion in determining how or whether an act should be done or course pursued." *Id.* A ministerial act, in contrast, is an act "to be performed upon a given state of facts in a prescribed manner in obedience to the mandate of legal authority, and without regard to [the public official's] judgment or opinion concerning the propriety or impropriety of the act to be performed." *Helms*, 624 S.W.3d at 163 (quoting *Alsup*, 588 S.W.3d at 191) (alteration in original). A ministerial act is "clerical" and does not leave "any

room whatsoever for variation in when and how a particular task can be done." *Alsup*, 588 S.W.3d at 191 (quotation marks omitted); *Helms*, 624 S.W.3d at 163.

Another exception to official immunity under Missouri law exists when a public official acts with malice. *See Laughlin v. Perry*, 604 S.W.3d 621, 625 (Mo. 2020), quoting *Alsup*, 588 S.W.3d at 190. An official acts with malice if the official had an actual intent to injure the plaintiff. *State ex rel. Love v. Cunningham*, 689 S.W.3d 489, 498 (Mo. 2024). Reckless or gross negligence does not amount to malice.[5] *Id.* ("Malice…is the only mental state to which official immunity does not apply under Missouri law."); *see also Carlton v. Means*, 688 S.W.3d 625, 631 (Mo. App. E.D. 2024) (distinguishing Missouri's exception for malice from the exception for "recklessness or gross negligence" recognized in other jurisdictions) (citing *Southers*, 263 S.W.3d at 610–11, n. 1.

Count IX – Negligence has already been dismissed without prejudice as to all Defendants pursuant to this Court's Order on January 29, 2026. (Doc. 179). Therefore, the Court will not address Count IX below.

### ***i. Defendants Foley and Precythe***

Count VIII alleges a wrongful death claim against Defendants Foley and Precythe. Plaintiffs argue that Defendants' ratification of MDOC raids at MDOC facilities, which Plaintiffs contend resulted in frequent, unjustifiably excessive uses of force on inmates, meets the malice criteria, and that post-use-of-force medical care obligations are ministerial and mandatory.

As to the malice element, the finding of malice requires intent and a factual inquiry. At this stage in the proceedings, an analysis of malice would be inappropriate. Discovery is still ongoing in this case, and the factual inquiry would be more appropriate at summary judgment.

[5] "Missouri does not recognize a cause of action for gross negligence . . . ." *Love*, 689 S.W.3d at 497.

Plaintiffs have likewise alleged conduct deemed ministerial, which requires no showing of malice. Defendants argue Plaintiffs do not plead any non-discretionary or prescribed duty applicable to Foley or Precythe. It appears to this Court that discovery on these topics will clarify what, if any, judgment and latitude go into these duties. As such, at this time, judgment on the pleadings as to official immunity for Count VIII – Wrongful Death is not proper. Defendants Foley and Precythe's Motion as to Count VIII is **DENIED**.

For the same reasons stated above, Judgment on the Pleadings as to official immunity for Counts XIV – Negligent Training/Supervision and XV – Negligent Retention of Private Contractor is inappropriate. Defendants Foley and Precythe's Motion as to Counts XIV and XV is **DENIED**.

***ii. Defendant Falkenrath***

Count VIII alleges a wrongful death claim against Defendant Falkenrath. Defendant Falkenrath argues that Plaintiffs fail to state a claim for which relief may be granted and that Ms. Moore, Mr. Moore's sister, is an improper plaintiff and should be dismissed. Plaintiffs assert that they have properly stated a claim and that Ms. Moore is a survivor of Mr. Moore and therefore is a proper party to the lawsuit.

Missouri law is clear that an action for wrongful death may only be brought "[b]y the spouse or children . . . or by the father or mother of the deceased . . . ." Mo. Rev. Stat. § 537.080.1(1). A sibling may only bring a wrongful death claim if there is no spouse, child, or parent of the deceased who can bring the action. § 537.080.1(2). Plaintiffs cite *Denton v. Soonattrukal*, which states, "it is well-settled that 'any person within the class of beneficiaries may bring a wrongful death suit . . . .'" 149 S.W.3d 517, 523 (Mo. Ct. App. 2004) (quoting *Fitzpatrick v. Hannibal Reg. Hosp.*, 922 S.W.2d 840, 844 (Mo. Ct. App. 1996)). However, in the immediately preceding sentence, that court points out "it must be remembered that the wrongful death act is 'an

entitlement statute, setting forth that group of persons—*spouse, children, and parents*—whose relationship to the decedent make their interest paramount . . . .'" *Id.* (quoting *Schiles v. Gaertner*, 659 S.W.2d 791, 793 (Mo. Ct. App. 1983)) (emphasis added). Ms. Scott is Mr. Moore's mother and one of the named Plaintiffs. Therefore, Ms. Moore is not a proper party to the wrongful death claim. Ms. Moore is hereby **DISMISSED** as a plaintiff on Count VIII.

The Court now analyzes Count VIII as brought by Ms. Scott only. Under Mo. Rev. Stat. § 537.080 (Missouri's wrongful death statute), "the right to sue for wrongful death is conditioned on the fact that the decedent could have maintained an action for damages for the injuries sustained had he or she survived." *Super v. White*, 18 S.W.3d 511, 515 (Mo. Ct. App. 2000). As discussed above, it is plausible at this stage that Mr. Moore could have maintained such an action had he lived through the events of December 8, 2023. Therefore, judgment on the pleadings is inappropriate at this time. Defendant Falkenrath's Motion for Judgment on the Pleadings as to Count VIII—specifically, as to Ms. Scott—is **DENIED**.

For the reasons stated above regarding official immunity as to Defendants Foley and Precythe, Judgment on the Pleadings as to official immunity for Counts XIV – Negligent Training/Supervision and XV – Negligent Retention of Private Contractor is inappropriate. Defendant Falkenrath's Motion as to Counts XIV and XV is **DENIED**.[6]

## CONCLUSION

WHEREFORE, for the reasons stated above, it is hereby **ORDERED** that Defendants Foley and Precythe's Motion for Judgment on the Pleadings is **GRANTED** as to Count V and **DENIED** as to Counts VI, VII, VIII, XIV, and XV; and that Defendant Falkenrath's Motion for

[6] Since the Court denies Defendant Falkenrath's Motion as to Counts XVI and XV on these grounds, the Court does not reach her arguments regarding the public duty doctrine and her authority to retain contractors.

Judgment on the Pleadings is **GRANTED** as to Count V and **DENIED** as to Counts VI, VII, VIII, XIV, and XV.

**IT IS SO ORDERED.**

DATED: November 24, 2026

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**